UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, 1500 S.W. First Ave., Suite 765, Portland OR 97201 | |
| Plaintiff, | Civil Case No. |
| vs. | |
| H. DALE HALL, Director, United States Fish and Wildlife Service, 1849 C Street, N.W. Washington, D.C. 20240 | |
| DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, 1849 C Street, N.W. Washington, D.C. 20240, and | |
| DIRK KEMPTHORNE, Secretary of Interior 1849 C Street, N.W. Washington, D.C. 20240 | |
| Defendants. | |

## COMPLAINT

**(Declaratory and Injunctive Relief -Endangered Species Act, 16 U.S.C.§§1531 et seq., Regulatory Flexibility Act, 5 U.S.C. §§601 et seq., Unfunded Mandates Reform Act, 2 U.S.C. §§1501 et seq., National Environmental Policy Act, §§4321 et seq.)**

For its complaint herein, plaintiff alleges as follows:

## INTRODUCTION

1.     This is an action for declaratory and injunctive relief against H. Dale Hall,

Director, United States Fish and Wildlife Service (FWS) and those charged with supervising

defendant Hall to remedy defendant Hall's violations of the  Endangered Species Act (ESA), 16

Page 1 -  COMPLAINT

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

U.S.C.§§1531 et seq., the Regulatory Flexibility Act, 5 U.S.C. §§601 et seq., the Unfunded

Mandates Reform Act, 2 U.S.C. §§1501 et seq. and the National Environmental Policy Act

(NEPA), §§4321 et seq. concerning the marbled murrelet population in Washington, Oregon and

California ("Three-State Murrelet Population") that FWS listed as a threatened species on

October 1, 1992. 57 Fed. Reg. 45328.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action under16 U.S.C. §1540(c) and (g) and

28 U.S.C. § 1331 (federal question). Venue in this district is proper under16 U.S.C. §1540(g)

because the violations occurred in this district. Venue in this district is proper under 28 U.S.C.

§ 1391(e) because the defendants reside in this district and a substantial part of the events or

omissions giving rise to the claims occurred in this district.

## PARTIES

3.    Plaintiff American Forest Resource Council (AFRC), a nonprofit corporation

organized under the laws of the state of Oregon, is a forest products trade association located in

Portland, Oregon which represents approximately 90 forest product manufacturing companies

and landowners throughout Oregon, Washington, California, and nine other states in the

midwestern and western United States. AFRC's primary purpose is to advance its members'

vital interest in preserving an adequate and reliable supply of timber for their processing

facilities, both from federal lands managed by the U.S.D.A. Forest Service and Bureau of Land

Management (BLM) in Washington, Oregon, California and elsewhere, and from their own

privately-owned lands and other private lands. AFRC and its members actively participate in

federal agency decisions that involve the protection, management, allocation and use of both

Page 2 - COMPLAINT

PC DOCS 559845 1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

federal and non-federal forest resources in California, Oregon and Washington, including wildlife, recreation and commodity production. AFRC has served as the representative for the western forest products industry on many such decisions since 1986.

4.      Many of AFRC's members purchase or seek to purchase timber sales sold by the Forest Service and BLM in the coastal portions of Oregon, California and Washington that contain forests used or potentially used by marbled murrelets. Many of AFRC's members have been unable to purchase timber sales as a result of restrictions on land management by the Forest Service and BLM stemming from the listing of the Three-State Murrelet Population and the subsequent designation of critical habitat for the population. AFRC and its members utilize all the resources of lands managed by the Forest Service and BLM in Washington, Oregon, California and elsewhere, and have an interest in the environmentally-sound and sustainable management of those resources.

5.      Many AFRC members own private timberland in the coastal region used or potentially used by marbled murrelets. Much of this land includes parcels of private land that is intermingled with or adjacent to the federal lands used, potentially used, or designated as critical habitat for the marbled murrelet. Their management of these parcels of land has been and will be directly and adversely affected by the actions, failures and omissions challenged in this case. The risk of fire, disease or insect infestation starting on federal land and spreading to adjoining private land has increased, and will continue to increase, as a result of those actions, failures and omissions. These landowners may be forced to manage their lands in a different and less environmentally desirable manner in response to the actions, failures and omissions challenged in this case.

Page 3 - COMPLAINT

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

6.    AFRC also collects information about the environmental, economic and social impacts of these major federal land management decisions, and disseminates this information to its members and participants, to public officials, and to thousands of members of the public that are directly affected by these decisions.

7.    Defendant H. Dale Hall, the Director of the U.S. Fish and Wildlife Service, is the official who is responsible for administration of the ESA with respect to terrestrial species, including the marbled murrelet. Defendant Hall is personally responsible for the actions, failures and omissions that give rise to this Complaint. Defendant David M. Verhey currently serves as Acting Assistant Secretary for Fish and Wildlife and Parks, and has supervisory responsibility over defendant Hall. Defendant Dirk Kempthorne, Secretary of Interior, has supervisory responsibility over defendants Hall and Verhey, and has the statutory duty to implement the ESA.

## BACKGROUND ALLEGATIONS

8.    The marbled murrelet is a small, robin-sized sea bird that lives in both marine and inland forested environments along the North American Pacific coast, primarily in Alaska and Canada, but also in Washington, Oregon, and California. Marbled murrelets spend the majority of their life on the ocean, and travel inland to nest between April and September.

9.    Marbled murrelets have been and are abundant throughout their range along the Pacific coast, with a population mostly recently estimated at 944,000 birds, most of which are concentrated in Alaska.

10.    The ESA protects fish, wildlife, and plants through the process of "listing" a species of fish or wildlife or plants as threatened or endangered. 16 U.S.C. §1533(c)(1). The term "species" includes "any subspecies of fish or wildlife or plants, and any distinct population

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

PC DOCS 559845 1

segment of any species o[f] vertebrate fish or wildlife which interbreeds when mature." 16

U.S.C. §1532(15).

11.    On October 1, 1992 FWS published a Final Rule in the Federal Register stating it

"determines the Washington, Oregon and California population of the marbled murrelet ... to be a

threatened species pursuant to the [ESA]." 57 Fed. Reg. 45328. FWS explained:

> The Service has carefully assessed the best scientific and commercial data
> available and concluded that the marbled murrelet in California, Oregon , and
> Washington is threatened due to loss of mature and old-growth forests that
> provide nesting habitat. Secondary threats include gill-net fisheries in
> Washington, predation, and oil spills.

57 Fed. Reg. at 45336.

12.    In the listing decision, FWS expressed uncertainty whether the murrelet

population in the three-state area constituted a distinct population segment (DPS) eligible for

listing as a "species" under the ESA:

> At the time of proposing to list the marbled murrelet in Washington, Oregon, and
> California, the Service considered the murrelets in these States to constitute a
> distinct population segment comprising a significant portion of the east Pacific
> subspecies of the marbled murrelet. While the Service continues to believe that
> existing legal protection is not adequate to ensure survival of murrelets in the
> three-state region, some question remains whether the population listed in this
> rule qualifies for protection under the Act's definition of "species."

57 Fed. Reg. 45330.

13.    FWS promised to reexamine the DPS issue within 90 days of the listing decision:

> Compliance with a court order required a final decision on listing to be made
> at this time. Based on the information now available to the Service, the only
> supportable decision that can be reached within the limit imposed by the court
> is to list the population as proposed. Nevertheless, the Service intends to
> reexamine the basis of recognizing this population of murrelets as a "species"
> under the Act. Within 90 days, the Service will announce the results of this
> examination and at that time may propose a regulatory change that would alter
> the listing of the murrelet as a threatened species.

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

PC DOCS 559845.1

57 Fed. Reg. 45330. However, the FWS never performed the promised 90-day reexamination of

the DPS finding for the listed population.

14.    On February 7, 1996, FWS issued a Policy Regarding the Recognition of Distinct

Vertebrate Population Segments Under the Endangered Species Act (1996 DPS Policy). 61 Fed.

Reg. 4722. The 1996 DPS Policy requires FWS to consider both the "discreteness" and the

"significance" of a population segment to determine whether it is "distinct" for purposes of a

proposed listing. Discreteness is met by either of two alternative tests:

> Discreteness: A population segment of a vertebrate species may be considered discrete
> if it satisfies either one of the following conditions:
> 1. It is markedly separated from other populations of the same taxon as a consequence
> of physical, physiological, ecological, or behavioral factors. ...
> 2. It is delimited by international governmental boundaries within which differences
> in control of exploitation, management of habitat, conservation status, or regulatory
> mechanisms exist that are significant in light of section 4(a)(1)(D) of the Act.

61 Fed. Reg. at 4725. The 1996 DPS Policy promised that "the appropriate application of the

policy will ... be considered in the 5-year reviews of the status of listed species required by

section 4(c)(2) of the Act." 61 Fed. Reg. 4725.

15.    Section 4(c) of the ESA, 16 U.S.C. §1533(c), directs the Secretary of the Interior to

"publish in the Federal Register a list of all species determined by him or the Secretary of

Commerce to be endangered species and a list of all species determined by him or the Secretary

of Commerce to be threatened species," 16 U.S.C. §1533(c)(1), and then directs:

> (2) The Secretary shall --
> (A) conduct, at least once every five years, a review of all species included in a list
> published pursuant to paragraph (1) and which is in effect at the time of such review;
> and
> (B) determine on the basis of such review whether any such species should –
> (i) be removed from such list;

Page 6 - COMPLAINT

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland. Oregon 97204-3219
Telephone 503-228-2525

> (ii) be changed in status from an endangered species to a
> threatened species; or
> (iii) be changed in status from a threatened species to an
> endangered species.

Each determination under subparagraph (B) shall be made in accordance with the provisions of subsections (a) and (b) of this section.

This provision imposes two separate duties on the Secretary: a) the duty in 16 U.S.C. §1533(c) (2)(A) to conduct a review of a listed species; and b) the duty in 16 U.S.C. §1533(c)(2)(B) to "determine on the basis of such review" whether the species' legal status should be changed.

16.    The determination required by 16 U.S.C. §1533(c)(2)(B) "shall" be made in accordance with the provisions of subsections 4(a) and 4(b) of the ESA. Section 4(a) of the ESA, 16 U.S.C. §1533(a), states: "The Secretary shall by regulation promulgated in accordance with subsection (b) determine whether any species is an endangered species or a threatened species." Section 4(b)(4), 16 U.S.C. §1533(b)(4)(b), states: "Except as provided in paragraphs (5) and (6) of this subsection, the provisions of section 553 of title 5, United States Code (relating to rulemaking procedures), shall apply to any regulation promulgated to carry out the purposes of this Act."

17.    FWS regulations at 50 C.F.R. §424.21 further state: "At least once every 5 years, the Secretary shall conduct a review of each listed species to determine whether it should be delisted or reclassified. Each such determination shall be made in accordance with Secs. 424.11, 424.16, and 424.17 of this part, as appropriate." Sections 424.16 and 424.17 prescribe timelines and other rulemaking requirements for determinations resulting from a 5 year review.

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

PC DOCS 559845.1

18.     From the date of listing to 2002 FWS never conducted a 5-year status review of the

Three-State Murrelet Population required by §1533(c)(2), nor otherwise reviewed the Three-

State Murrelet Population to determine if it is a listable DPS under the 1996 DPS Policy.  On

March 26, 2002 AFRC along with three of its members (Starfire Lumber Company; Herbert

Lumber Company, and C & D Lumber Co.) filed suit in the U. S. District Court for the District

of Oregon seeking, inter alia, to compel FWS to conduct a 5-year status review of the Three-State

Murrelet Population. *American Forest Resource Council v. Department of Interior*, Civil No.02-

6087-AA (D. Or.).

19.     On January 13, 2003 the AFRC and the Department of Interior entered into a

Settlement Agreement of *American Forest Resource Council v. Department of Interior*, Civil

No.02-6087-AA (D. Or.) in which, inter alia, the FWS agreed to conduct a 5-year Status Review

of the Three-State Murrelet Population under 16 U.S.C. §1533(c)(2), and in paragraph 1.b of the

Agreement FWS further agreed to perform both of the duties described in 16 U.S.C. §1533(c)(2):

> By December 31, 2003, the Service will complete the Status Review and will, based
> upon the best available scientific and commercial data, determine whether a change in
> listing status is warranted as provided by ESA Section 4(c)(2).

The Settlement Agreement was approved by the United States District Court for the District of

Oregon on April 24, 2003.

20.     The parties to the Settlement Agreement twice agreed to extend the deadline to

April 30, 2004, and then to August 31, 2004.  On that date FWS announced that it had completed

the 5-year Status Review, and issued a press release to that effect on September 1, 2004.

21.     The Status Review concludes that the Three-State Murrelet Population is not a

listable distinct population segment:

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

7. B. Does the original listing meet the DPS policy with regards to the Discreteness and Significance elements of the 1996 policy?

**No**, see Section 13.B.

...

13.B  Given the updated information, is the listed entity consistent with the DPS policy with regards to the Discreteness and Significance elements?

*1) Is the currently listed murrelet population discrete according to the 1996 DPS Policy?*

Discreteness: A population segment of a vertebrate species may be considered discrete if it satisfies either one of the following conditions:

1. It is markedly separated from other populations of the same taxon as a consequence of physical, physiological, ecological, or behavioral factors. Quantitative measures of genetic or morphological discontinuity may provide evidence of this separation.

2. It is delimited by international governmental boundaries within which differences in control of exploitation, management of habitat, conservation status, or regulatory mechanisms exist that are significant in light of section 4(a)(1)(D) of the Act.

<u>The currently listed murrelet population is not discrete according to the 1996 DPS Policy</u>.
(a) *Biological Issues*: There is no marked separation of physical, physiological, ecological or behavioral differences at the border (Note: This is a wide ranging species and there are some north to south physical and ecological differences across its range. For example, there are some north to south differences in topography, terrestrial forest habitat, and marine conditions. There is no significant evidence of genetic or morphological discontinuity between populations at the U.S.-Canadian border.)

(b) *International Border Issues*: There are no differences in control of exploitation, management of habitat, conservation status, or regulatory mechanisms across the international border that are significant in light of section 4(a)(1)(D) of the Act.

Status Review at 6, 14-15 (underlining added; bold in original).

22.    The final page of the Status Review is reproduced below:

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

*Marbled Murrelet 5-Year Review*

## U.S. FISH AND WILDLIFE SERVICE
## SIGNATURE PAGE for 5-YEAR REVIEW

Marbled Murrelet/*Brachyramphus marmoratus*

CURRENT CLASSIFICATION ___Threatened___

5-Year Review Result        ___X___ No Change in Status*
                            _____ Delist
                            _____ Endangered to Threatened
                            _____ Threatened to Endangered

APPROPRIATE LISTING/RECLASSIFICATION PRIORITY NUMBER_____N/A_____

REVIEW CONDUCTED BY __Paul Phifer and Brian Cox_____

*Regional Director, Fish and Wildlife Service*
Concur_____ Date _____

Not concur_____Date_____

* The Washington, Oregon, and California population does not satisfy the criteria for
designation as a Distinct Population Segment (DPS) under the Service's 1996 DPS Policy.
There will be no change in the species status pending the completion of a range-wide status
review.

23.    FWS never conducted a "range-wide status review" of the marbled murrelet as the

5-year Status Review indicated. FWS did nothing at all for 18 months; then in March 2006 FWS

requested the United States Geological Survey (USGS) "to review the status of the Marbled

Murrelet in Alaska and British Columbia." In 2007 USGS issued its report entitled "Status

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

PC DOCS 559845 1

Review of the Marbled Murrelet (*Brachyramphus marmoratus*) in Alaska and British Columbia"

(USGS Report). The USGS report determined that the world-wide population of marbled

murrelets "appears to comprise three genetic units: (1) western and central Aleutian Islands; (2)

eastern Aleutian Islands to northern California; and (3) central California." USGS Report at 43.

"Marbled murrelets between northern California and the eastern Aleutians, including those in

Oregon, Washington and British Columbia, do not appear to be genetically differentiated."

USGS Report at 138. "The nesting distribution of the marbled murrelet is considered to be

relatively continuous from the western Aleutian Islands to northern California ...." *Id.* However,

there is a 450 kilometer gap between the murrelets in northern California and those in central

California that are genetically distinct. *Id.* In short, the USGS Report provides further scientific

evidence that the Three-State Murrelet Population – which encompasses a portion of the eastern

Aleutian Islands-to-northern California population and all of the genetically differentiated central

California population – is not a distinct population segment of the marbled murrelet species.

24.    Since August 31, 2004 FWS has taken no action to propose removing the Three-

State Murrelet Population from the list of endangered and threatened species.

25.    The actions, failures and omissions described above are causing current and

threatened injury to AFRC and its members, who have no remedy at law for these injuries.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Violation of 16 U.S.C. §1533(c)(2)(B) -**
**Failure to Determine Whether to Delist Three-State Murrelet Population)**

26.    Plaintiff repeats and realleges the allegations in paragraphs 1-25 as if fully set

forth herein.

Page 11 - COMPLAINT

PC DOCS 559845 1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

27.    The August 31, 2004 Status Review does not contain a "determination" under

§1533(c)(2)(B) whether the Three-State Murrelet Population should be delisted or changed in

status. The word "determination" never appears in the document (except in a reference to the

original 1992 determination of threatened status for the population). Determinations of listing

status are reserved to the Director of the FWS. The Status Review contains no determination by

the Director of the FWS. The Status Review states the "Review [was] Conducted by" two staff

biologists. The Regional Director, David Allen states that he "concur[s]." Neither regional

directors nor staff biologists have delegated authority to make listing determinations.

Endangered Species Listing Handbook (Fourth Edition March 1994) pages 136-141.

28.    Since completing the 5-year Status Review of the Three-State Murrelet Population

under 16 U.S.C. §1533(c)(2)(A) on August 31, 2004, defendant Hall has violated 16 U.S.C.

§1533(c)(2)(B), by failing to "determine on the basis of such review whether any such species

should ... be removed from such list."

29.    The failure of defendant Hall to make the determination required by 16 U.S.C.

§1533(c)(2)(B) constitutes the failure of defendant Hall to perform an act or duty under 16

U.S.C. §1533 which is not discretionary, entitling plaintiff to relief under 16 U.S.C. §1540(g).

## SECOND CLAIM FOR RELIEF
### (Violation of 50 C.F.R. §424.21 --
### Failure to delist under § 424.11)

30.    Plaintiff repeats and realleges the allegations in paragraphs 1-25 as if fully set

forth herein.

31.    The FWS regulation at 50 C.F.R. §424.21 requires FWS to conduct 5-year status

reviews in accordance with "§424.11 ... as appropriate." The regulation at 50 C.F.R. §424.11

Page 12 - COMPLAINT

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

imposes a non-discretionary duty that "[t]he Secretary <u>shall delist</u> a species if ... [a] status review

determines that a species no longer meets the criteria in section 4(a)(1)." (Emphasis added.)

Section 4(a)(1) provides that the Secretary may only list a "species."

32.    The August 31, 2004 Status Review determined that the Three-State Murrelet

Population is not a "species" because "[t]he Washington, Oregon and California population does

not satisfy the criteria for designation as a distinct population segment (DPS) under the Service's

1996 DPS policy." Status Review at 28. This finding means the Three-State Murrelet

Population "no longer meets the criteria in section 4(a)(1)."

33.    The FWS regulation at 50 C.F.R. §424.11 imposes a non-discretionary duty on
FWS that it "shall delist" the Three-State Murrelet Population because it "no longer meets the
criteria in section 4(a)(1)." The failure of defendant Hall to delist the Three-State Murrelet
Population since August 31, 2004 constitutes the failure of defendant Hall to perform an act or
duty under 16 U.S.C. §1533 which is not discretionary, entitling plaintiff to relief under 16
U.S.C. §1540(g).

### THIRD CLAIM FOR RELIEF
#### (Arbitrary and capricious conduct;
#### Agency action unlawfully withheld or unreasonably delayed –
#### Failure to initiate rulemaking)

34.    Plaintiff repeats and realleges the allegations in paragraphs 1-25 as if fully set

forth herein.

35.    The failure of defendant Hall since August 31, 2004 to initiate rulemaking to

delist the Three-State Murrelet Population since FWS determined the Three-State Murrelet

Population cannot legally be protected under the ESA constitutes "agency action unlawfully

withheld or unreasonably delayed," entitling plaintiff to relief under 5 U.S.C. §706 (1).

Page 13 - COMPLAINT

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

## FOURTH CLAIM FOR RELIEF
### (Violation of 16 U.S.C. §1533(c)(2) –
### Failure to follow rulemaking procedures required by 16 U.S.C. §1533(a) and (b) )

36.     Plaintiff repeats and realleges the allegations in paragraphs 1-25 as if fully set forth herein.

37.     In April 2006, FWS asserted in a pleading filed in *Coos County Board of County Commissioners v. Norton*, No. 06-6010-HO (D. Or.) at 5 (April 28, 2006) that the August 31, 2004 Status Review constitutes the determination required by 16 U.S.C. §1533(c)(2)(B).

38.     If the August 31, 2004 Status Review constitutes a determination under 16 U.S.C. §1533(c)(2)(B) and 50 C.F.R. §§424.21 and 424.11 not to remove the Three-State Murrelet Population from the list of endangered and threatened species, FWS has violated 16 U.S.C. §1533(c)(2) by failing to make the determination in accordance with the provisions in16 U.S.C. §1533(a) and (b).  FWS did not make the determination "by regulation" as required by 16 U.S.C. §1533(a).  FWS did not follow "the provisions of section 553 of title 5, United States Code (relating to rulemaking procedures)" in making the determination, as required by  16 U.S.C. §1533(b).  FWS did not publish a proposed determination in the Federal Register, did not solicit and consider public comment on a proposed determination, and did not publish a final determination in the Federal Register.

39.     The failure to make the determination required by 16 U.S.C. §1533(c)(2)(B) in accordance with the provisions in16 U.S.C. §1533(a) and (b) constitutes the failure of the Secretary (through his delegee defendant Hall) to perform an act or duty under 16 U.S.C. §1533 which is not discretionary with the Secretary, entitling plaintiff to relief under 16 U.S.C. §1540(g), and is arbitrary and capricious, an abuse of discretion, not in accordance with law,

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

PC DOCS 559845 1

without observance of procedure required by law, in excess of statutory authority and short of statutory right under 5 U.S.C. § 706(2).

## FIFTH CLAIM FOR RELIEF
### (Violation of 50 C.F.R. §424.21 –
### Failure to follow rulemaking procedures required by §§ 424.16, 424.17 and 424.18)

40.     Plaintiff repeats and realleges the allegations in paragraphs 1-25 and 37 as if fully set forth herein.

41.     If the August 31, 2004 Status Review constitutes a determination required under 16 U.S.C. §1533(c)(2)(B) and §§424.21 and 424.11 not to remove the Three-State Murrelet Population from the list of endangered and threatened species, FWS has violated 50 C.F.R. §424.21 by failing to make the determination in accordance with the provisions of 50 C.F.R. §§424.16, 424.17 and 424.18.  FWS did not publish a proposed determination in the Federal Register or give notice of the proposed rule to states, federal agencies and others as required by §424.16(c)(1), did not solicit public comment on a proposed determination under §424.16(c)(2), did not comply with §424.17,  and did not publish a final determination in the Federal Register summarizing comments and recommendations from the public and the data on which the determination is based as required by §424.18(a)(1) .

42.     The failure to make the determination required by 16 U.S.C. §1533(c)(2)(B) and §§424.21 and 424.11 in accordance with the provisions of 50 C.F.R. §§424.16, 424.17 and 424.18 constitutes the failure of the Secretary  (through his delegee defendant Hall) to perform an act or duty under 16 U.S.C. §1533 which is not discretionary with the Secretary, entitling plaintiff to relief under 16 U.S.C. §1540(g), and is arbitrary and capricious, an abuse of

Page 15 -  COMPLAINT

PC DOCS 559845 1

discretion, not in accordance with law, without observance of procedure required by law, in

excess of statutory authority and short of statutory right under 5 U.S.C. § 706(2).

## SIXTH CLAIM FOR RELIEF
### (Arbitrary and capricious conduct –
### Decision not to delist Three-State Murrelet Population)

43.    Plaintiff repeats and realleges the allegations in paragraphs 1-25 and 37 as if fully

set forth herein.

44.    If the August 31, 2004 Status Review constitutes a determination under 16 U.S.C.

§1533(c)(2)(B)and §§424.21 and 424.11 not to remove the Three-State Murrelet Population from

the list of endangered and threatened species, the determination was arbitrary and capricious, an

abuse of discretion, not in accordance with law, without observance of procedure required by

law, in excess of statutory authority and short of statutory right under 5 U.S.C. § 706(2). The

Status Review does not, and cannot, articulate any rational connection between the facts found –

that the Three-State Murrelet Population is not a species under the ESA – and the decision FWS

now claims the Status Review made – to continue to protect the Three-State Murrelet Population

as a species under the ESA. Nor is the range-wide status of the murrelet species a relevant factor

to the legal status of the Three-State Murrelet Population. Even if the species were protected

range-wide as threatened or endangered, the protective measures in the ESA could not apply

separately to seek recovery of the Three-State Murrelet Population, and would likely be applied

significantly differently for the species as a whole than for the Three-State Murrelet Population.

The USGS Report shows that the Three-State Murrelet Population actually contains birds from

two genetically-distinct populations, and there is no biological basis for protecting or recovering

the Three-State Murrelet Population as an independent entity. The FWS decision to persist in

Page 16 - COMPLAINT

PC DOCS 559845 1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

conduct the agency has already determined is contrary to law is cannot be permitted to stand. Plaintiff is entitled to relief under 5 U.S.C. §706(2).

## SEVENTH CLAIM FOR RELIEF
### (Violation of Regulatory Flexibility Act, 5 U.S.C. §§601 et seq. and Unfunded Mandates Reform Act, 2 U.S.C. §§1501 et seq.)

45.    Plaintiff repeats and realleges the allegations in paragraphs 1-25 and 37 as if fully set forth herein.

46.    Under the Regulatory Flexibility Act, 5 U.S.C. 601 et seq., as amended by the Small Business Regulatory Enforcement Fairness Act (SBREFA) of 1996, when an agency is required to publish a notice of rulemaking for any proposed or final rule, it must prepare and make available for public comment a regulatory flexibility analysis that describes the effect of the rule on small entities (i.e., small businesses, small organizations, and small government jurisdictions), unless the agency certifies that the rule will not have a significant economic impact on a substantial number of small entities.

47.    Under the Unfunded Mandates Reform Act, (2 U.S.C. 1501 et seq., an agency must determine if a rulemaking will "significantly or uniquely" affect small governments or produce a Federal mandate on State, local, or tribal governments or the private sector of $100 million or greater in any year.

48.    If the August 31, 2004 Status Review constitutes a determination required under 16 U.S.C. §1533(c)(2)(B) and §§424.21 and 424.11 not to remove the Three-State Murrelet Population from the list of endangered and threatened species, defendant Hall has violated the Regulatory Flexibility Act, 5 U.S.C. §§601 et seq. and Unfunded Mandates Reform Act, 2 U.S.C. §§1501 et seq. by failing to make the regulatory findings required by these statutes.

Page 17 - COMPLAINT

PC DOCS 559845 1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland. Oregon 97204-3219
Telephone 503-228-2525

49.     The failure to make the determination required by 16 U.S.C. §1533(c)(2)(B) and

§§424.21 and 424.11 in accordance with the Regulatory Flexibility Act, 5 U.S.C. §§601 et seq.

and Unfunded Mandates Reform Act, 2 U.S.C. §§1501 et seq. is arbitrary and capricious, an

abuse of discretion, not in accordance with law, without observance of procedure required by

law, in excess of statutory authority and short of statutory right under 5 U.S.C. § 706(2).

**EIGHTH CLAIM FOR RELIEF**
**(Violation of NEPA --**
**Failure to prepare EA or EIS)**

50.     Plaintiff repeats and realleges the allegations in paragraphs 1-25 and 37 as if fully

set forth herein.

51.     The Council on Environmental Quality (CEQ) regulations implementing NEPA,

which are binding on defendant Hall, require that unless a federal agency has already determined

that it is required to prepare an environmental impact statement (EIS) under NEPA, 42 U.S.C. §

4332(2)(C), the agency must prepare an environmental assessment (EA) to determine if a

proposed action is likely to significantly impact the environment and therefore requires

preparation of an EIS. 40 C.F.R. §§ 1501.4(b), 1508.9.

52.     If the August 31, 2004 Status Review constitutes a determination required under

16 U.S.C. §1533(c)(2)(B) and §§424.21 and 424.11 not to remove the Three-State Murrelet

Population from the list of endangered and threatened species, defendant Hall violated NEPA by

failing to  prepare either an EA or an EIS for the determination.

53.     Defendant Hall's failure to prepare an EA or EIS is arbitrary and capricious, an

abuse of discretion, not in accordance with law, without observance of procedure required by

law, in excess of statutory authority and short of statutory right under 5 U.S.C. § 706(2).

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

1.    A declaration that:

a.    Defendant Hall has failed to make the determination required by 16 U.S.C. §1533(c)(2)(B) whether to remove the Three-State Murrelet Population from the list of endangered and threatened species, and the failure of defendant Hall to make this determination constitutes the failure of defendant Hall to perform an act or duty under 16 U.S.C. §1533 which is not discretionary.

b.    The FWS regulation at 50 C.F.R. §424.11 imposes a non-discretionary duty on FWS that it "shall delist" the Three-State Murrelet Population because FWS has found the Three-State Murrelet Population "no longer meets the criteria in section 4(a)(1)."   The failure of defendant Hall to delist the Three-State Murrelet Population since August 31, 2004 constitutes the failure of defendant Hall to perform an act or duty under 16 U.S.C. §1533 which is not discretionary

c.    The failure of defendant Hall since August 31, 2004 to initiate rulemaking to delist the Three-State Murrelet Population since FWS determined the Three-State Murrelet Population cannot legally be protected under the ESA constitutes "agency action unlawfully withheld or unreasonably delayed" under 5 U.S.C. §706(1).

d.    To the extent the August 31, 2004 Status Review constitutes a determination under 16 U.S.C. §1533(c)(2)(B) and 50 C.F.R. §§424.21 and 424.11 not to remove the Three-State Murrelet Population from the list of endangered and threatened species, defendant Hall has violated 16 U.S.C. §1533(c)(2) by failing to make the determination in accordance with the

Page 19 - COMPLAINT

PC DOCS 559845 1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

provisions in16 U.S.C. §1533(a) and (b). The failure to make the determination required by 16

U.S.C. §1533(c)(2)(B) in accordance with the provisions in16 U.S.C. §1533(a) and (b)

constitutes the failure of the Secretary to perform an act or duty under 16 U.S.C. §1533 which is

not discretionary with the Secretary, and is arbitrary and capricious, an abuse of discretion, not in

accordance with law, without observance of procedure required by law, in excess of statutory

authority and short of statutory right under 5 U.S.C. § 706(2).

      e.     To the extent the August 31, 2004 Status Review constitutes a determination

under 16 U.S.C. §1533(c)(2)(B) and §§424.21 and 424.11 not to remove the Three-State

Murrelet Population from the list of endangered and threatened species, defendant Hall has

violated 50 C.F.R. §424.21 by failing to make the determination in accordance with the

provisions of 50 C.F.R. §§424.16, 424.17 and 424.18. The failure to make the determination

required by 16 U.S.C. §1533(c)(2)(B) and §§424.21 and 424.11 in accordance with the

provisions of 50 C.F.R. §§424.16, 424.17 and 424.18 constitutes the failure of the Secretary to

perform an act or duty under 16 U.S.C. §1533 which is not discretionary with the Secretary and

is arbitrary and capricious, an abuse of discretion, not in accordance with law, without

observance of procedure required by law, in excess of statutory authority and short of statutory

right under 5 U.S.C. § 706(2).

      f.     To the extent the August 31, 2004 Status Review constitutes a determination

under 16 U.S.C. §1533(c)(2)(B) and §§424.21 and 424.11 not to remove the Three-State

Murrelet Population from the list of endangered and threatened species, the determination was

arbitrary and capricious, an abuse of discretion, not in accordance with law, without observance

of procedure required by law, in excess of statutory authority and short of statutory right under 5

Page 20 - COMPLAINT

PC DOCS 559845 1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

U.S.C. § 706(2) because there is no rational connection between the facts found in the Status Review and the decision FWS now claims was made in the Status Review.

     g.    To the extent the August 31, 2004 Status Review constitutes a determination under 16 U.S.C. §1533(c)(2)(B) and §§424.21 and 424.11 not to remove the Three-State Murrelet Population from the list of endangered and threatened species, defendant Hall has violated the Regulatory Flexibility Act, 5 U.S.C. §§601 et seq. and Unfunded Mandates Reform Act, 2 U.S.C. §§1501 et seq. by failing to make the regulatory findings required by these statutes. The failure to make the determination required by 16 U.S.C. §1533(c)(2)(B) and §§424.21 and 424.11 in accordance with the Regulatory Flexibility Act, 5 U.S.C. §§601 et seq. and Unfunded Mandates Reform Act, 2 U.S.C. §§1501 et seq. is arbitrary and capricious, an abuse of discretion, not in accordance with law, without observance of procedure required by law, in excess of statutory authority and short of statutory right under 5 U.S.C. § 706(2).

     h.    To the extent the August 31, 2004 Status Review constitutes a determination under 16 U.S.C. §1533(c)(2)(B) and §§424.21 and 424.11 not to remove the Three-State Murrelet Population from the list of endangered and threatened species, defendant Hall violated NEPA by failing to  prepare either an EA or an EIS for the determination.  Defendant Hall's failure to prepare an EA or EIS is arbitrary and capricious, an abuse of discretion, not in accordance with law, without observance of procedure required by law, in excess of statutory authority and short of statutory right under 5 U.S.C. § 706(2).

     2.    An order under 5 U.S.C. § 706(2) setting aside the August 31, 2004 Status Review to the extent it constitutes a determination under 16 U.S.C. §1533(c)(2)(B) and §§424.21

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

and 424.11 not to remove the Three-State Murrelet Population from the list of endangered and threatened species.

       3.      An equitable order directing defendant Hall, under the supervision of defendants Verhey and Kempthorne, to:

       a.      Within 15 days of the date of the order from the court, submit to the Federal Register for publication a notice of proposed rulemaking to remove the Three-State Murrelet Population from the list of endangered and threatened species; and

       b.      Within one year of the date the notice of proposed rulemaking is published in the Federal Register, submit to the Federal Register for publication a final rule determining whether to remove the Three-State Murrelet Population from the list of endangered and threatened species;

       4.      Awarding plaintiff its costs and attorney fees under the ESA, 16 U.S.C. § 1540(g)(4), and the Equal Access to Justice Act, 28 U.S.C. § 2412; and

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

PC DOCS 559845 1

5.    Granting such other relief as the court deems just and equitable.

Dated this 7th day of March, 2007.

By: _____
     James T. McDermott, D.C. Bar No. 404886
     jmcdermott@balljanik.com
     BALL JANIK LLP
     101 SW Main Street, Suite 1100
     Portland OR 97204
     Telephone:  (503) 228-2525
     Facsimile:  (503) 226-3910

     Mark C. Rutzick
     Mark C. Rutzick, P.C.
     markrutzick@comcast.net
     3407 SW Stonebrook Drive, Suite B
     Portland, OR  97239-1269
     Telephone/Facsimile: (503) 244-3030

     Attorneys for Plaintiff American Forest Resource
     Council

Page 23 - COMPLAINT

PC DOCS 559845 1

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| American Forest Resource Council | H. Dale Hall, David M. Verhey, and Dirk Kempthorne |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF      88888<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES. USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME. ADDRESS. AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| James T. McDermott<br>Ball Janik LLP<br>101 SW Main Street, Suite 1100<br>Portland, OR 97204<br>(503) 228-2525 | Alberto Gonzales<br>Attorney General<br>U.S Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C 20530-0001<br>(202) 353-1555 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 2 U.S. Government Defendant

○ 3 Federal Question (U S Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**⊙ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☒ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)**        **OR**        **○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
16 U.S.C. 1531, et seq., 5 U.S.C. §§601, et seq., 2 U.S.C. §§1501 et seq., Nat'l Env'l Policy Act, §§4321, et seq. - to delist the marbled murrelet.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  **DEMAND $** _____  Check YES only if demanded in complaint
**JURY DEMAND:**  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  3/7/07  SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.       COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

    VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.