PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, ) | Case No.  1:07-cv-00484-JDB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| H. DALE HALL, Director, United States Fish and ) | |
| Wildlife Service, DAVID M. VERHEY, Acting Assistant ) | |
| Secretary for Fish and Wildlife and Parks, and DIRK ) | |
| KEMPTHORNE, Secretary of Interior, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR ) | |
| BIOLOGICAL DIVERSITY, CONSERVATION ) | |
| NORTHWEST, ENVIRONMENTAL PROTECTION ) | |
| INFORMATION CENTER, GIFFORD PINCHOT TASK ) | |
| FORCE, OREGON WILD, SEATTLE AUDUBON ) | |
| SOCIETY, SIERRA CLUB, and THE WILDERNESS ) | |
| SOCIETY, ) | |
| ) | |
| Proposed Defendant-Intervenors. ) | |

## DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF

DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION
TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................1

APPLICANTS ..............................................................................................................2

ARGUMENT................................................................................................................7

    I.      APPLICANTS ARE ENTITLED TO INTERVENE AS OF RIGHT....................7

           A.     Applicants' Motion for Intervention Is Timely. ...........................................7

           B.     Applicants Have an Interest in the Subject Matter of This Action. .............8

           C.     Applicants' Interests in the Marbled Murrelet May Be Impaired by This Litigation.............................................................................................10

           D.     Neither of the Existing Parties Will Adequately Represent Applicants' Interests. ..............................................................................11

    II.     APPLICANTS SATISFY THE STANDARD FOR PERMISSIVE INTERVENTION. ..............................................................................................13

CONCLUSION...........................................................................................................14

DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION
TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF   - i -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

TABLE OF AUTHORITIES

CASES

American Forest Resource Council v. Secretary of the Interior,
        Civ. No. 02-6087-AA (D. Or. Oct. 9, 2002)...............................................................2, 3, 12

Acree v. Republic of Iraq,
        370 F.3d 41 (D.C. Cir. 2004) ...........................................................................................1

Dimond v. District of Columbia,
        792 F.2d 179 (D.C. Cir. 1986) .......................................................................................11

Forest Conservation Council v. United States Forest Service,
        66 F.3d 1489 (9th Cir 1995) ..........................................................................................10

Friends of Animals v. Kempthorne,
        452 F. Supp.2d 64 (D.D.C. 2006) .................................................................................8, 11

Fund for Animals v. Norton,
        322 F.3d 728 (D.C. Cir. 2003) ....................................................................................10, 11

Idaho Farm Bureau Federation v. Babbitt,
        58 F.3d 1392 (9th Cir. 1995) .........................................................................................11

Kootenai Tribe v. Veneman,
        313 F.3d 1094 (9th Cir. 2002) ......................................................................................1, 13

Marbled Murrelet v. Lujan,
        No. C91-522BR (W.D. Wash.) ........................................................................................9

Natural Resources Defense Council v. Costle,
        561 F.2d 904 (D.C. Cir. 1977) ........................................................................................11

Natural Resources Defense Council v. EPA,
        99 F.R.D. 607 (D.D.C. 1983)...........................................................................................11

Natural Resources Defense Council v. Nuclear Regulatory Commission,
        578 F.2d 1341 (10th Cir. 1978) ......................................................................................10

Nuesse v. Camp,
        385 F.2d 694 (D.C. Cir. 1967) ..........................................................................................8

Securities Exchange Commission v. Prudential Securities Inc.,
        136 F.3d 153 (D.C. Cir. 1998) ...........................................................................................7

DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION
TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF   - ii -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

<u>Sagebrush Rebellion, Inc. v. Watt</u>,
    713 F.2d 527 (9th Cir. 1983) ...................................................................................8, 11

<u>Smith v. Pangilinan</u>,
    651 F.2d 1320 (9th Cir. 1981) ...........................................................................8

<u>Smuck v. Hobson</u>,
    408 F.2d 175 (D.C. Cir. 1989) ...........................................................................11

<u>Trbovich v. United Mine Workers</u>,
    404 U.S. 528 (1972)...............................................................................................11

<u>United States v. American Telegraph & Telegraph Co.</u>,
    642 F.2d 1285 (D.C. Cir. 1980) ...........................................................................8

<u>United States v. British American Tobacco Australia Service</u>,
    437 F.3d 1235 (D.C. Cir. 2006) ...........................................................................8

## STATUTES

16 U.S.C. §§ 1531-1544 ...............................................................................................1

## REGULATIONS

50 C.F.R. § 424.11(d) ...............................................................................................13

## MISCELLANEOUS

Fed. R. Civ. P. 24 ...............................................................................................7

Fed. R. Civ. P. 24(a) ...............................................................................................1, 2

Fed. R. Civ. P. 24(b) ...............................................................................................1

66 Fed. Reg. 3,244 (Jan. 12, 2001) ...............................................................................12

71 Fed. Reg. 53,838 (Sept. 12, 2006) ...............................................................................12

DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION
TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF   - iii -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24(a), defendant-intervenor-applicants Audubon Society of Portland, Center for Biological Diversity, Conservation NW, Environmental Protection Information Center, Gifford Pinchot Task Force, Oregon Wild, Seattle Audubon Society, Sierra Club, and The Wilderness Society respectfully move this Court for leave to intervene as of right in the above-titled action.  In the alternative, applicants move for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).

Counsel for applicants has conferred with counsel for plaintiff American Forest Resource Council ("AFRC") and counsel for the federal defendants.  Counsel for AFRC indicated that it does not oppose this motion; counsel for the federal defendants indicated that they take no position on this motion.  Consequently, this motion is unopposed.

Applicants respectfully refer this Court to the memorandum in support of this motion and the accompanying declarations of William Arthur, Robert Freimark, Robert Scott Greacen, David Noah Greenwald, Doug Heiken, Alex Morgan, Emily Platt, Robert Sallinger, and David Werntz (Exhibits D-L).  Applicants further request that the Court file applicants' answer (Exhibit B) and motion to dismiss (Exhibit C), which are both lodged with this motion.

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

INTRODUCTION

In this case, AFRC seeks to compel the United States Fish and Wildlife Service ("FWS") to initiate rulemaking to delist the Washington, Oregon, and California population of marbled murrelets, currently listed as "threatened" under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544.  The marbled murrelet is a species that applicants have tirelessly worked to protect for the last 19 years.  Several of the applicants filed the original petition to list the murrelet as a threatened species in 1988.  Applicants subsequently brought litigation to compel

DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION
TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF   - 1 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

FWS to list the marbled murrelet and designate its critical habitat. Applicants also intervened in a 2002 case filed by AFRC seeking to invalidate the marbled murrelet listing and critical habitat designation. All of the applicants have played a role in protecting this shy, robin-sized seabird and the old-growth forests in which it nests. Accordingly, applicants have a strong interest in the outcome of this case. Because each applicant meets the four requirements for intervention as of right under Fed. R. Civ. P. 24(a) or, alternatively, the broad standard for permissive intervention under Rule 24(b), applicants respectfully request the Court for leave to intervene as defendants in this case.

## APPLICANTS

Audubon Society of Portland was founded in 1902 and is organized under the laws of Oregon as a non-profit organization. Declaration of Robert Sallinger at ¶ 2 (Exhibit D). It has approximately 9,600 members, a paid staff of 25, and about 1,000 active volunteers. Id. Audubon Society of Portland's mission is to promote the enjoyment, understanding, and protection of native birds, other animals, and their habitats, with particular focus on the Portland community and the Pacific Northwest. Id. at ¶ 3. Audubon Society of Portland participated in the original petition to have the marbled murrelet listed under the ESA in 1988. Id. at ¶ 4. It was also a plaintiff in the lawsuit that later forced FWS to list the murrelet and designate its critical habitat and a defendant-intervenor in AFRC's 2002 challenge to the marbled murrelet listing and critical habitat designation. Id. at ¶ 5; AFRC v. Secretary of the Interior, Civ. No. 02-6087-AA (D. Or. Oct. 9, 2002) (Exhibit A).

Center for Biological Diversity ("CBD") is a non-profit environmental organization founded in 1989 with offices on Oregon, New Mexico, Arizona, and California. Declaration of David Noah Greenwald at ¶ 2 (Exhibit E). CBD and its over 34,000 members are dedicated to the preservation, protection, and restoration of biodiversity, native species, ecosystems, and

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

public lands in western North America.  Id.  Many of CBD's members live, work, or recreate in

areas occupied by the marbled murrelet.  Id.  CBD is actively involved in actions to protect the

marbled murrelet and its habitat, including its recent submission of comments to FWS on

proposed revisions to the critical habitat designations for the marbled murrelet.  Id. at ¶ 6.

Conservation NW, formerly known as Northwest Ecosystem Alliance, is a non-profit

conservation organization incorporated under the laws of Washington, with its principal place of

business in Bellingham, Washington.  Declaration of David Werntz at ¶ 3 (Exhibit F).

Conservation NW and its 4,400 members are dedicated to the protection and restoration of

wildlands and endangered and threatened species in Washington and southern British Columbia.

Id.  Conservation NW carries out research and advocacy and works with scientists,

environmental activists, policymakers, and the general public to protect biological diversity and

ecological integrity on public lands.  Id. at ¶ 5.  Conservation NW has encouraged the Forest

Service to modify or cancel timber sales that would harm mature and old-growth forests and

critical habitat for the marbled murrelet.  Id. at ¶ 6.  When AFRC challenged the murrelet listing

and critical habitat designation in 2002, Conservation NW intervened to protect the murrelet.  Id.

at ¶ 7; AFRC, Civ. No. 02-6087-AA.

Environmental Protection Information Center ("EPIC") is a community-based non-profit

organization dedicated to protecting and restoring forest ecosystems, coastal estuaries, and native

species of California's North Coast.  Declaration of Robert Scott Greacen at ¶ 3 (Exhibit G).  It

has roughly 1,000 members and seeks to achieve its conservation goals through public education,

administrative advocacy, and strategic litigation.  Id.  EPIC's administrative advocacy efforts to

protect the marbled murrelet have been extensive; it has participated in numerous administrative

proceedings and has been party to many legal actions to protect the species.  Id. at ¶¶ 4, 7, 11, 13.

DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION
TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Many of EPIC's members reside in Northern California within close proximity to the state's most valuable marbled murrelet nesting habitat.  Id. at ¶ 3.  EPIC was a defendant-intervenor in the 2002 case challenging the marbled murrelet listing and critical habitat designation.  AFRC, Civ. No. 02-6087-AA.

Gifford Pinchot Task Force ("GPTF") is a non-profit conservation organization headquartered in Portland, Oregon, with over 3,000 members, mostly in the Pacific Northwest.  Declaration of Emily Platt at ¶ 2 (Exhibit H).  The mission of GPTF is to protect and restore the ecosystems and communities of southwest Washington with a particular focus on the Gifford Pinchot National Forest, which includes marbled murrelet habitat.  Id. at ¶¶ 2-3.  GPTF is strongly interested and has a long history of involvement in decisions affecting the Gifford Pinchot National Forest and its resident marbled murrelets.  Id. at ¶ 3.  GPTF regularly monitors timber sales in the Gifford Pinchot National Forest to assess how such sales will impact old-growth forests that serve as marbled murrelet habitat.  Id. at ¶ 3.  GPTF has participated in administrative proceedings and litigation to protect the marbled murrelet and its habitat.  Id. at ¶¶ 3-6.

Oregon Wild, formerly known as Oregon Natural Resources Council, is a non-profit organization headquartered in Portland, Oregon, with approximately 5,000 members throughout Oregon and the western United States.  Declaration of Doug Heiken at ¶ 3 (Exhibit I).  Oregon Wild is dedicated to defending and conserving Oregon's wild lands, wildlife, and waters, and to restoring Oregon's forest ecosystems to a naturally-functioning state that includes a full complement of native species, including the marbled murrelet.  Id.  Oregon Wild participated in the 1988 petition to have the marbled murrelet listed and the subsequent lawsuit that forced FWS to list the species and designate its critical habitat.  Id. at ¶ 5.  In addition, after the 1995

DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION
TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF   - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

"Logging Without Laws" Rider (1995 Rescissions Act (PL 104-19)), Oregon Wild unsuccessfully petitioned to change the marbled murrelet status from threatened to endangered. Id.  In 2002, Oregon Wild intervened in litigation to defend the marbled murrelet listing and critical habitat designation.  AFRC, Civ. No. 02-6087-AA.

Seattle Audubon Society was founded in 1916 and is a Washington public benefit corporation.  Declaration of Alex Morgan at ¶ 2 (Exhibit J).  Seattle Audubon Society's mission is to "cultivate and lead a community that values and protects birds and the natural environment."  Id.  Seattle Audubon Society has roughly 5,400 members and over 500 active volunteers working in education, conservation, and recreational programs.  Id.  It was one of the original petitioners to have the marbled murrelet listed under the ESA in 1988, id. at ¶ 4, and one of the intervenors in AFRC's 2002 challenge to the marbled murrelet listing and critical habitat designation, AFRC, Civ. No. 02-6087-AA.

Sierra Club was organized in 1892 under the laws of California as a non-profit corporation and is the oldest environmental organization in the country.  Declaration of William Arthur at ¶ 2 (Exhibit K).  Today it has over 760,000 members, roughly 240,000 of whom reside in Washington, Oregon, and California.  Id.  For decades, Sierra Club has been actively involved in protecting the old-growth forests in California, Oregon, and Washington that provide critical habitat for the marbled murrelet.  Id. at ¶¶ 4-9.  Sierra Club was an intervenor in the 2002 case challenging the marbled murrelet listing and critical habitat designation.  AFRC, Civ. No. 02-6087-AA.

The Wilderness Society ("TWS") was founded in 1935 and is organized under the laws of the District of Columbia as a non-profit organization.  Declaration of Robert Freimark at ¶ 3 (Exhibit L).  TWS has eight regional offices around the country, including offices in Seattle and

DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION
TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF   - 5 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

San Francisco.  Id.  Approximately 46,000 of TWS's 204,000 members reside in Oregon,

California, and Washington.  Id.  TWS is dedicated to protecting America's wilderness and

wildlife and to developing a national network of wild lands through public education, scientific

analysis, and advocacy.  Id. at ¶¶ 4-5.  Over the years, TWS has played an active role in

protecting the marbled murrelet's remaining habitat.  Id. at ¶¶ 6-9.  In 2002, TWS intervened in

AFRC's challenge to the marbled murrelet listing and critical habitat designation.  AFRC, Civ.

No. 02-6087-AA.

        Each Applicant is a conservation organization with members who use and enjoy the

forests and waters in Washington, Oregon, and California that are home to the marbled murrelet

for recreational, scientific, aesthetic, and spiritual purposes.  See Morgan Decl. at ¶¶ 6-8; Arthur

Decl. at ¶¶ 11, 13-14; Sallinger Decl. at ¶¶ 7-8; Greacen Decl. at ¶¶ 5-6; Heiken Decl. at ¶¶ 3, 6,

9-10; Greenwald Decl. at ¶¶ 2, 5, 7, 9; Werntz Decl. at ¶¶ 4-5, 10-12; Freimark Decl. at ¶¶ 10-11;

Platt Decl. at ¶¶ 7-9.  Applicants and their members have been in the forefront of protecting the

marbled murrelet through habitat restoration, participation in the administrative process,

litigation, and public education.  See Morgan Decl. at ¶¶ 3-5; Arthur Decl. at ¶¶ 4-9; Sallinger

Decl. at ¶ 5-6; Greacen Decl. at ¶¶ 4, 7, 11, 13; Heiken Decl. at ¶¶ 2, 4-5, 7; Greenwald Decl. at

¶ 6;  Werntz Decl. at ¶¶ 5-8; Freimark Decl. at ¶¶ 5-9; Platt Decl. at ¶¶ 3-6.  Applicants and their

members derive—or, but for the imperiled status of the marbled murrelet, would derive—

recreational, scientific, aesthetic, and spiritual benefits from the existence in the wild of the

marbled murrelet through wildlife observation, study, and photography.  Morgan Decl. at ¶ 8-9;

Arthur Decl. at ¶ 14; Sallinger Decl. at ¶ 8; Greacen Decl. at ¶¶ 5, 14-15; Heiken Decl. at ¶ 10;

Greenwald Decl. at ¶¶ 5, 9; Werntz Decl. at ¶¶ 4-5, 10-12; Freimark Decl. at ¶¶ 10-11; Platt

Decl. at ¶¶ 7-8.  The future enjoyment of these benefits by applicants and their members will be

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

irreparably harmed if AFRC prevails in this case. Morgan Decl. at ¶ 10; Arthur Decl. at ¶ 15;

Sallinger Decl. at ¶ 9; Greacen Decl. at ¶ 16; Heiken Decl. at ¶ 10; Greenwald Decl. at ¶ 8-9;

Werntz Decl. at ¶¶ 9, 12; Freimark Decl. at ¶ 12; Platt Decl. at ¶ 10. Due to applicants' strong

and consistently demonstrated interest in protecting the marbled murrelet and their ongoing stake

in the outcome of this litigation, applicants ask the Court to allow their intervention.

ARGUMENT

I.    APPLICANTS ARE ENTITLED TO INTERVENE AS OF RIGHT.

The Federal Rules of Civil Procedure provide the following:

> Upon timely application anyone shall be permitted to intervene in an action . . .
> when the applicant claims an interest relating to the property or transaction which
> is the subject of the action and the applicant is so situated that the disposition may
> as a practical matter impair or impede the applicant's ability to protect that
> interest, unless the applicant's interest is adequately represented by existing
> parties.

Fed. R. Civ. P. 24(a). This Court uses a four-part test to evaluate motions to intervene: "(1) the

application to intervene must be timely; (2) the applicant must demonstrate a legally protected

interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the

action can be an adequate representative of the applicant's interests." SEC v. Prudential Sec.

Inc., 136 F.3d 153, 156 (D.C. Cir. 1998). Practical considerations guide courts in applying this

test. See Fed. R. Civ. P. 24, advisory committee's note. In the present case, applicants satisfy

each of the elements for intervention under Rule 24(a).

A.    Applicants' Motion for Intervention Is Timely.

In determining whether an intervention motion is timely, this Court should consider "'all

the circumstances, especially weighing the factors of time elapsed since the inception of the suit,

the purpose for which intervention is sought, the need for intervention as a means of preserving

the applicant's rights, and the probability of prejudice to those already parties in the case.'"

DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION
TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF    - 7 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

United States v. British American Tobacco Australia Serv., 437 F.3d 1235, 1238 (D.C. Cir.

2006) (quoting United States v. American Tel. & Tel. Co., 642 F.2d 1285, 1295 (D.C. Cir.

1980)).  Applicants' motion to intervene is timely because the present case is in its early stages—

this motion comes less than sixty days after AFRC filed its complaint and before the Federal

defendants have filed their answer.  No other actions or filings have occurred in this case.  To

further facilitate the timely resolution of this case, applicants have lodged their answer

(Exhibit B) and motion to dismiss (Exhibit C) with this motion to intervene.

       B.      Applicants Have an Interest in the Subject Matter of This Action.

Rule 24(a) requires an applicant for intervention to possess an interest relating to the

property or transaction that is the subject matter of the litigation.  This "interest test" is not a

rigid standard; rather, it is "a practical guide to disposing of lawsuits by involving as many

apparently concerned persons as is compatible with efficiency and due process."  Nuesse v.

Camp, 385 F.2d 694, 700 (D.C. Cir. 1967); see also Friends of Animals v. Kempthorne, 452 F.

Supp.2d 64, 69 (D.D.C. 2006).  Indeed, a proposed intervenor need not have a specific legal or

equitable interest in jeopardy but need only show a "protectable interest of sufficient magnitude

to warrant inclusion in the action."  Smith v. Pangilinan, 651 F.2d 1320, 1324 (9th Cir. 1981); see

also Friends of Animals, 452 F. Supp.2d at 69 ("[P]roposed intervenors of right 'need only an

interest in the litigation—not a cause of action or permission to sue.'") (citation omitted).

Applying the "interest test" in a case much like this one, the Ninth Circuit held that there could

"be no serious dispute" that the Audubon Society had a right to intervene in an action

challenging the creation of a bird sanctuary that the Audubon Society had fought to create.

Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 527, 528 (9th Cir. 1983) ("An adverse decision in

this suit would impair the society's interest in the preservation of birds and their habitats").

Here, all of the applicants are conservation organizations with the mission of promoting the preservation and restoration of bird species such as the marbled murrelet and the protection of the old-growth forests that comprise critical habitat for the murrelet.  Arthur Decl. at ¶¶ 3-4; Morgan Decl. at ¶¶ 2-3; Sallinger Decl. at ¶ 3; Greacen Decl. at ¶ 3; Greenwald Decl. at ¶ 2; Heiken Decl. at ¶¶ 3-5; Werntz Decl. at ¶¶ 3-4; Freimark Decl. at ¶¶ 4-5; Platt Decl. at ¶¶ 2-3.  In fulfilling this mission, several applicants were among those who filed the original petition to have the Washington, Oregon, and California population of marbled murrelets listed as threatened.  Morgan Decl. at ¶ 4; Sallinger Decl. at ¶ 4; Heiken Decl. at ¶ 5.  When FWS failed to list the murrelet in response to that petition, many of the applicants waged a six-year legal battle in federal district court that resulted in the listing of the species as threatened and the designation of its critical habitat.  See generally Marbled Murrelet v. Lujan, No. C91-522BR (W.D. Wash.).  Since the marbled murrelet's original listing, applicants have kept a vigilant eye on both private and public forest management practices to ensure that the legal protections afforded the murrelet and its habitat under the ESA are in fact respected in practice.  E.g., Morgan Decl. at ¶ 5; Greacen Decl. at ¶¶ 4, 7, 11; Heiken Decl. at ¶¶ 5, 7; Werntz Decl. at ¶¶ 6-7.  In the early 1990's, applicants fought to ensure that the Northwest Forest Plan adequately protected the marbled murrelet's remaining habitat.  Arthur Decl. at ¶¶ 7, 10; Freimark Decl. at ¶ 9.  In 2002, when AFRC challenged FWS's listing and critical habitat designation for the marbled murrelet, many of the applicants intervened as defendants.  The settlement in that 2002 intervention was the catalyst for the status review at issue in the present case.  See AFRC, Civ. No. 02-6087-AA (Exhibit A); see also Complaint at ¶¶ 18-20.  And throughout the last 15 years, applicants have not hesitated to legally challenge private and public logging practices and timber

DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION
TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF   - 9 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

sales that threaten the murrelet.  E.g., Arthur Decl. at ¶¶ 8-9; Sallinger Decl. at ¶ 6; Greacen

Decl. at ¶ 13; Heiken Decl. at ¶ 5; Werntz Decl. at ¶ 7.

Applicants' sustained efforts to protect the marbled murrelet reflect the profound interest

of their members in preventing the marbled murrelet from sliding into extinction and preserving

the remaining old-growth forests that represent the last hope for the marbled murrelet's survival

and recovery.  Applicants' interests in the marbled murrelet's listing satisfy the "protectable

interest" requirement of Rule 24(a).  Cf. AFRC, Civ. No. 02-6087-AA, slip op. at 6-7

(Exhibit A) (order granting intervention to many of the applicants in the present case because

those parties had "significant protectable interests" in defending the marbled murrelet listing and

critical habitat designation).

C.    Applicants' Interests in the Marbled Murrelet May Be Impaired by This
       Litigation.

An applicant for intervention as of right must be "so situated that the disposition of the

action may as a practical matter impair or impede the applicant's ability to protect that interest."

Fed. R. Civ. P. 24(a) (emphasis added).  Applying this impairment requirement, the Court should

"'look[] to the 'practical consequences' of denying intervention . . . ." Fund for Animals v.

Norton, 322 F.3d 728, 735 (D.C. Cir. 2003).  Such an inquiry "'is not limited to consequences of

a strictly legal nature.'"  Forest Conservation Council v. United States Forest Serv., 66 F.3d

1489, 1498 (9th Cir 1995) (quoting Natural Res. Defense Council v. Nuclear Regulatory

Comm'n, 578 F.2d 1341, 1345 (10th Cir. 1978)).

In this suit, AFRC seeks to eliminate the ESA protections for marbled murrelet in

Washington, Oregon, and California.  Such a result will irreparably harm applicants' interests by

frustrating the years of effort applicants have spent working to protect the species and its old-

growth habitat.  See, e.g., Sallinger Decl. at ¶ 9; Greacen Decl. at ¶ 16; Heiken Decl. at ¶ 10; cf.

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Natural Res. Defense Council v. EPA, 99 F.R.D. 607, 609 (D.D.C. 1983) (granting intervention

as of right to industry groups in a FACA case that could "nullify" the group's efforts).

Furthermore, if AFRC succeeds in undoing the marbled murrelet's listing, the murrelet might

slip into extinction, and applicants' members would be deprived of the opportunity to observe

the marbled murrelet in its native habitat, an activity that they currently enjoy.  See, e.g., Morgan

Decl. at ¶ 10; Arthur Decl. at ¶ 15; Greenwald Decl. at ¶ 8-9; cf. Idaho Farm Bureau Fed'n v.

Babbitt, 58 F.3d 1392, 1398 (9th Cir. 1995) (decision to remove species from endangered species

list impairs conservation groups' interest in preservation); Sagebrush Rebellion, 713 F.2d at 528

("An adverse decision in this suit would impair the society's interest in the preservation of birds

and their habitats").  These injuries plainly satisfy Rule 24(a)'s impairment-of-interest

requirement.

> D.    Neither of the Existing Parties Will Adequately Represent Applicants' Interests.

Finally, an applicant for intervention as a matter of right must show that its interests may not

be adequately represented by the existing parties to the litigation.  This requirement is "not

onerous" and is satisfied if the applicant shows that the representation of its interests "may be"

inadequate.  Fund For Animals v. Norton, 322 F.3d 728, 735 (D.C. Cir. 2003) (quoting Trbovich

v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972); Dimond v. District of Columbia, 792

F.2d 179, 192 (D.C. Cir. 1986)).  Indeed, a petitioner "'ordinarily should be allowed to intervene

unless it is clear that the party will provide adequate representation for the absentee[.]'"  Fund

For Animals, 322 F.3d at 735 (quoting American Tel. & Tel. Co., 642 F.2d at 1293).  The D.C.

Circuit has "often concluded that governmental entities do not adequately represent the interest

of aspiring intervenors."  Fund For Animals, 322 F.3d at 736 (citing Natural Res. Defense

Council v. Costle, 561 F.2d 904, 912-13 (D.C. Cir. 1977); Smuck v. Hobson, 408 F.2d 175, 181

(D.C. Cir. 1989)); see also Friends of Animals, 452 F. Supp.2d 64.

DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION
TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF    - 11 -

Here, neither AFRC nor FWS adequately represents applicants' interests.  AFRC's interests are directly adverse to those of applicants.  AFRC seeks to invalidate the marbled murrelet listing while applicants seek to maintain that listing.  Accordingly, AFRC cannot be relied upon to represent applicants' interests.

It is also unlikely that FWS will adequately represent applicants' interests in protecting the marbled murrelet.  FWS only listed the marbled murrelet and designated its critical habitat during the course of protracted court battles with many of the applicants.  <u>See</u>, <u>e.g.</u>, Sallinger Decl. at ¶ 5.  Furthermore, there has been a long-running dispute between applicants and FWS about the importance of designating critical habitat for the marbled murrelet.  <u>See</u>, <u>e.g.</u>, Sallinger Decl. at ¶ 5; Greacen Decl. at ¶ 13.  FWS's continued reluctance to protect the marbled murrelet and its habitat highlights the risk that it will not present a vigorous defense in the present case.

Moreover, in recent years, federal defendant agencies, like FWS, have often left it to conservation intervenors to defend federal environmental laws.  For example, in 2002, the timber industry sued over the marbled murrelet listing, critical habitat designation, and the failure of FWS to perform the five-year status review for the marbled murrelet.  <u>See generally</u> <u>AFRC v. Secretary of the Interior</u>, Civ. No. 02-6087-AA (D. Or).  Instead of defending the listing, FWS settled with the timber industry and agreed to perform the status review and reconsider the critical habitat designation.  Indeed, FWS recently proposed to reduce the marbled murrelet's critical habitat by over 94 percent.  71 Fed. Reg. 53,838 (Sept. 12, 2006).

Similarly, the Forest Service failed to defend its own Roadless Area Conservation Rule, 66 Fed. Reg. 3,244 (Jan. 12, 2001), that protected almost 60 million acres of public roadless national forest areas, including marbled murrelet habitat.  While the federal defendants did not defend against the challenge to the roadless rule, intervening conservation groups ultimately

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

defeated the timber industry challenge.  <u>Kootenai Tribe v. Veneman</u>, 313 F.3d 1094 (9th Cir.

2002).

       Finally, FWS is actively working to change its own regulations concerning listing and

delisting of species.  A recent series of press reports disclosed draft revisions of FWS regulations

that would make it substantially easier to delist species currently afforded ESA protections.[1]

Amazingly, AFRC's complaint shows that several of its claims are based on this draft

regulation—a regulation that does not even exist.[2]  <u>Compare</u> Complaint at ¶¶ 31, 33, <u>with</u> 50

C.F.R. § 424.11(d).  It is more than clear that FWS may not adequately defend the rules it is

actively working to weaken.

       In light of the federal government's failure to enforce its environmental laws and the

circumstances surrounding the marbled murrelet's listing and critical habitat designation,

applicants justifiably fear that FWS will not adequately defend the marbled murrelet listing and

that applicants' interest can only be vindicated through intervention.  Accordingly, given the

minimal showing necessary to find inadequate representation, the Court should grant applicants'

motion to intervene as of right.

## II.     APPLICANTS SATISFY THE STANDARD FOR PERMISSIVE INTERVENTION.

       As detailed above, applicants meet the requirements for intervention as of right under

Rule 24(a).  However, if this Court denies applicants' intervention as of right, applicants request

the Court for leave to intervene under Rule 24(b).  Permissive intervention is appropriate when

---

[1] <u>See</u> Rebecca Clarren, Salon.com, <u>Inside the secretive plan to gut the Endangered Species Act</u>, March 27, 2007, <u>available at</u> http://www.salon.com/news/feature/2007/03/27/endangered_species/index.html?source=rss.

[2] AFRC's erroneous reliance on not yet promulgated revisions to 50 C.F.R. § 424.11(d) forms the primary basis for applicants' motion to dismiss, which is lodged with this motion to intervene (Exhibit C).

DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION
TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF    - 13 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

an applicant's timely claim or defense "shares a question of law or fact in common with the underlying action and if the intervention will not unduly delay or prejudice the rights of the original parties." <u>Acree v. Republic of Iraq</u>, 370 F.3d 41, 49 (D.C. Cir. 2004) (citing Fed. R. Civ. P. 24(b)).

Here, applicants meet the Rule 24(b) standard. Applicants have a significant interest in the use and enjoyment of the marbled murrelet and its habitat. <u>See</u> Argument, Section I.B. Because this case is in its early stages, applicants' intervention will not cause any undue delay or prejudice to the existing parties. <u>See</u> Argument, Section I.A. Given the importance of the issues involved in this case, the stake applicants have in the marbled murrelet listing, and the early stage of the litigation, the Court should allow permissive intervention.[3]

CONCLUSION

For the reasons set forth above, applicants respectfully request that the Court grant them intervention as of right or, in the alternative, permissive intervention. Applicants have lodged their answer and their motion to dismiss with this motion to intervene.

---

[3] In <u>Kootenai Tribe of Idaho v. Veneman</u>, 313 F.3d 1094 (9th Cir. 2002), the Ninth Circuit found that an "interest in the use and enjoyment" of roadless areas was sufficient to support permissive intervention in a case that challenged rules protecting those areas from harmful development. <u>Id.</u> at 1108.

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Respectfully submitted this 30th day of April, 2007.

/s/  Patti Goldman
PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*
*Audubon Society of Portland, Center for Biological*
*Diversity, Conservation Northwest, Environmental*
*Protection Information Center, Gifford Pinchot*
*Task Force, Oregon Wild, Seattle Audubon Society,*
*Sierra Club, and The Wilderness Society*

DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION
TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF   - 15 -

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) | Case No.  1:07-cv-00484-JDB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior, | ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY, | ) ) ) ) ) ) ) | |
| | ) | |
| Proposed Defendant-Intervenors. | ) | |

**CERTIFICATE OF SERVICE**

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

I am a citizen of the United States and a resident of the State of Washington.  I am over

18 years of age and not a party to this action.  My business address is 705 Second Avenue, Suite

203, Seattle, Washington 98104.

On April 30, 2007, I served a true and correct copy of:

1.    Defendant-Intervenor-Applicants' Unopposed Motion to Intervene and
       Memorandum in Support Thereof;
2.    Defendant-Intervenors' Disclosure of Corporate Affiliation and Financial
       Interests;
4.    [Proposed] Order Granting Defendant-Intervenor-Applicants' Unopposed Motion
       to Intervene;
5.    Exhibits A-L to Motion to Intervene:
       A.    Opinion and Order, <u>AFRC v. Secretary of the Interior</u>, Civ. No. 02-6087-
              AA (D. Or. Oct. 9, 2002);
       B.    Defendant-Intervenors' Answer [Lodged];
       C.    Defendant-Intervenors' Partial Motion to Dismiss for Failure to State a
              Claim Upon Which Relief Can Be Granted and Memorandum in Support
              Thereof [Lodged];
       D.    Declaration of Robert Sallinger in Support of Defendant-Intervenor-
              Applicants' Motion to Intervene;
       E.    Declaration of David Noah Greenwald in Support of Defendant-
              Intervenor-Applicants' Motion to Intervene;
       F.    Declaration of David Werntz in Support of Defendant-Intervenor-
              Applicants' Motion to Intervene;
       G.    Declaration of Robert Scott Greacen in Support of Defendant-Intervenor-
              Applicants' Motion to Intervene;
       H.    Declaration of Emily Platt in Support of Defendant-Intervenor-Applicants'
              Motion to Intervene;
       I.     Declaration of Doug Heiken in Support of Defendant-Intervenor-
              Applicants' Motion to Intervene;
       J.     Declaration of Alex Morgan in Support of Defendant-Intervenor
              Applicants' Motion to Intervene;
       K.    Declaration of William Arthur in Support of Defendant-Intervenor-
              Applicants' Motion to Intervene;
       L.    Declaration of Robert M. Freimark in Support of Defendant-Intervenor-
              Applicants' Motion to Intervene;
6.    [Proposed] Order Granting Defendant-Intervenors' Partial Motion to Dismiss; and
7.    Certificate of Service.

on the parties listed below:

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

James T. McDermott
Ball Janik LLP
101 S.W. Main Street, Suite 1100
Portland, OR 97204
(503) 228-2525
(503) 226-3910 *[FAX]*
jmcdermott@balljanik.com
*Attorney for Plaintiffs*

☐ via facsimile
☒ via overnight courier
☐ via first-class U.S. mail
☐ via hand delivery
☐ via electronic service by Clerk
☒ via e-mail

Mark C. Rutzick
Mark C. Rutzick, P.C.
3407 S.W. Stonebrook Drive, Suite B
Portland, OR 97239-1269
(503) 244-3030
markrutzick@comcast.net
*Attorney for Plaintiffs*

☐ via facsimile
☒ via overnight courier
☐ via first-class U.S. mail
☐ via hand delivery
☐ via electronic service by Clerk
☒ via e-mail

Jean E. Williams
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
**Street Address**:
601 D Street, N.W., Room 3908
Washington, D.C. 20004
(202) 305-0217
(202) 305-0275 *[FAX]*
jean.williams@usdoj.gov
*Attorneys for Federal Defendants*

☐ via facsimile
☒ via overnight courier
☐ via first-class U.S. mail
☐ via hand delivery
☐ via electronic service by Clerk
☒ via e-mail

I declare under penalty of perjury that the foregoing is true and correct. Executed on this

30th day of April, 2007, at Seattle, Washington.

Catherine Hamborg

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

CERTIFICATE OF SERVICE  - 3 -

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) | Case No.  1:07-cv-00484-JDB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior, | ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Proposed Defendant-Intervenors. | ) | |

**[PROPOSED] ORDER GRANTING DEFENDANT-INTERVENOR-
APPLICANTS' UNOPPOSED MOTION TO INTERVENE**

THIS MATTER having come before the Court on defendant-intervenor-applicants' ("applicants") motion to intervene, and the Court having considered all relevant motions, memoranda, and supporting documents, and good cause having been shown, orders that applicants' motion for [as of right] / [permissive] intervention is GRANTED. The clerk of this Court is therefore directed to file applicants' answer and motion to dismiss, which applicants lodged with their motion.

DATED this _____ day of _____, 2007.

_____
THE HONORABLE JOHN D. BATES
United States District Court Judge

Presented by:

/s/  Patti Goldman_____
PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*
*Audubon Society of Portland, Center for*
*Biological Diversity, Conservation Northwest,*
*Environmental Protection Information Center,*
*Gifford Pinchot Task Force, Oregon Wild,*
*Seattle Audubon Society, Sierra Club, and*
*the Wilderness Society*

[PROPOSED] ORDER GRANTING DEFENDANT-INTERVENOR-
APPLICANTS' UNOPPOSED MOTION TO INTERVENE  - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

# EXHIBIT A

FILED 02 OCT 09 16:03USDC-ORE

<table>
<tr><td>1</td><td></td></tr>
<tr><td>2</td><td></td></tr>
<tr><td>3</td><td></td></tr>
<tr><td>4</td><td></td></tr>
<tr><td>5</td><td></td></tr>
<tr><td>6</td><td>IN THE UNITED STATES DISTRICT COURT</td></tr>
<tr><td>7</td><td>FOR THE DISTRICT COURT OF OREGON</td></tr>
</table>

```
 8   AMERICAN FOREST RESOURCE COUNCIL,   )
     an Oregon nonprofit corporation;    )
 9   STARFIRE LUMBER COMPANY, an Oregon   )
     corporation; HERBERT LUMBER         )     Civ. No. 02-6087-AA
10   COMPANY, an Oregon corporation;     )
     C & D LUMBER CO., an Oregon         )
11   corporation,                        )
                                         )
12              Plaintiffs,              )     OPINION AND ORDER
                                         )
13         v.                            )
                                         )
14   SECRETARY OF THE INTERIOR,          )
                                         )
15              Defendant.               )
     _____)
16
     Mark C. Rutzick
17   Mark C. Rutzick, P.C.
     870 Pioneer Tower
18   888 S.W. Fifth Avenue
     Portland, OR  97204
19         Attorney for plaintiffs

20   Ruth Ann Lowery
     Wildlife & Marine Resources Section
21   Environment & Natural Resources Division
     U.S. Department of Justice
22   P.O. Box 7369
     Washington, DC 20044-7369
23         Attorney for defendant

24   Kristen L. Boyles
     Earthjustice Legal Defense Fund
25   705 Second Avenue, Suite 203
     Seattle, WA  98104
26
     Bradford J. Axel
27   Stokes Lawrence, P.S.
     800 Fifth Avenue, Suite 4000
28   Seattle, WA  98104-3179


     1 - OPINION AND ORDER
```

1  Stephanie M. Parent
   Pacific Environmental Advocacy Center
2  10015 S.W. Terwilliger Blvd.
   Portland, OR  97219
3      Attorneys for defendant-intervenor applicants

4  Aiken, Judge:

5      Plaintiffs filed suit seeking declaratory and injunctive relief,
6  alleging procedural violations of the Endangered Species Act ("ESA"), 42
7  U.S.C. §§ 1531 et seq., and the National Environmental Policy Act
8  ("NEPA"), 16 U.S.C. §§ 4321 et seq.  Intervenor-applicants Audubon
9  Society of Portland, Biodiversity Northwest, Environmental Protection
10 Information Center, Northwest Ecosystem Alliance, Oregon Natural
11 Resources Council, Seattle Audubon Society, Sierra Club, and The
12 Wilderness Society ("Applicants") seek leave to intervene as defendants.
13 Applicants assert that they are entitled to intervene as a matter of
14 right under Fed. R. Civ. P. 24(a)(2).  Alternatively, Applicants request
15 permissive intervention under Fed. R. Civ. P. 24(b).  Defendant does not
16 oppose the motion.  However, plaintiffs oppose the Applicants' motion on
17 the ground that they fail to meet the required criteria for intervention
18 under Rule 24.  The Applicants' motion is granted.

19                          DISCUSSION
20     Plaintiffs include a forest products trade association and several
21 of its timber company members who rely on timber sales from the United
22 States Forest Service ("Forest Service") and the Bureau of Land
23 Management for their timber supply.  Plaintiffs filed suit to remedy
24 alleged procedural violations by the Forest Service in connection with
25 the listing of the marbled murrelet as threatened and the designation of
26 its critical habitat under the ESA.  Specifically, plaintiff alleges the
27 following: 1) the Forest Service failed to comply with NEPA when it
28 designated critical habitat for the marbled murrelet; 2) the Forest

2 - OPINION AND ORDER

Service failed to explain why it did not comply with NEPA when designating critical habitat; 3) the Forest Service failed to conduct a status review of the marbled murrelet within five years of its listing as required by the ESA; 4) the Forest Service failed to re-examine the designation of a distinct population segment of the marbled murrelet within ninety days of October 1, 1992, in violation of its own policies and agreement to do so; and 5) the Forest Service failed to conduct an adequate economic effects analysis when it designated critical habitat for the marbled murrelet, in violation of the ESA.

Applicants seek intervention as a matter of right under Fed. R. Civ. P. 24(a)(2). Applicants contend that intervention is necessary to defend their legally-protectable interests in continued protection of the marbled murrelet and its critical habitat under the ESA.

The Ninth Circuit has established a four-part test to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the transaction; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties in the lawsuit.

Northwest Forest Resource Council ("NFRC") v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996). The burden is on the applicant to establish that the requirements for intervention are satisfied. Petrol Stops Northwest v. Continental Oil Co., 647 F.2d 1005, 1010 n.5 (9th Cir. 1981). Plaintiffs do not contest the timeliness of Applicants' motion, and I find that it is timely. Further, plaintiffs do not argue that this action will not impede Applicants' interests or that the federal defendant will adequate represent Applicants' interests. Rather,

3 - OPINION AND ORDER

1  plaintiffs assert that Applicants fail to assert a significant
2  protectable interest in the statutory claims asserted by plaintiffs.

3      To show a significant protectable interest under Rule 24(a)(2),
4  Applicants must: (1) assert an interest protected under some law; and
5  (2) show that there is a relationship between its legally protected
6  interest and plaintiffs' claims. <u>Donnelly v. Glickman</u>, 159 F.3d 405,
7  409 (9th Cir. 1998) (citing <u>NFRC</u>, 82 F.3d at 837); <u>Sierra Club v. United</u>
8  <u>States Environmental Protection Agency</u>, 995 F.2d 1478, 1484 (9th Cir.
9  1993).   Plaintiffs argue that Applicants lack a significantly
10  protectable interest in the ESA claims, because plaintiffs challenge
11  only procedural violations of the ESA.   Plaintiffs maintain that, if
12  successful, the Forest Service would simply be required to conduct
13  further review and analysis of the marbled murrelet listing, the
14  murrelet distinct population segment, and the critical habitat
15  designation. Thus, according to plaintiffs, Applicants' interests would
16  be protected by future administrative proceedings in which they could
17  participate.

18      In so arguing, plaintiffs rely on <u>NFRC</u> and <u>Silver v. Babbitt</u>, 166
19  F.R.D. 418 (D Ariz. 1994), <u>aff'd</u>, 68 F.3d 481 (9th Cir. 1995). In <u>NFRC</u>,
20  the plaintiffs brought suit to enforce the release of certain timber
21  sales.  The Ninth Circuit affirmed denial of intervention as defendants
22  by applicant environmental groups, explaining that the statute
23  plaintiffs sought to enforce explicitly preempted the statutes relied
24  upon by the applicants in seeking intervention. <u>NFRC</u>, 82 F.3d at 837.
25  The court further noted that the applicants were not "directly involved
26  in the enactment of the law or in the administrative proceedings out of
27  which the litigation arose." <u>Id.</u>  Thus, the court found that the
28  asserted interests of the environmental groups were not sufficiently

4 - OPINION AND ORDER

related to the plaintiffs' statutory claim. <u>Id.</u> at 838. In contrast, here Applicants assert interests under a statutory claim raised by plaintiffs - the ESA. Therefore, <u>NFRC</u> does not support denying intervention.

Similarly, in <u>Silver</u>, the district court held that the intervenor applicants - state and county governments and a forest products corporation - failed to establish a protectable interest in an action to compel designation of critical habitat for the Mexican Spotted Owl as required by the ESA. <u>Silver</u>, 166 F.R.D. at 427-28. The intervenor-applicants had asserted general economic interests in public lands which could be affected by a critical habitat designation. The district court found that the procedural rules required by the ESA did not in themselves create a protectable interest which could be asserted by the applicants. <u>Id.</u> at 426. Further, the court found that the applicants' asserted interests were too generalized and speculative because no lands had yet been designated as critical habitat. <u>Id.</u> at 427-28; <u>but see</u> <u>Southwest Center for Biological Diversity v. Berg</u>, 268 F.3d 810, 820-21 (9th Cir. 2001) (bare assertion of status as third-party beneficiary of governmental agreement allowing for development of land whose interests could be affected if such agreements were set aside established a significant protectable interest in case alleging ESA violations).

In contrast, the Ninth Circuit has held consistently that "[a] public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." <u>Idaho Farm Bureau Federation</u> v. Babbitt, 58 F.3d 1392, 1397 (9th Cir. 1995) (citing <u>Sagebrush Rebellion, Inc. v. Watt</u>, 713 F.2d 525, 527 (9th Cir. 1983)). In <u>Idaho Farm Bureau</u>, environmental groups were allowed to intervene as defendants in a suit challenging the listing of the Bruneau

5 - OPINION AND ORDER

1  Hot Springs Snail as an endangered species under the ESA.  The Ninth
2  Circuit affirmed granting intervention as of right, noting that the
3  environmental groups "have been active in the process [the Forest
4  Service] went through to list the Springs Snail as an endangered
5  species" and that the groups "filed suit to compel [the Forest Service]
6  to make a final decision on the proposed listing rule."  Idaho Farm
7  Bureau, 58 F.3d at 1398.

8      Likewise, Applicants claim an interest in the continued protection
9  of the marbled murrelet and its critical habitat.  As set forth in their
10 memorandum and supporting affidavits, several applicants were among the
11 original petitioners to seek listing of the marbled murrelet as a
12 protected species.  Two of the applicants brought suit to secure the
13 listing of the marbled murrelet and the designation of its habitat under
14 the provisions of the ESA.  Applicants have made sustained efforts to
15 continue or increase the protection afforded the marbled murrelet and
16 its habitat.

17     Finally, contrary to plaintiffs' assertions, their claims are not
18 limited to the Forest Service's alleged failure to comply with
19 procedural requirements of the ESA.  Rather, plaintiffs also assert a
20 substantive challenge to the legality of the economic effects analysis
21 employed by the Forest Service in designating critical habitat for the
22 marbled murrelet.  See Complaint, pp. 9-10, 13, 14-15.  In Idaho Farm
23 Bureau, the Ninth Circuit declined to follow the reasoning of other
24 courts which had denied intervention in cases challenging governmental
25 compliance with procedural statutes, finding that the plaintiffs had
26 "challenged both the substantive listing rule and the procedures"
27 followed by the Forest Service.  Idaho Farm Bureau, 58 F.3d at 1328 n.3.
28 Therefore, I find that Applicants assert significant protectable

6 - OPINION AND ORDER

1  interests related to plaintiffs' ESA claims.

2       Plaintiffs also argue that Applicants cannot intervene with respect
3  to plaintiffs' NEPA claim, because only the federal government may be a
4  defendant in a case asserting a NEPA violation.  According to the Ninth
5  Circuit, "the federal government is the only proper defendant in an
6  action to compel compliance with NEPA."  Wetlands Action Network v.
7  United States Army Corps of Engineers, 222 F.3d 1105, 1114 (9th Cir.
8  2000) (quoting Churchill County v. Babbitt, 150 F.3d 1072, 1082, as
9  amended by 158 F.3d 491 (9th Cir. 1998)); see also Sierra Club, 995 F.2d
10 at 1485.  The Ninth Circuit reasons that private parties do not have a
11 protectable interest in determining NEPA liability, because NEPA
12 regulates the actions of the federal government rather than the actions
13 of private parties.  Churchill County, 150 F.3d at 1082; Sierra Club,
14 995 F.2d at 1485.

15      I find that the general rule precluding intervention as defendants
16 in a NEPA claim does not apply in this case.  Although pled as a NEPA
17 claim, plaintiffs in fact challenge the legality of the critical habitat
18 designation of the marbled murrelet, a designation made pursuant to the
19 ESA.  Therefore, Applicants possess an interest in plaintiffs' NEPA
20 claims, because they participated and supported the process by which the
21 habitat was designated under the ESA.  Sagebrush Rebellion, 713 F.2d at
22 527; Idaho Farm Bureau, 58 F.3d at 1397-98.  Furthermore, Applicants do
23 not seek to defend the Forest Service's compliance with NEPA.  Rather,
24 Applicants contend that NEPA does not apply to designations of critical
25 habitat under the ESA.  See Foundation for Horses v. Babbitt, 154 F.3d
26 1103, 1104 n.1 (9th Cir. 1998); Wetlands Action Network, 222 F.3d at
27 1114 (explaining Foundation for Horses holding that "normal rule" does
28 not preclude intervention when NEPA does not apply to the agency's

7 - OPINION AND ORDER

1  decision).    Accordingly,  Applicants  may  intervene  with  respect  to
2  plaintiffs' NEPA claim.

3                              CONCLUSION

4      Applicants' Motion to Intervene (doc. 7) is GRANTED.  The Audubon
5  Society of Portland, Biodiversity Northwest, Environmental Protection
6  Information  Center,  Northwest  Ecosystem  Alliance,  Oregon  Natural
7  Resources  Council,  Seattle  Audubon  Society,  Sierra  Club,  and  The
8  Wilderness Society may intervene as defendants in all phases of the
9  proceedings.

10  IT IS SO ORDERED.

11      Dated this _____ day of October, 2002.

14                              _____
15                                        Ann Aiken
                                United States District Judge

8 - OPINION AND ORDER

# EXHIBIT B

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) | Case No.  1:07-cv-00484-JDB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| H. DALE HALL, Director, United States Fish and | ) | |
| Wildlife Service, DAVID M. VERHEY, Acting Assistant | ) | |
| Secretary for Fish and Wildlife and Parks, and DIRK | ) | |
| KEMPTHORNE, Secretary of Interior, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR | ) | |
| BIOLOGICAL DIVERSITY, CONSERVATION | ) | |
| NORTHWEST, ENVIRONMENTAL PROTECTION | ) | |
| INFORMATION CENTER, GIFFORD PINCHOT TASK | ) | |
| FORCE, OREGON WILD, SEATTLE AUDUBON | ) | |
| SOCIETY, SIERRA CLUB, and THE WILDERNESS | ) | |
| SOCIETY, | ) | |
| | ) | |
| Defendant-Intervenors. | ) | |

**DEFENDANT-INTERVENORS' ANSWER**

On March 7, 2007, the American Forest Resource Council ("AFRC") filed this action to compel the United States Fish and Wildlife Service ("FWS") to delist the Washington, Oregon, and California population of marbled murrelets, currently listed as "threatened" under the Endangered Species Act ("ESA"). In response to AFRC's Complaint, defendant-intervenors Audubon Society of Portland, Center for Biological Diversity, Conservation NW, Environmental Protection Information Center, Gifford Pinchot Task Force, Oregon Wild, Seattle Audubon Society, Sierra Club, and The Wilderness Society have intervened to ensure that the marbled murrelet listing stays in place. Pursuant to Federal Rule of Civil Procedure 24(c), defendant-intervenors submit this Answer. The numbered paragraphs in this Answer correspond to those contained in AFRC's Complaint.

## INTRODUCTION

1.    Paragraph 1 of the Complaint characterizes AFRC's case and contains legal conclusion to which no response is required.

## JURISDICTION AND VENUE

2.    Defendant-intervenors deny that the Court has subject matter jurisdiction over this action. Defendant-intervenors admit that venue is proper in this district.

## PARTIES

3.    Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.    Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.    Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

DEFENDANT-INTERVENORS' ANSWER   - 2 -

6.    Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.    Defendant-intervenors admit that defendants H. Dale Hall, David M. Verhey, and Dirk Kempthorne are officials of the United States Department of Interior and are responsible for overseeing the administration of the ESA with respect to terrestrial species, including the marbled murrelet.

BACKGROUND ALLEGATIONS

8.    Defendant-intervenors admit that the marbled murrelet is a robin-sized seabird that lives in both marine and inland forested environments along the Pacific coast.  Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint.

9.    Defendant-intervenors deny the allegations in paragraph 9 of the Complaint.

10.    The allegations in paragraph 10 of the Complaint characterize the language of 16 U.S.C. §§ 1532(15), 1533(c)(1), which speaks for itself and constitutes the best evidence of its contents.

11.    The allegations in paragraph 11 of the Complaint characterize the language of 57 Fed. Reg. 45,328 et seq., which speaks for itself and constitutes the best evidence of its contents.

12.    The allegations in paragraph 12 of the Complaint characterize the language of 57 Fed. Reg. 45,328 et seq., which speaks for itself and constitutes the best evidence of its contents.

13.    The allegations in the first five sentences of paragraph 13 of the Complaint characterize the language of 57 Fed. Reg. 45,328 et seq., which speaks for itself and constitutes the best evidence of its contents.  Defendant-intervenors deny the allegation in the final sentence

DEFENDANT-INTERVENORS' ANSWER   - 3 -

of paragraph 13 of the Complaint that FWS "never" reexamined the status of the listed marbled murrelet population. Defendant-intervenors aver that FWS completed a status review for the Washington, Oregon, and California population of marbled murrelets in 2004,[1] and that the United States Geological Survey ("USGS"), on behalf of FWS, released a status review of the British Columbia and Alaska populations of marbled murrelets in early 2007.[2]

14.    Defendant-intervenors admit that FWS issued its Policy Regarding the Recognition of Distinct Vertebrate Population Segments Under the Endangered Species Act ("DPS Policy") on February 7, 1996. The remaining allegations in paragraph 14 of the Complaint characterize the language of the DPS Policy, 61 Fed. Reg. 4,722 et seq., which speaks for itself and constitutes the best evidence of its contents.

15.    The allegations in paragraph 15 of the Complaint characterize the language of 16 U.S.C. § 1533(c), which speaks for itself and constitutes the best evidence of its contents.

16.    The allegations in paragraph 16 of the Complaint characterize the language of 16 U.S.C. § 1533(a)-(c), which speaks for itself and constitutes the best evidence of its contents.

17.    The allegations in paragraph 17 of the Complaint characterize the language of 50 C.F.R. §§ 424.16, .17, and .21, which speaks for itself and constitutes the best evidence of its contents.

18.    Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 18 of the Complaint.

---

[1] FWS, Marbled Murrelet 5-Year Review, 2004, available at http://ecos.fws.gov/docs/five_year_review/doc732.pdf (last viewed Apr. 26, 2007).

[2] USGS, Status Review of the Marbled Murrelet (Brachyramphus Marmoratus) in Alaska and British Columbia, 2007, available at http://pubs.usgs.gov/of/2006/1387/pdf/ofr20061387.pdf (last viewed Apr. 26, 2007).

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Defendant-intervenors admit that AFRC filed a lawsuit in 2002 to compel FWS to conduct a 5-year status review of the listed marbled murrelet population.

19.     Defendant-intervenors admit the allegations in paragraph 19 of the Complaint.

20.     Defendant-intervenors admit the allegations in paragraph 20 of the Complaint.

21.     The allegations in paragraph 21 of the Complaint characterize the language of FWS's 2004 Marbled Murrelet 5-Year Review, which speaks for itself and constitutes the best evidence of its contents.

22.     The allegations in paragraph 22 of the Complaint characterize the language of FWS's 2004 Marbled Murrelet 5-Year Review, which speaks for itself and constitutes the best evidence of its contents.

23.     Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 23 of the Complaint.  The remaining allegations in paragraph 23 characterize the language of the 2007 USGS report entitled "Status Review of the Marbled Murrelet in Alaska and British Columbia," which speaks for itself and constitutes the best evidence of its contents.

24.     Defendant-intervenors admit that FWS has not proposed to delist the marbled murrelet since August 31, 2004.

25.     Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.  Defendant-intervenors specifically deny that plaintiff is entitled to any relief in this case.

<u>CLAIMS FOR RELIEF</u>

FIRST CLAIM FOR RELIEF

26.     In response to paragraph 26 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 of this Answer as if fully set forth herein.

DEFENDANT-INTERVENORS' ANSWER   - 5 -

27.     The allegations in the first, second, fourth, fifth, and sixth sentences of paragraph 27 of the Complaint characterize the language of FWS's 2004 Marbled Murrelet 5-Year Status Review, which speaks for itself and constitutes the best evidence of its contents.  The allegations in the third and seventh sentences of paragraph 27 are legal conclusions to which no response is required.

28.     The allegations in paragraph 28 are legal conclusions to which no response is required and characterize the language of 16 U.S.C. § 1533(c)(2), which speaks for itself and constitutes the best evidence of its contents.

29.     The allegations in paragraph 29 are legal conclusions to which no response is required.

SECOND CLAIM FOR RELIEF

30.     In response to paragraph 30 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 of this Answer as if fully set forth herein.

31.     The allegations in paragraph 31 of the Complaint characterize the language of 50 C.F.R. §§ 424.11, .21, and 16 U.S.C. § 1533(a), which speaks for itself and constitutes the best evidence of its contents.  Defendant-intervenors specifically deny the accuracy of the quotation contained in the second sentence of paragraph 31.

32.     The allegations in paragraph 32 of the Complaint characterize the language of FWS's 2004 Marbled Murrelet Status Review, which speaks for itself and constitutes the best evidence of its contents.  Defendant-intervenors specifically deny the allegation that the Washington, Oregon, and California population of marbled murrelets is not entitled to ESA listing as a "threatened species."

33.     The allegations in the first sentence of paragraph 33 of the Complaint characterize the language of 50 C.F.R. § 424.11, which speaks for itself and constitutes the best evidence of

DEFENDANT-INTERVENORS' ANSWER   - 6 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

its contents. Defendant-intervenors specifically deny the accuracy of the quotation. Defendant-intervenors also deny that FWS was obligated to delist the Washington, Oregon, and California population of the marbled murrelet and that plaintiff is entitled to any relief in this case.

## THIRD CLAIM FOR RELIEF

34.     In response to paragraph 34 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 of this Answer as if fully set forth herein.

35.     The allegations in paragraph 35 are legal conclusions to which no response is required and characterize the language of 5 U.S.C. § 706(1), which speaks for itself and constitutes the best evidence of its contents.

## FOURTH CLAIM FOR RELIEF

36.     In response to paragraph 36 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 of this Answer as if fully set forth herein.

37.     Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.     The allegations in the first three sentences of paragraph 38 of the Complaint are legal conclusions to which no response is required and characterize 16 U.S.C. § 1533 and 50 C.F.R. §§ 424.11, .21, which speak for themselves and constitute the best evidence of their contents. Defendant-intervenors admit the allegations in the final sentence of paragraph 38; however, defendant-intervenors specifically deny that FWS violated the ESA or APA in not delisting the Washington, Oregon, and California population of marbled murrelets. See Coos County Bd. of County Comm'rs v. Norton, No. 06-6010-HO, 2006 WL 1720496, at *1-2 (D. Or. June 19, 2006).

39.     The allegations in paragraph 39 of the Complaint are legal conclusions to which no response is required.

DEFENDANT-INTERVENORS' ANSWER   - 7 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

## FIFTH CLAIM FOR RELIEF

40.    In response to paragraph 40 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 and 37 of this Answer as if fully set forth herein.

41.    The allegations in paragraph 41 of the Complaint are legal conclusions to which no response is required and characterize the language of 16 U.S.C. § 1533(c)(2)(B) and 50 C.F.R. §§ 424.11, .16-.18, and .21, which speak for themselves and constitute the best evidence of their contents.  Defendant-intervenors specifically deny that FWS violated the ESA or APA in not delisting the Washington, Oregon, and California population of marbled murrelets.  See Coos County, 2006 WL 1720496, at *1-2.

42.    The allegations in paragraph 42 of the Complaint are legal conclusions to which no response is required.

## SIXTH CLAIM FOR RELIEF

43.    In response to paragraph 43 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 and 37 of this Answer as if fully set forth herein.

44.    The allegations in the first four sentences of paragraph 44 of the Complaint are legal conclusions to which no response is required.  The allegations in the fifth sentence of paragraph 44 of the Complaint characterize the language of the 2007 USGS report entitled "Status Review of the Marbled Murrelet in Alaska and British Columbia," which speaks for itself and constitutes the best evidence of its contents.  The allegations in the sixth sentence of paragraph 44 of the Complaint are legal conclusions to which no response is required.

## SEVENTH CLAIM FOR RELIEF

45.    In response to paragraph 45 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 and 37 of this Answer as if fully set forth herein.

DEFENDANT-INTERVENORS' ANSWER   - 8 -

46.     The allegations in paragraph 46 of the Complaint are legal conclusions to which no response is required and characterize the Regulatory Flexibility Act, 5 U.S.C. § 601 et seq., which speaks for itself and constitutes the best evidence of its contents.

47.     The allegations in paragraph 47 of the Complaint are legal conclusions to which no response is required and characterize the Unfunded Mandates Reform Act, 2 U.S.C. § 1501 et seq., which speaks for itself and constitutes the best evidence of its contents.

48.     The allegations in paragraph 48 of the Complaint are legal conclusions to which no response is required.

49.     The allegations in paragraph 47 of the Complaint are legal conclusions to which no response is required.

EIGHTH CLAIM FOR RELIEF

50.     In response to paragraph 50 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 and 37 of this Answer as if fully set forth herein.

51.     The allegations in paragraph 51 of the Complaint are legal conclusions to which no response is required and characterize the language of 42 U.S.C. § 4332(2)(C) and 40 C.F.R. §§ 1501.4 and 1508.9, which speak for themselves and constitute the best evidence of their contents.

52.     The allegations in paragraph 52 of the Complaint are legal conclusions to which no response is required.

53.     The allegations in paragraph 53 of the Complaint are legal conclusions to which no response is required.

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

## PRAYERS FOR RELIEF

The remainder of the Complaint constitutes plaintiff's requests for relief to which no response is required.  Defendant-intervenors aver that plaintiff is not entitled to relief on any claims and that the Court should dismiss the Complaint with prejudice.

## GENERAL DENIAL

Defendant-intervenors deny any allegations of the Complaint, whether express or implied, that are not expressly admitted or qualified in this Answer.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

AFRC's Second and Third Claims for Relief rely on a version of 50 C.F.R. § 424.11(d) that does not exist.  The current version of section 424.11(d), which has been in effect since 1984, contradicts AFRC's claim that FWS was under a mandatory obligation to promulgate a rule to delist the Washington, Oregon, and California population of marbled murrelets.  Because these claims rely on regulatory language that has not been promulgated, these causes of action fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

AFRC has failed to allege that it petitioned FWS to initiate delisting proceedings for the Washington, Oregon, and California population of marbled murrelets.  Accordingly, AFRC's Complaint fails to state a claim upon which relief can be granted.  See Coos County, 2006 WL 1720496, at *1-2.

## THIRD AFFIRMATIVE DEFENSE

AFRC has failed to allege that it petitioned FWS to initiate delisting proceedings for the Washington, Oregon, and California population of marbled murrelets.  Accordingly, the Court

DEFENDANT-INTERVENORS' ANSWER   - 10 -

does not have subject matter jurisdiction over AFRC's claims.  See Coos County, 2006 WL

1720496, at *1-2.

Respectfully submitted this 30th day of April, 2007.


/s/  Patti Goldman
PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors Audubon
Society of Portland, Center for Biological Diversity,
Conservation Northwest, Environmental Protection
Information Center, Gifford Pinchot Task Force,
Oregon Wild, Seattle Audubon Society, Sierra Club,
and The Wilderness Society*

DEFENDANT-INTERVENORS' ANSWER  - 11 -

# EXHIBIT C

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) | Case No.  1:07-cv-00484-JDB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior, | ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendant-Intervenors. | ) | |

**DEFENDANT-INTERVENORS' PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED AND MEMORANDUM IN SUPPORT THEREOF**

DEFENDANT-INTERVENORS' PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED AND MEMO IN SUPPORT THEREOF  - 1 -

PARTIAL MOTION TO DISMISS

Defendant-intervenors Audubon Society of Portland, Center for Biological Diversity, Conservation NW, Environmental Protection Information Center, Gifford Pinchot Task Force, Oregon Wild, Seattle Audubon Society, Sierra Club, and The Wilderness Society (collectively "Audubon") hereby move the Court to dismiss plaintiff American Forest Resource Council's ("AFRC") Second and Third Claims for Relief pursuant to Fed. R. Civ. P. 12(b)(6).  In addition, Audubon asks the Court to order AFRC to clarify whether its Fourth through Eighth Claims for Relief depend on non-existent regulatory language quoted in paragraphs 31 and 33 of its complaint and amend or withdraw those claims as necessary.

MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS

INTRODUCTION

AFRC claims that the United States Fish and Wildlife Service ("FWS") violated the Endangered Species Act ("ESA") by failing to discharge a purported mandatory duty to initiate rulemaking to remove the Washington, Oregon, and California population of marbled murrelets from its list of threatened species.  Complaint at ¶¶ 30-33.  AFRC relies on and quotes language from 50 C.F.R. § 424.11(d) of the ESA implementing regulations.  However, despite Audubon's diligent search, the language AFRC attributes to 50 C.F.R. § 424.11 appears nowhere in the Code of Federal Regulations, the Federal Register, or any case or statute.  Clearly, AFRC cannot bring claims for violations of a regulation that has not been officially proposed or promulgated.[1]

---

[1] Language very similar to that quoted by AFRC does appear in a recently leaked draft of possible proposed amendments to the ESA regulations.  See Rebecca Clarren, Salon.com, Inside the secretive plan to gut the Endangered Species Act (March 27, 2007), available at http://www.salon.com/news/feature/2007/03/27/endangered_species/index.html?source=rss. Those draft amendments are not, however, current law.

DEFENDANT-INTERVENORS' PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED AND MEMO IN SUPPORT THEREOF   - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

AFRC'S CLAIMS RELY ON REGULATORY
LANGUAGE THAT DOES NOT EXIST

In its Second Claim for Relief, AFRC states that 50 C.F.R.§ 424.11 "imposes a non-discretionary duty that '[t]he Secretary shall delist a species if … [a] status review determines that a species no longer meets the criteria in section 4(a)(1).'"  Complaint at ¶ 31 (purportedly quoting 50 C.F.R. § 424.11(d)) (emphasis, ellipses, and brackets in original); see also Complaint at ¶ 33.  However, the actual language of the regulation cited in the complaint states:

> The factors considered in delisting a species are those in paragraph (c) of this section as they relate to the definitions of endangered or threatened species.  Such removal must be supported by the best scientific and commercial data available to the Secretary after conducting a review of the status of the species.  A species may be delisted only if such data substantiate that it is neither endangered nor threatened for one of the following reasons:
>
> (1)    Extinction.  Unless all individuals of the listed species had been previously identified and located, and were later found to be extirpated from their previous range, a sufficient period of time must be allowed before delisting to indicate clearly that the species is extinct.
>
> (2)    Recovery.  The principal goal of the U.S. Fish and Wildlife Service and the National Marine Fisheries Service is to return listed species to a point at which protection under the Act is no longer required.  A species may be delisted on the basis of recovery only if the best scientific and commercial data available indicate that it is no longer endangered or threatened.
>
> (3)    Original data classification in error.  Subsequent investigations may show that the best scientific or commercial data available when the species was listed, or the interpretation of such data, were in error.

50 C.F.R. § 424.11(d).  The actual language of 50 C.F.R. § 424.11 makes it clear that a decision to delist a species must be based on the best scientific and commercial data available and must occur "after conducting a review of the status of the species."  Id. (emphasis added).  FWS appears to have followed the existing language of 50 C.F.R. § 424.11 when it withheld a marbled murrelet delisting decision "pending the completion of a range-wide status review" for the species.  See Complaint at ¶ 22; Marbled Murrelet 5-Year Status Review at 28.  Contrary to

DEFENDANT-INTERVENORS' PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED AND MEMO IN SUPPORT THEREOF   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

AFRC's Complaint, however, it is impossible for FWS to violate regulatory language that has not yet been adopted.

Similarly, in its Third Claim for Relief, AFRC alleges that FWS's failure to promptly initiate rulemaking to delist the marbled murrelet (based on the alleged non-discretionary duty discussed in the Second Claim for Relief) constituted unreasonable delay in discharging a mandatory duty in violation of the Administrative Procedure Act ("APA").  Complaint at ¶¶ 34-35.  If the purported non-discretionary duty does not exist in the extant regulatory language, there can be no unreasonable delay for not complying.

In the Fourth through Eighth Claims for Relief, AFRC cites to 50 C.F.R. § 424.11 as a basis for its allegations.  It appears that these claims also fail to state a claim upon which relief can be granted.  However, the claims also assert other authorities for support and do not directly misquote 50 C.F.R. § 424.11.  For this reason, Audubon asks the Court to order AFRC to clarify these claims and withdraw them if they too rely on the imaginary version of the regulations.

CONCLUSION

Because AFRC relies on regulatory language that does not exist, AFRC's Second and Third Claims for Relief fail to state a claim upon which relief can be granted.  Audubon respectfully asks the Court to dismiss these two claims with prejudice.  See Fed. R. Civ. P. 12(b)(6).  AFRC's Fourth, Fifth, Sixth, Seventh, and Eighth Claims for Relief also cite to 50 C.F.R. § 424.11; however, it is unclear whether AFRC is relying on the non-existent regulatory language to support these remaining claims.  For those claims, Audubon asks the Court to order AFRC to clarify which are premised on the non-existent version of 50 C.F.R. § 424.11(d) quoted in paragraphs 31 and 33 of the Complaint and amend or withdraw those claims as necessary.

DEFENDANT-INTERVENORS' PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED AND MEMO IN SUPPORT THEREOF   - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Respectfully submitted this 30th day of April, 2007.

/s/  Patti Goldman
PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors Audubon Society of Portland, Center for Biological Diversity, Conservation Northwest, Environmental Protection Information Center, Gifford Pinchot Task Force, Oregon Wild, Seattle Audubon Society, Sierra Club, and The Wilderness Society*

DEFENDANT-INTERVENORS' PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED AND MEMO IN SUPPORT THEREOF   - 5 -

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) | Case No.  1:07-cv-00484-JDB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY, | ) | |
| | ) | |
| Defendant-Intervenors. | ) | |

**[PROPOSED] ORDER GRANTING DEFENDANT-INTERVENORS'
PARTIAL MOTION TO DISMISS**

[PROPOSED] ORDER GRANTING DEFENDANT-
INTERVENORS' PARTIAL MOTION TO DISMISS   - 1 -

*Earthjustice
705 Second Ave., Suite 203
Seattle, WA  98104
(206) 343-7340*

THIS MATTER comes before the Court on defendant-intervenors' Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court, having considered all relevant motions, memoranda, and supporting documents, and good cause having been shown, orders that plaintiff's Second and Third Claims for Relief are DISMISSED with prejudice.  The Court further orders that plaintiff clarify whether its Fourth through Eighth Claims for Relief depend on the non-existent regulatory language quoted in paragraphs 31 and 33 of their complaint and amend or withdraw those claims as necessary.

DATED this _____ day of _____, 2007.

_____
THE HONORABLE JOHN D. BATES
United States District Court Judge

Presented by:

/s/  Patti Goldman_____
PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors*
*Audubon Society of Portland, Center for*
*Biological Diversity, Conservation Northwest,*
*Environmental Protection Information Center,*
*Gifford Pinchot Task Force, Oregon Wild,*
*Seattle Audubon Society, Sierra Club, and*
*the Wilderness Society*

[PROPOSED] ORDER GRANTING DEFENDANT-
INTERVENORS' PARTIAL MOTION TO DISMISS   - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

# EXHIBIT D

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) | Case No.  1:07-cv-00484-JDB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| H. DALE HALL, Director, United States Fish and | ) | |
| Wildlife Service, DAVID M. VERHEY, Acting Assistant | ) | |
| Secretary for Fish and Wildlife and Parks, and DIRK | ) | |
| KEMPTHORNE, Secretary of Interior, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR | ) | |
| BIOLOGICAL DIVERSITY, CONSERVATION | ) | |
| NORTHWEST, ENVIRONMENTAL PROTECTION | ) | |
| INFORMATION CENTER, GIFFORD PINCHOT TASK | ) | |
| FORCE, OREGON WILD, SEATTLE AUDUBON | ) | |
| SOCIETY, SIERRA CLUB, and THE WILDERNESS | ) | |
| SOCIETY, | ) | |
| | ) | |
| Proposed Defendant-Intervenors. | ) | |

**DECLARATION OF ROBERT SALLINGER IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION TO INTERVENE**

DECLARATION OF ROBERT SALLINGER IN SUPPORT
OF DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE  - 1 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

I, ROBERT SALLINGER, declare as follows:

1.      I am a member of the Audubon Society of Portland.  I have worked at the Audubon Society of Portland since 1993 and currently serve as the Society's Conservation Director.  I have previously held the positions of Wildlife Care Center Director and Urban Conservation Director within the organization.  I have a particular interest in endangered species issues and have worked extensively on peregrine falcon recovery.  In 1998 I was awarded a Recognition Award from the U.S. Fish and Wildlife Service ("FWS") for "outstanding efforts to conserve and manage the endangered Peregrine Falcon."  I have a BA in biology from Reed College and I am currently completing my final semester of work towards a law degree at Lewis and Clark Law School.  I live in Northeast Portland and enjoy camping, hiking, and bird watching for species including the marbled murrelet.

2.      Audubon Society of Portland was founded in 1902 and is organized under the laws of Oregon as a 501(c)(3) non-profit organization.  The organization has approximately 9,600 members, a paid staff of 25, and about 1,000 active volunteers.  Audubon Society of Portland is regarded as the largest and one of the most active of the more than 510 local chapters of the National Audubon Society.

3.      The mission of Audubon Society of Portland is to promote the enjoyment, understanding and protection of native birds, other animals, and their habitats, with particular focus on the Portland community and the Pacific Northwest.  Audubon Society of Portland pursues this mission through science-based environmental education, nature-oriented trips and events, and wildlife rehabilitation, as well as vigorous advocacy of conservation policy at the regional and urban levels.

DECLARATION OF ROBERT SALLINGER IN SUPPORT
OF DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE   - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

4.      Audubon Society of Portland has long been a leader in efforts to protect the marbled murrelet and its habitat in the Pacific Northwest.  In the late 1980s, Audubon Society of Portland commissioned a study by wildlife biologist David B. Marshall, concerning the health and viability of marbled murrelet populations on the West Coast.  Based on the results of this study, in January 1988, Audubon Society of Portland formally petitioned FWS to list the marbled murrelet as a threatened species in Oregon, Washington, and California.  Audubon Society of Portland simultaneously petitioned the Oregon Fish & Wildlife Commission to list the species under the Oregon Endangered Species Act.

5.      After initiating these petitions, Audubon Society of Portland continued to advocate for federal and state protection and designation of critical habitat for the species.  In April 1991, Audubon Society of Portland filed suit in Federal District Court in Seattle, in order to compel FWS to discharge its mandatory duty under the Endangered Species Act by listing the murrelet as a threatened species.  FWS ultimately complied with this request in September 1992. Audubon Society of Portland continued to litigate in order to compel FWS to designate critical habitat for the marbled murrelet.  Pursuant to Audubon Society of Portland's motions and repeated orders from the Court, FWS finally published a proposed critical habitat designation for the marbled murrelet in January 1994 and designated critical habitat in May 1996.  In 2002, Audubon Society of Portland intervened in an AFRC suit challenging the marbled murrelet listing and critical habitat designation.

6.      Audubon Society of Portland has since been involved in numerous actions and campaigns to protect murrelets and their habitat.  For example, Audubon Society of Portland has challenged individual timber sales in Oregon on the grounds that such sales would jeopardize murrelets or their habitat.  Audubon Society of Portland has consistently worked to create or

DECLARATION OF ROBERT SALLINGER IN SUPPORT
OF DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

expand wilderness areas, sanctuaries, and greenways, in an effort to protect habitat for species, including the murrelet. Most recently, Audubon Society of Portland has worked specifically on protecting habitat for the marbled murrelet in the Tillamook and Clatsop State Forests, writing a vision with the help of scientists for the protection of this species in the state forests.

7.     In addition to their organized advocacy on behalf of the marbled murrelet, Audubon Society of Portland members take immense pleasure in visiting marbled murrelet habitat in hopes of viewing or hearing the birds. Audubon Society of Portland organizes and hosts roughly 250 birding trips and outings each year, many of which are to areas inhabited by the marbled murrelet. Fundraising events, like Audubon Society of Portland's annual Birdathon, are planned to provide participants with opportunities to potentially view marbled murrelets. Audubon Society of Portland members also frequent such areas on their own. Many Audubon Society of Portland members have cherished the opportunity to see or hear these birds in their natural habitat.

8.     I regularly use and enjoy the forests in Oregon and Washington for hiking, education, and recreational purposes. In particular, I enjoy walking in mature and old-growth forests. I have a deep and long-standing interest in protection of the biology and conservation of these forests and their associated wildlife, including the marbled murrelet. I enjoy and benefit from the existence of mature and old-growth forests, and their associated wildlife such as the marbled murrelet.

9.     My interests and those of Audubon Society of Portland would be irreparably harmed if the Court were to rule that FWS's listing of the Washington, Oregon, and California population of the marbled murrelet is invalid. Such a ruling would decrease the protections available to the marbled murrelet and jeopardize the continued existence of this unique bird

DECLARATION OF ROBERT SALLINGER IN SUPPORT
OF DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE   - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

species. Furthermore, Audubon Society of Portland's general interest in protecting threatened and endangered birds such as the marbled murrelet would be jeopardized if the plaintiffs in this case were to succeed in making it more difficult for FWS to list threatened and endangered birds in the future.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this _17th_ day of _April_, 2007, at Portland, Oregon.

_Robert Sall_

ROBERT SALLINGER

DECLARATION OF ROBERT SALLINGER IN SUPPORT
OF DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE  - 5 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

# EXHIBIT E

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) | Case No.  1:07-cv-00484-JDB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| H. DALE HALL, Director, United States Fish and | ) | |
| Wildlife Service, DAVID M. VERHEY, Acting Assistant | ) | |
| Secretary for Fish and Wildlife and Parks, and DIRK | ) | |
| KEMPTHORNE, Secretary of Interior, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR | ) | |
| BIOLOGICAL DIVERSITY, CONSERVATION | ) | |
| NORTHWEST, ENVIRONMENTAL PROTECTION | ) | |
| INFORMATION CENTER, GIFFORD PINCHOT TASK | ) | |
| FORCE, OREGON WILD, SEATTLE AUDUBON | ) | |
| SOCIETY, SIERRA CLUB, and THE WILDERNESS | ) | |
| SOCIETY, | ) | |
| | ) | |
| Proposed Defendant-Intervenors. | ) | |

**DECLARATION OF DAVID NOAH GREENWALD IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION TO INTERVENE**

DECLARATION OF DAVID NOAH GREENWALD IN
SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS'
MOTION TO INTERVENE  - 1 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

I, DAVID NOAH GREENWALD, declare as follows:

1.      I have been a member of and a Conservation Biologist for the Center for Biological Diversity ("CBD") for nearly ten years.  In this capacity, I have been responsible for reviewing the status of species and ecosystems, including the marbled murrelet and the habitat upon which it depends.

2.      CBD is a nonprofit corporation founded in 1989 with offices in Oregon, New Mexico, Arizona, and California.  CBD has over 34,000 members who are dedicated to the preservation, protection, and restoration of biodiversity, native species, ecosystems, and public lands in western North America.  Many of CBD's members live, work, or recreate in areas occupied by the marbled murrelet.

3.      Prior to working for CBD, I obtained a master's degree in forest ecology from the University of Washington.  In obtaining this degree, I conducted field research in old-growth forests on the Olympic Peninsula utilized by the murrelet.  Through this research, as well as coursework, I obtained a detailed understanding and appreciation for the old-growth forests needed by the marbled murrelet.

4.      During the spring and summer of 1992, I worked as a marbled murrelet surveyor for the Oregon Cooperative Wildlife Research Unit, surveying timber sales for presence of the unique seabird in timber sales on the Siuslaw National Forest in coastal Oregon.  This work involved waking up as early as 3:30 a.m., driving and hiking to survey stations in the forest, and quietly looking up into the sky for one and a half hours at sunrise in the hope of seeing or hearing a marbled murrelet.

5.      As a marbled murrelet surveyor, I was fortunate to hear and see marbled murrelets on multiple occasions.  Hearing the distinctive "keer" call of the marbled murrelet, which clearly

DECLARATION OF DAVID NOAH GREENWALD IN
SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS'
MOTION TO INTERVENE  - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

identifies it as a seabird, in the heart of the forest, is an amazing experience. Since working as a surveyor, I have visited marbled murrelet habitat on multiple occasions with the express purpose of again hearing or seeing a marbled murrelet. I plan to visit the forest this spring and summer in order to observe murrelets and to bring my loved ones, including my two sons, so they too can have the unique experience of seeing a seabird that nests in old-growth forests of the Pacific Northwest.

6.     Since the Bush Administration announced in late 2005 their intent to reconsider the status of the marbled murrelet in Washington, Oregon, and California as a distinct population segment that warrants protection as a threatened species, CBD has been actively engaged in ensuring that protection is retained or strengthened. I spoke to an audience of roughly 40 interested persons about the potential for loss of protection at the University of Oregon's annual environmental law conference in Eugene, Oregon, in March 2006. More recently, CBD submitted comments on revised critical habitat for the marbled murrelet, opposing the proposed reduction of this important protection by roughly 90%.

7.     I am personally saddened that a part of our natural history has been lost to careless logging and destruction of old-growth forests that serve as habitat for the marbled murrelet. As a resident of the Pacific Northwest, I regularly visit old-growth forests within the range of the marbled murrelet for recreation, solace, and study. I have a personal and professional interest in seeing these old-growth forests in a healthy condition. There are a number of old-growth forests in Oregon that I try to visit when I can, including forests utilized by the murrelet at Cape Perpetua.

8.     My personal interest in the marbled murrelet and its habitat, as well as the interests of CBD and its members, would be harmed if the U.S. Fish and Wildlife Service

DECLARATION OF DAVID NOAH GREENWALD IN
SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS'
MOTION TO INTERVENE   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

("FWS") were to delist the marbled murrelet and, accordingly, deny ESA protection for the species. When FWS listed the marbled murrelet in Washington, Oregon, and California, it identified numerous threats to the species' recovery and survival, including destruction of old-growth forests, gillnet fishing, and oil spills. If this Court were to declare that FWS's listing of the marbled murrelet is invalid, these threats to murrelet survival and recovery will continue to threaten the existence of this unique bird.

9.    I plan to visit more marbled murrelet habitat in the future. Specifically, I plan to visit the Cummins Creek Wilderness on the Siuslaw National Forest this spring or summer, specifically to observe marbled murrelets. When hiking or camping, I usually make an effort to look for birds such as the marbled murrelet. Connecting with the outdoors is essential for appreciating what we have in the Northwest and to gain a sense of a past that has so quickly faded. I will be irreparably harmed if the marbled murrelet population in Washington, Oregon, and California were to enter an irreversible decline during my lifetime, as is likely to occur if plaintiffs prevail in the present case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that this declaration. Executed this _22nd_ day of April, 2007, in Portland, Oregon.

DAVID NOAH GREENWALD

DECLARATION OF DAVID NOAH GREENWALD IN
SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS'
MOTION TO INTERVENE   - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

**EXHIBIT F**

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) | Case No.  1:07-cv-00484-JDB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior, | ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Proposed Defendant-Intervenors. | ) | |

**DECLARATION OF DAVID WERNTZ IN SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS' MOTION TO INTERVENE**

DECLARATION OF DAVID WERNTZ IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION TO
INTERVENE   - 1 -

I, DAVID WERNTZ, declare as follows:

1.      I am a forty-three year old citizen of the United States and a resident of Bellingham, Washington.

2.      I am the Science and Conservation Director with Conservation NW (formerly known as Northwest Ecosystem Alliance).  My responsibilities include directing programs that provide legal and scientific oversight of Forest Service projects and activities in western Washington on the Gifford Pinchot, Olympic, and Mount Baker-Snoqualmie National Forests, and programs that seek protection and recovery for Pacific Northwest plants and animals that are threatened with extinction.  I am also a Conservation NW member.

3.      Conservation NW is a non-profit conservation organization incorporated under the laws of Washington State, with its principal place of business in Bellingham, Washington, and offices in Seattle, Spokane, and Republic.  Conservation NW and our 4,400 members are dedicated to the protection and restoration of wildlands and threatened and endangered species in Washington State and southern British Columbia.

4.      Conservation NW's members, volunteers, supporters, and staff are generally active in the outdoors, and many regularly visit national forests in the Pacific Northwest for a range of activities such as hiking, camping, wildlife observation, hunting, and nature photography.  Many of our members have a strong interest in protecting marbled murrelets and its mature and old-growth forest habitat.

5.      Conservation NW engages in a host of activities to protect biological diversity and ecological integrity on public lands such as public outreach and education, interest-based collaboration, conservation advocacy and financing, and field surveys.  Conservation NW carries

DECLARATION OF DAVID WERNTZ IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION TO
INTERVENE   - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

out research and works with scientists, environmental activists, policymakers, and the general public to protect biological diversity and ecological integrity on public lands.

6.     Since 1994, Conservation NW has reviewed nearly all national forest timber sales and many other forest projects in western Washington in order to ensure that the Forest Service fulfills its statutory obligations to preserve endangered and threatened species such as the marbled murrelet.  Through formal administrative procedures and various other means, Conservation NW has encouraged the federal agencies responsible for forest management to modify or drop timber sales or other projects that would harm mature and old-growth forests that serve as habitat for the marbled murrelet.

7.     When necessary, Conservation NW has engaged in litigation to protect the marbled murrelet and its habitat.  Conservation NW and other groups intervened in <u>American Forest Resource Council v. Interior,</u> No. 02-6087-AA (D. OR.), a lawsuit that challenged the protected status of marbled murrelets and the designation of its critical habitat under the Endangered Species Act.  In <u>Pacific Coast Federation of Fishermen's Associations v. NMFS,</u> No. C04-1299RSM, 2007 WL 1031717 (W.D. Wash. Mar. 30, 2007), Conservation NW, along with other conservation groups, successfully defeated the federal government's attempt to weaken its "Aquatic Conservation Strategy" for Pacific Northwest national forests, some of which serve as marbled murrelet habitat.  Also, in <u>Gifford Pinchot Task Force v. FWS</u>, 378 F.3d 1059 (9th Cir. 2004), Conservation NW and other conservation groups successfully challenged FWS biological opinions that would have allowed increased logging in northern spotted owl habitat, which also can serve as habitat for the marbled murrelet.

8.     Conservation NW has also worked to protect other species under the Endangered Species Act.  For example, in the 1990s, Conservation NW initiated a petition to have the

DECLARATION OF DAVID WERNTZ IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION TO
INTERVENE   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Canada lynx designated a threatened species under the Endangered Species Act.  After nearly a decade of review and extensive litigation, FWS listed the Canada lynx as a threatened species across its range in the lower 48 states.  Conservation NW and other groups are continuing to advocate for designation of critical habitat for lynx.  As another example, Conservation NW has been involved in work to facilitate recovery of the grizzly bear in the North Cascades.  Conservation NW has submitted petitions to list and/or promoted recovery through critical habitat protection and other means for a number of other species such as western sage grouse, sharp tailed grouse, streaked horned lark, Pacific fisher, wolverine, woodland caribou, western gray squirrel, Mazama pocket gophers, Taylor's checkerspot, Mardon skipper, and several species of Pacific salmon and trout.

9.       Conservation NW's interest in protecting the marbled murrelet and its mature and old-growth forest habitat will be jeopardized if federal protections for the marbled murrelet are weakened or removed, or if areas now designated as critical habitat for the marbled murrelet are opened to harmful logging activities.  Conservation NW's interests in protecting endangered and threatened species throughout Washington will also be jeopardized if the courts impose requirements that make it more difficult for FWS to designate species as threatened and endangered species in the future.

10.      I regularly use and enjoy the forests in Washington State for education, recreation, and spiritual and aesthetic purposes.  In particular, I have interests in forest ecology, rare plant and animal identification, animal tracking, research and observation of wildlife/habitat relationships, and conservation of wildlife habitat.  I enjoy camping, hiking, studying wildlife, and taking pictures in mature and old-growth forests that serve as habitat for marbled murrelets and other wildlife.

DECLARATION OF DAVID WERNTZ IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION TO
INTERVENE   - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

11.    Last January, I visited mature and old-growth forest along the Sauk River on the Mount Baker-Snoqualmie national forest that supports a population of marbled murrelets. Although observing marbled murrelets in its old-growth forest habitat is challenging and sightings are rare, I plan to return to the Sauk River again this spring to look for murrelets and other old-growth wildlife. In 1998, I observed marbled murrelets in the Puget Sound near the San Juan Islands.

12.    Over the last 17 years, I have been personally involved in efforts to conserve marbled murrelets and its habitat. I have a deep and long-standing interest in marbled murrelet biology and conservation. I enjoy and benefit from mature and old-growth forests and their associated wildlife, including the marbled murrelet. My personal and professional interests would be irreparably harmed if FWS were to delist or weaken the protections available to the marbled murrelet, or if the Court were to impose requirements that make it more difficult for FWS to list threatened and endangered species in the future.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of April, 2007, at Bellingham, Washington.

DAVID WERNTZ

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

# EXHIBIT G

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) | Case No.  1:07-cv-00484-JDB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| H. DALE HALL, Director, United States Fish and | ) | |
| Wildlife Service, DAVID M. VERHEY, Acting Assistant | ) | |
| Secretary for Fish and Wildlife and Parks, and DIRK | ) | |
| KEMPTHORNE, Secretary of Interior, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR | ) | |
| BIOLOGICAL DIVERSITY, CONSERVATION | ) | |
| NORTHWEST, ENVIRONMENTAL PROTECTION | ) | |
| INFORMATION CENTER, GIFFORD PINCHOT TASK | ) | |
| FORCE, OREGON WILD, SEATTLE AUDUBON | ) | |
| SOCIETY, SIERRA CLUB, and THE WILDERNESS | ) | |
| SOCIETY, | ) | |
| | ) | |
| Proposed Defendant-Intervenors. | ) | |

**DECLARATION OF ROBERT SCOTT GREACEN IN SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS' MOTION TO INTERVENE**

DECLARATION OF ROBERT SCOTT GREACEN IN
SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS'
MOTION TO INTERVENE  - 1 -

I, ROBERT SCOTT GREACEN, declare as follows:

1.      My name is Robert Scott Greacen.  I am 42 years of age and a citizen of the United States.  I currently reside in Bayside, California.

2.      I am a member of the Environmental Protection Information Center ("EPIC").  I also serve as EPIC's National Forest Program Coordinator.  In this capacity, I am involved in efforts to protect and restore forest ecosystems, watersheds, and native species in Northwestern California, including the marbled murrelet.  I joined the EPIC staff in 2003.

3.      Founded in 1997, EPIC is a community-based, non-profit organization dedicated to protecting and restoring forest ecosystems, coastal estuaries, and native species of California's North Coast.  EPIC seeks to achieve these goals through public education, administrative advocacy, and strategic litigation.  EPIC's offices are located in Redway and Eureka in Humboldt County, California.  Many of EPIC's approximately 1,000 members reside in Northern California, some within close proximity to the state's remaining old-growth forests, including Redwood National Park, Redwood State Park, Headwaters Reserve, and Grizzly Creek State Park.  These forests provide some of the most valuable nesting habitat that remains in this region for the marbled murrelet.

4.      I direct, and am the principal staff for, EPIC's National Forest Protection Program, through which EPIC reviews and comments on land use activities proposed on public lands that serve as habitat for the marbled murrelet and other species.  EPIC strives to protect the ecological integrity of these National Forests, and a large part of this work focuses on the protection and restoration of old-growth forest, including marbled murrelet habitat.  EPIC has submitted numerous comments and appeals on timber sales, grazing allotments, and other land use activities on these national forests, in order to limit potential impacts to the species that

DECLARATION OF ROBERT SCOTT GREACEN IN
SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS'
MOTION TO INTERVENE   - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

depend on these public lands. EPIC also has an extensive program directed at protecting species habitat on private lands, particularly as affected by private land timber harvesting in Northern California. EPIC has challenged numerous private land logging proposals during the past 18 years in an effort to protect and preserve critical habitat for the marbled murrelet.

5.    EPIC's members, myself included, spend many hours enjoying and protecting the magnificent, towering ancient forests that serve as habitat for the marbled murrelet. EPIC's members frequently hike and backpack in old-growth forests and derive recreational, aesthetic, educational, scientific, and spiritual enjoyment and benefits from the continued existence of the marbled murrelet in the wild. EPIC's members, board, and staff have and will continue to undertake a variety of activities in these areas that depend on the continued existence of old-growth forests and the marbled murrelet. Among these activities are botany, mushroom hunting, bird watching, and tracking and otherwise observing wildlife.

6.    EPIC members have conducted scientific research on the marbled murrelet and are knowledgeable of the status of the species and the condition of its habitat. EPIC's members recognize that as the habitat for the marbled murrelet is degraded so is the quality of their own lives. EPIC has hosted observation and study for its members at the Prairie Creek State Park in Northern California during the summer murrelet breeding season.

7.    EPIC's efforts to protect the marbled murrelet through administrative advocacy have been extensive. For instance, EPIC has attended meetings of the California State Board of Forestry and Fire Protection on a routine basis for more than 18 years. At these meetings, EPIC often presents public testimony and prepares written comments on proposed amendments to the regulations that govern logging on private and state land in California. Some of these comments identify and document impacts to marbled murrelet habitat.

DECLARATION OF ROBERT SCOTT GREACEN IN
SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS'
MOTION TO INTERVENE  - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

8.      Among the most significant impacts to occupied marbled murrelet habitat in Northern California over the last two decades has been the extensive logging that has taken place on forest lands controlled by Pacific Lumber Company.  Since 1999, this logging has proceeded under an Incidental Take Permit ("ITP") granted by the U.S. Fish and Wildlife Service ("USFWS") pursuant to Pacific Lumber's Habitat Conservation Plan ("HCP").

9.      Pacific Lumber's HCP has set aside certain areas intended to provide habitat for the marbled murrelet.  These are called Marbled Murrelet Conservation Areas ("MMCAs"). These MMCAs constitute most of the remaining occupied murrelet habitat on Pacific Lumber lands.  These MMCAs are included within the 94% of previously designated murrelet critical habitat areas which lost critical habitat designation when the USFWS issued a different rule in 2006.

10.      A fundamental assumption of Pacific Lumber HCP, and other HCPs which include the marbled murrelet, is that the bulk of the conservation burden for the species is borne by public lands, particularly including those managed under the Northwest Forest Plan.  A delisting of the marbled murrelet could result in substantial changes to the Northwest Forest Plan, which in turn would result in significantly less protection for the murrelet and its habitat. For example, the Western Oregon Plan Revisions proposed by the Bureau of Land Management for the southwest Oregon lands managed by that agency under the Northwest Forest Plan could result in murrelet habitat on federal lands being opened to logging and other disturbance.  An unjustified delisting of the marbled murrelet could change the framework of federal land protection on which the Pacific Lumber HCP and others are based.  A delisting could indirectly undermine the limited protection provided by HCPs covering private land activities, affecting the legal basis of those HCPs and related plans.

DECLARATION OF ROBERT SCOTT GREACEN IN
SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS'
MOTION TO INTERVENE   - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

11.     In addition to attending Board of Forestry meetings, EPIC reviews logging plans that are proposed in Humboldt County, northern Mendocino County, and southern Del Norte County and often submits detailed comments on such plans.  These logging plans regularly include or are in close proximity to forests that provide habitat for the marbled murrelet.  Through our public comments, contacts with agency personnel, and attendance at "review team" meetings on the logging plans, EPIC seeks to ensure that adequate measures are implemented to prevent harm to the species.

12.     EPIC communicates with its members principally through its newsletter, *Wild California,* which is produced three times a year and distributed to approximately 2,500 people.  Articles on the marbled murrelet and threats to its habitat are frequently included in *Wild California.*  EPIC also issues action alerts that address threats facing the marbled murrelet and has a page on its website with biological and other information on the species.  Additionally, EPIC informs the public on issues confronting the marbled murrelet through local and national news stories and public presentations made by our staff, board, and members.  EPIC's educational work has played an essential role in bringing national and international attention to the plight of the ancient redwood forest known as Headwaters, an area in Humboldt County crucial to the continued survival of the marbled murrelet in California.

13.     EPIC has initiated and been party to numerous legal actions to protect the marbled murrelet.  For example, EPIC challenged and stopped more than two dozen logging operations that were proposed within the ancient redwood groves of Headwaters Forest.  EPIC was able to keep this designated critical habitat standing through many successful rulings from federal and state courts, and the USFWS later determined that each of the areas EPIC protected through these legal actions is critical to the continued survival of the species.  Three of the six ancient

DECLARATION OF ROBERT SCOTT GREACEN IN
SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS'
MOTION TO INTERVENE   - 5 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

groves in Headwaters are now permanently protected and in public hands.  Representative cases include the following:

       a.     In 1993, EPIC filed a lawsuit against Pacific Lumber Company under Section 9 of the ESA to protect marbled murrelet nesting habitat in an old-growth forest known as Owl Creek Grove, a 440-acre stand of ancient redwood and Douglas fir trees located within Headwaters Forest.  EPIC obtained a preliminary injunction in 1994, and after an eight-day bench trial in 1995, the court issued a permanent injunction on the logging operation.  The 9th Circuit Court of Appeals upheld this decision in 1996, and the U.S. Supreme Court upheld the decision in 1997.  See Marbled Murrelet and EPIC v. Pacific Lumber Co., 880 F. Supp 1343 (N.D. Cal. 1995), aff'd, 83 F. 3d 1060 (9th Cir. 1996), cert. denied 519 U.S. 1108 (1997).

       b.     In 1999, a boat punctured its hull while conducting dredging operations in Humboldt Bay, spilling an estimated 4,500 gallons of oil and killing a large number of bird and aquatic species.  There were 24 marbled murrelets found dead as a result of the spill, and scientists believe this represents 10 percent of the number of individuals that actually perished.  EPIC sought and obtained a preliminary injunction to halt the dredging operations after the spill occurred and compelled the U.S. Army Corps of Engineers to reinitiate consultation with the U.S. Fish and Wildlife Service under Section 7 of the ESA.

       c.     In 1999, EPIC filed a lawsuit challenging Pacific Lumber Company's "Sustained Yield Plan" and accompanying State of California permits to "take" species listed under the California Endangered Species Act, including a permit to log 10,000

DECLARATION OF ROBERT SCOTT GREACEN IN
SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS'
MOTION TO INTERVENE   - 6 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

acres of marbled murrelet nesting habitat and to kill up to 340 individuals.  This case is still pending, now before the California Supreme Court.

14.     I love the outdoors, and often visit the majestic ancient forests that provide nesting habitat for the marbled murrelet in Northern California, including Richardson Grove, Founders Grove, Grizzly Creek State Park, and Rockefeller Forest.  I intend to continue visiting these areas well into the future for the purposes of viewing or hearing marbled murrelet in the wild and enjoying the beneficial uses provided by its habitat.  I plan to visit Prairie Creek Redwoods State Park this summer with my family and visiting friends.

15.     My experiences as a resident of Northern California and as a member of EPIC have caused me to become increasingly concerned with the need to protect and restore the remaining ancient forests of Northern California and the unique species they support, including those that are listed as "threatened" and "endangered" under the federal Endangered Species Act, such as the marbled murrelet.  My personal experiences and observations—obtained through numerous hiking trips, aerial reconnaissance flights, and mapping operations—provide a strong foundation for my belief that the habitat for the marbled murrelet has been severely degraded and diminished throughout Northern California.  The habitat that remains serves as rare refugia for the marbled murrelet and is critical to its continued survival.

16.     If the Court were to rule in plaintiffs' favor in this case, the ESA protections for the marbled murrelet and its habitat would be weakened or eliminated.  As a result, EPIC would suffer great injury as an organization and its continuing efforts to protect the marbled murrelet would be frustrated.  Its members, including myself, would suffer great personal harm as well.

DECLARATION OF ROBERT SCOTT GREACEN IN
SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS'
MOTION TO INTERVENE   - 7 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this _18th_ day of April, 2007, at Eureka, California.

ROBERT SCOTT GREACEN

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

# EXHIBIT H

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) | Case No. 1:07-cv-00484-JDB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| H. DALE HALL, Director, United States Fish and | ) | |
| Wildlife Service, DAVID M. VERHEY, Acting Assistant | ) | |
| Secretary for Fish and Wildlife and Parks, and DIRK | ) | |
| KEMPTHORNE, Secretary of Interior, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR | ) | |
| BIOLOGICAL DIVERSITY, CONSERVATION | ) | |
| NORTHWEST, ENVIRONMENTAL PROTECTION | ) | |
| INFORMATION CENTER, GIFFORD PINCHOT TASK | ) | |
| FORCE, OREGON WILD, SEATTLE AUDUBON | ) | |
| SOCIETY, SIERRA CLUB, and THE WILDERNESS | ) | |
| SOCIETY, | ) | |
| | ) | |
| Proposed Defendant-Intervenors. | ) | |

**DECLARATION OF EMILY PLATT IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION TO INTERVENE**

DECLARATION OF EMILY PLATT IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE   - 1 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

I, EMILY PLATT, declare as follows:

1.        I am a United States citizen and a resident of Portland, Oregon.  I am a member and the executive director of the Gifford Pinchot Task Force ("GPTF").  I have been a member of GPTF since 2001 and the executive director since 2003.  As the executive director, I supervise the operations of GPTF and I am deeply involved in advocacy, outreach, litigation, education, and policy work.

2.        GPTF is a 501(c)(3) non-profit conservation organization headquartered in Portland, Oregon with over 3,000 members – mostly in the Pacific Northwest.  The mission of the GPTF is to protect and restore the ecosystems and communities of southwest Washington with a particular focus on the Gifford Pinchot National Forest.  The GPTF serves as an informational and educational resource on forest ecosystems of southwest Washington for interested citizens and organizations through a variety of avenues including grassroots organizing and legal advocacy.

3.        GPTF is strongly interested and has a long history of involvement in decisions affecting the Gifford Pinchot National Forest and its resident marbled murrelets.  For example, GPTF established a "Forest Watch Program" in which GPTF staff and volunteer activists review, evaluate, and comment on Forest Service management actions relating to Gifford Pinchot National Forest.  Timber sale monitoring, or "forest watch," involves reading environmental documents prepared for the timber sale, visiting the timber sale area in the forest, taking pictures and inventorying the wildlife and aquatic features, and submitting comments on the logging proposal.  By use of the Geographic Information System ("GIS"), GPTF also analyzes and assesses other project impacts and qualities including how proposed management actions may impact interior forest conditions and habitat.

DECLARATION OF EMILY PLATT IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE   - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

4.      GPTF has conducted briefings on forest and habitat issues to the U.S. Forest

Service, the Washington office of the U.S. Fish & Wildlife Service ("FWS"), members of

Congress and their staff, the Natural Resources Committee of the Cowlitz Indian Nation, the

Southern Cascades Provincial Advisory Committee, and the Regional Intergovernmental

Advisory Council.  One GPTF board member and one GPTF staff person sit on the Forest

Service's Southwest Washington Provincial Advisory Committee (PAC) and one on the northern

Regional Advisory Committee (RAC).

5.      Consistent with its mission of protecting ancient forests and regional biodiversity,

GPTF uses formal administrative procedures and various other means to protect the marbled

murrelet and its habitat.  GPTF has encouraged the Forest Service to modify or drop projects that

would harm mature and old-growth forests that serve as critical habitat for the marbled murrelet.

6.      GPTF has also engaged in litigation that will result in increased protection for the

marbled murrelet and its habitat.  Specifically, in Gifford Pinchot Task Force v. FWS, 378 F.3d

1059 (9th Cir. 2004), GPTF successfully challenged an interpretation of FWS's consultation

duties under Section 7 of the ESA that would have made it harder to protect old-growth forests

upon which the marbled murrelet depends.

7.      GPTF and its members, myself included, use and value the Gifford Pinchot

National Forest for hiking, photography, research, solitude, camping, and other recreational and

non-recreational activities, including trying to observe the habits and habitat of the marbled

murrelet.  The interests of GPTF and its members would be harmed by any degradation of the

forest and the marbled murrelet habitat it provides.

8.      I regularly use and enjoy marbled murrelet habitat in the Gifford Pinchot National

Forest for hiking and photography.  In particular, I take pleasure in hiking through old-growth

DECLARATION OF EMILY PLATT IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

forests and viewing intact ecosystems, including forested landscapes that contain northern spotted owl and their habitat.

9.      I have concrete plans to return to the Gifford Pinchot National Forest and other marbled murrelet habitat over the next several years to hike and photograph the area.

10.     My interests and those of GPTF would be irreparably harmed if FWS were to delist the marbled murrelet or if areas of critical habitat for the birds were opened to logging or other destruction of old-growth timber.  If the plaintiff prevails in this case and the Court declares that FWS has a mandatory duty to delist the Washington, Oregon, and California population of marbled murrelets, GPTF's long-running efforts to protect and restore the ecosystems and communities of southwest Washington would be frustrated.  In addition, GPTF's members, myself included, would be deprived of opportunities to use and enjoy the marbled murrelet in its natural habitat.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed this _27th_ day of April, 2007, at Portland, Oregon.

_Emily Platt_
EMILY PLATT

DECLARATION OF EMILY PLATT IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE  - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

# EXHIBIT I

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) | Case No.  1:07-cv-00484-JDB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior, | ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Proposed Defendant-Intervenors. | ) | |

**DECLARATION OF DOUG HEIKEN IN SUPPORT OF
DEFENDANT-INTERVENOR APPLICANTS' MOTION TO INTERVENE**

DECLARATION OF DOUG HEIKEN IN SUPPORT OF
DEFENDANT-INTERVENOR APPLICANTS' MOTION
TO INTERVENE   - 1 -

I, DOUG HEIKEN, declare as follows:

1.      I am a resident of Lane County, Oregon, and a citizen of the United States.  I have lived in Oregon for approximately 41 years.

2.      I am a member and the Conservation and Restoration Coordinator for Oregon Wild, which was previously known as the Oregon Natural Resources Council.  I have been involved with Oregon Wild as an employee or volunteer since 1991.  My primary responsibility with Oregon Wild is to monitor federal land management activities and advocate for better protection and restoration of wildlands, wildlife, and water.  This includes reviewing and commenting on projects undergoing NEPA review or APA notice-and-comment, and planning and implementing strategies to redirect harmful activities toward more beneficial ends.  Every year, I review and influence many projects that affect the habitat of the marbled murrelet.  During my time at Oregon Wild, I have authored several articles about the management of our old-growth forests.

3.      Oregon Wild is a non-profit corporation headquartered in Portland, Oregon, with approximately 5,000 members throughout Oregon and the west.  Oregon Wild is dedicated to defending and conserving Oregon's wild lands, wildlife, and waters and to restoring Oregon's forest ecosystems to a naturally-functioning state that includes a full complement of native species, including the marbled murrelet.

4.      Oregon Wild has campaigned to permanently protect over 4 million acres of forested federal roadless areas, including thousands of acres of marbled murrelet habitat.  In addition, Oregon Wild's Northwest Old-Growth Campaign aims to protect the last million acres of remaining unprotected mature and old-growth habitat on federal lands west of the Cascades, which would also protect the remaining unprotected marbled murrelet habitat on federal land.

DECLARATION OF DOUG HEIKEN IN SUPPORT OF
DEFENDANT-INTERVENOR APPLICANTS' MOTION
TO INTERVENE   - 2 -

5.      In addition to its public education and political efforts to protect old-growth forests that the marbled murrelet requires, Oregon Wild has participated in a number of legal and administrative actions to protect the murrelet.  Indeed, it was Oregon Wild, along with other groups, that originally petitioned the United States Fish and Wildlife Service ("FWS") to list the marbled murrelet as a threatened species under the ESA.  Later, when the FWS failed to list the species, Oregon Wild waged a five-year long — and ultimately successful — legal battle in the United States District Court for the Western District of Washington to have the murrelet listed and its critical habitat designated.  Fearing that increased logging caused by the 1995 "Logging Without Laws" Rider (1995 Rescissions Act (PL 104-19)) would further decimate the murrelet's habitat, Oregon Wild petitioned in 1996 to change the marbled murrelet status from threatened to endangered.  I was the lead author on that petition.  That petition was rejected by the FWS based largely on the fact that the courts adopted the Clinton administration's interpretation of key provisions of the Salvage Rider that spared many marbled murrelet nesting sites.  Most recently, in 2002, Oregon Wild intervened in an AFRC suit challenging the marbled murrelet listing and critical habitat designation.

6.      I have a personal commitment to protecting habitat for Oregon's native species, including the marbled murrelet.  I enjoy fishing, camping, hiking, backpacking, photography, nature observation, swimming, and other outdoor pursuits and have on many occasions visited the coastal old growth-forests of western Oregon that provide habitat for the marbled murrelet.  I intend to visit these forests into the future as long as I am able.

7.      For the past eleven years, I have been monitoring Forest Service and BLM timber sales on federal lands throughout Oregon, but mostly in western Oregon, and in the course of this

DECLARATION OF DOUG HEIKEN IN SUPPORT OF
DEFENDANT-INTERVENOR APPLICANTS' MOTION
TO INTERVENE   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

monitoring, I try to protect the habitat of the marbled murrelet by stopping or modifying timber sales that would destroy their habitat.

8.    On March 8, 2007, I visited several areas of the Siuslaw National Forest and saw young stand thinning prescriptions that will accelerate development of habitat structures required by marbled murrelets. If the murrelet was delisted the Forest Service might lose their motivation for doing this type of restoration.

9.    I have observed marbled murrelets on the ocean. I hope that their population will recover so that I will be able to see and hear them more often in the old-growth forests.

10.    I regularly use and enjoy the forests in Oregon and Washington for hiking, education, and recreational purposes. I have a deep and long-standing interest in the biology of the marbled murrelet and the conservation of its habitat on public lands. My interests and those of Oregon Wild and its members would be irreparably harmed if the Court were to declare that the marbled murrelet listing is invalid, if FWS were to initiate proceedings to delist the marbled murrelet as a threatened species, or if its existing marbled murrelet habitat was destroyed by logging or other means.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of April, 2007, at Eugene, Oregon.

_____
DOUG HEIKEN

DECLARATION OF DOUG HEIKEN IN SUPPORT OF
DEFENDANT-INTERVENOR APPLICANTS' MOTION
TO INTERVENE - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

# EXHIBIT J

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) Case No.  1:07-cv-00484-JDB |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| H. DALE HALL, Director, United States Fish and | ) |
| Wildlife Service, DAVID M. VERHEY, Acting Assistant | ) |
| Secretary for Fish and Wildlife and Parks, and DIRK | ) |
| KEMPTHORNE, Secretary of Interior, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR | ) |
| BIOLOGICAL DIVERSITY, CONSERVATION | ) |
| NORTHWEST, ENVIRONMENTAL PROTECTION | ) |
| INFORMATION CENTER, GIFFORD PINCHOT TASK | ) |
| FORCE, OREGON WILD, SEATTLE AUDUBON | ) |
| SOCIETY, SIERRA CLUB, and THE WILDERNESS | ) |
| SOCIETY, | ) |
| | ) |
| Proposed Defendant-Intervenors. | ) |

## DECLARATION OF ALEX MORGAN IN SUPPORT OF
## DEFENDANT-INTERVENOR-APPLICANTS' MOTION TO INTERVENE

DECLARATION OF ALEX MORGAN IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE   - 1 -

I, ALEX MORGAN, declare as follows:

1.      I am a member of, and the Conservation Director for, the Seattle Audubon Society ("Seattle Audubon").  I reside in Seattle, Washington.

2.      Seattle Audubon was founded in 1916 and is organized under the laws of Washington as a public benefit corporation.  Its mission is to "cultivate and lead a community that values and protects birds and the natural environment."  Seattle Audubon has roughly 5,400 members and over 500 active volunteers working in education, conservation, and recreational programs.

3.      As one of the foremost protectors of birds in the Pacific Northwest, Seattle Audubon played an active role in achieving protection of the Marbled Murrelet under the Endangered Species Act ("ESA").  Consistent with its mission statement, this role has included educating the public, advocating for the Marbled Murrelet, and organizing field trips to view and hear the species.

4.      Seattle Audubon was one of the original petitioners to have the Marbled Murrelet listed as a threatened species over 18 years ago.  After the Marbled Murrelet was eventually listed as threatened in 1992, Seattle Audubon was instrumental in protecting its habitat from the increased logging pressures brought on as a result of the Rescissions Act of 1995, which temporarily suspended the application of certain environmental laws to timber sales in the Pacific Northwest.

5.      Seattle Audubon joined the Northwest Old Growth Campaign to stop logging of all remaining old-growth forests in the Pacific Northwest.  This campaign was instrumental in preserving some of the most important tracts of federal land used for nesting by Marbled Murrelets.  Seattle Audubon is now engaged in upholding protections for Marbled Murrelet

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

habitat on federal lands.  Additionally, we are actively campaigning to protect structurally diverse forest habitat on state and private lands in Washington State; these forests are becoming increasingly important for the ongoing survival and productivity of Marbled Murrelets.

6.      In addition to their organized advocacy on behalf of the Marbled Murrelet, Seattle Audubon members, who are predominantly birders, take immense pleasure in visiting Marbled Murrelet habitat in hopes of viewing or hearing the birds.  Not only do Seattle Audubon members frequent the Marbled Murrelet's habitat on their own, but Seattle Audubon hosts roughly 100 birding trips in a year, some of which are to old-growth forests and coastal environments inhabited by the Marbled Murrelet.  Numerous Seattle Audubon members have seen or heard Marbled Murrelets in the wild.

7.      I have personally spent time studying the biology, habitat requirements, and distribution of the Marbled Murrelet in Washington State and throughout the Pacific Northwest. I have had conversations with land managers dealing directly with murrelet research and monitoring in Washington State.  Additionally, I have seen Marbled Murrelets in the wild on five occasions, once in Oregon, twice in Washington, and twice in Alaska.  I intend to visit their nesting habitat in old-growth forests this summer on the Olympic coast, the Oregon coast in the Tillamook District, and the western flank of the Cascade mountains.

8.      I personally derive educational, scientific, aesthetic, and recreational enjoyment from the knowledge that Marbled Murrelets are still present in Washington, regardless of whether I succeed in viewing individuals of this species.

9.      The Marbled Murrelet's reliance on healthy, structurally complex forest habitat make it a prime indicator of healthy forests.  This habitat is becoming increasingly rare in Washington, and the presence of Marbled Murrelets serves as an immensely satisfying

DECLARATION OF ALEX MORGAN IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

confirmation that well-functioning forest ecosystems continue to exist. Such areas are of extraordinary scientific and educational value in addition to their biological functions.

10.    My interests and those of Seattle Audubon would be irreparably harmed if the Court were to conclude that the listing of the Marbled Murrelet in Washington, Oregon, and California was unlawful or order FWS to initiate rulemaking to delist the Marbled Murrelet. Such a determination would jeopardize my personal and Seattle Audubon's general interest in protecting threatened and endangered birds such as the Marbled Murrelet and frustrate the decades of work that Seattle Audubon had engaged in to protect the Marbled Murrelet and its habitat. On the other hand, if the court were to uphold the murrelet listing, this imminent injury would be redressed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of April , 2007, at Seattle, Washington.

_____
ALEX MORGAN

DECLARATION OF ALEX MORGAN IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE  - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

# EXHIBIT K

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL,    ) | Case No.  1:07-cv-00484-JDB |
|      ) | |
|      Plaintiff,    ) | |
|      ) | |
|   vs.    ) | |
|      ) | |
| H. DALE HALL, Director, United States Fish and    ) | |
| Wildlife Service, DAVID M. VERHEY, Acting Assistant) | |
| Secretary for Fish and Wildlife and Parks, and DIRK   ) | |
| KEMPTHORNE, Secretary of Interior,    ) | |
|      ) | |
|      Defendants,    ) | |
|      ) | |
|   and    ) | |
|      ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR) | |
| BIOLOGICAL DIVERSITY, CONSERVATION    ) | |
| NORTHWEST, ENVIRONMENTAL PROTECTION   ) | |
| INFORMATION CENTER, GIFFORD PINCHOT    ) | |
| TASK FORCE, OREGON WILD, SEATTLE    ) | |
| AUDUBON SOCIETY, SIERRA CLUB, and THE   ) | |
| WILDERNESS SOCIETY,    ) | |
|      ) | |
|      Proposed Defendant-Intervenors.    ) | |

**DECLARATION OF WILLIAM ARTHUR IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION TO INTERVENE**

DECLARATION OF WILLIAM ARTHUR IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE   - 1 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

I, WILLIAM ARTHUR, declare as follows:

1.      I am a member of the Sierra Club.  Since 2004, I have served as the Sierra Club's Deputy National Field Director in Seattle, Washington.  I was the Sierra Club's Northwest/Alaska Regional Director from 1991 to 2003.  I have lived in Seattle for over 23 years.

2.      The Sierra Club was organized in 1892 under the laws of California as a non-profit corporation.  It is the oldest environmental organization in the country and currently has roughly 760,000 members, more than 240,000 of whom reside in Washington, Oregon, and California.

3.      The goals of the Sierra Club and its members are to explore, enjoy, and protect the wild places of the earth; to practice and promote the responsible use of the earth's ecosystems and resources; to educate and enlist humanity to protect and restore the quality of the natural and human environment; and to use all lawful means to carry out these objectives.  The Sierra Club is committed to maintaining the world's remaining natural ecosystems and, when feasible, to restoring and rehabilitating degraded ecosystems.  It vigorously supports strong and vibrant federal and state endangered species acts and related laws as well as recovery programs that protect wildlife, plants, and natural ecosystems.

4.      Consistent with its goals and principles, the Sierra Club has been actively involved in protecting the old growth forests upon which the marbled murrelet relies for its continued survival.  The Northwest Regional Office and the Sierra Club's Northern California, Oregon, and Washington chapters have been primarily responsible for the campaigns to save these forests, campaigns that have included public education, voter education, administrative advocacy and, where necessary, legal action.

DECLARATION OF WILLIAM ARTHUR IN SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS' MOTION TO INTERVENE   - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

5.     Among other things, the Sierra Club has led efforts to educate the public about the plight of the marbled murrelet and the destruction of its habitat.  For example, in 2001 the Oregon Chapter initiated a campaign to stop the Oregon Board of Forestry from approving a forest management plan that would allow Gods Valley, along with most of the Tillamook and Clatsop State Forests, to be logged.  Gods Valley is near Nehalem Bay in Oregon's Tillamook State Forest and contains some of the last old growth forests in the area and is home to the marbled murrelet.

6.     Similarly, the Sierra Club's Northern California chapters have worked tirelessly to prevent the destruction of the Headwaters Grove by the Pacific Lumber Company.  The Headwaters is one of very few nesting sites in northern California of the marbled murrelet.

7.     In Washington, the Sierra Club has been active for many years in commenting on development of national forest plans and individual timber sales about the need to protect old growth forests and habitat for the marbled murrelet.

8.     At a national level, the Sierra Club was extremely active both in Congress and with the Forest Service in the late 1980's and 1990's in promoting legislation to protect old growth forests and opposing efforts to weaken our environmental laws and forest protections. The Sierra Club is now working on a campaign to stop commercial logging in all national forests, which, if successful, would protect much of the remaining habitat of the marbled murrelet on public lands.

9.     In addition to its public and voter education campaigns, the Sierra Club has been involved in legal proceedings to protect the marbled murrelet.  Among other actions, the Sierra Club challenged timber harvest plans that would destroy marbled murrelet habitat located in the Yager Creek watershed and Del Norte County in northern California.  The Sierra Club has also

DECLARATION OF WILLIAM ARTHUR IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

been involved in protracted state and federal litigation with the Pacific Lumber Company in an effort to prevent it from logging the marbled murrelet's old growth habitat.

10.     As Regional Director of the Northwest Office and Deputy National Field Director, I have played an active role in protecting the marbled murrelet's habitat.  For example, I was a seated participant in the Forest Conference convened and chaired by President Clinton on April 2, 1993, in Portland Oregon to discuss the issues of old growth forest protection and impacts on watersheds and old growth dependent species from logging and road building.  I also helped develop the Sierra Club position and wrote the Sierra Club comments on the Northwest Forest Plan as it was being developed.  I actively advocated with the agencies and the Administration on behalf of stronger old growth forest protection for the marbled murrelet and other old-growth dependent species.  I have worked with our chapter and national public land committees of forest plan involvement and on advancing wilderness protection bills in Oregon and Washington.

11.     In addition, I have been on site inspection trips to examine proposed timber sales and impacts to old growth forest ecosystems on the Mt. Baker-Snoqualmie national forests in the late 1980s and early 1990s.  I went on a number of trips both with other environmentalists and a couple with the Forest Service.

12.     I have also done numerous interviews with TV, radio, and newspapers about the extent of over-logging of Northwest old growth forests and the need to protect habitat for the marbled murrelet and other old growth dependent species.

13.     As part of its mission to enjoy the natural world and to educate its members, the Sierra Club has for many years organized outings to the old growth forests in California, Oregon, and Washington, including those that provide critical habitat for the marbled murrelet.  In

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

addition, our members make hundreds, if not thousands, of trips to these same forests every year on an individual basis.

14.    During the 23 years that I have lived in Washington, I have regularly visited national forests throughout Washington, Oregon, and Northern California, including portions of the Mt. Baker-Snoqualmie, Olympic, and Gifford-Pinchot National Forests, which are among those containing critical habitat for the marbled murrelet. I derive great pleasure from visiting these areas and plan to do so as long as I am capable. While I have never seen a marbled murrelet in the wild, I have looked and listened for the species during my visits to these forests and plan to do so in the future.

15.    Delisting the marbled murrelet would adversely affect and limit the Sierra Club's and my ability to protect the species and would frustrate our past efforts to protect the marbled murrelet and its habitat. A ruling in favor of plaintiffs in this case would jeopardize the marbled murrelet's continued existence throughout California, Oregon, and Washington. Such a result would have a negative impact on me both personally and professionally.

16.    A court determination that the marbled murrelet is properly listed under the ESA would redress the harm posed by this lawsuit to my professional and personal interests and those of the Sierra Club. Such a ruling would maintain the ESA protections for the marbled murrelet and allow us to continue using and enjoying the marbled murrelet and its habitat for recreational, aesthetic, and spiritual purposes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 23 day of *April*, 2007, at Seattle, Washington.

WILLIAM ARTHUR

DECLARATION OF WILLIAM ARTHUR IN SUPPORT OF
DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE  - 5 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

# EXHIBIT L

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) | Case No.  1:07-cv-00484-JDB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY, | ) | |
| | ) | |
| Proposed Defendant-Intervenors. | ) | |

**DECLARATION OF ROBERT M. FREIMARK IN SUPPORT OF DEFENDANT-INTERVENOR-APPLICANTS' MOTION TO INTERVENE**

DECLARATION OF ROBERT M. FREIMARK IN SUPPORT
OF DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE  - 1 -

I, ROBERT M. FREIMARK, declare as follows:

1.      I am a 52-year old citizen of the United States and a resident of Bainbridge Island, Washington.

2.      I have been a member of The Wilderness Society ("TWS") for over 21 years and have been on its staff since April 1986.  I have been one of the lead staff at The Wilderness Society for responsible federal forest policies in the Pacific Northwest since 1989.  I have worked for The Wilderness Society in Portland, Oregon for about 4 years (1989-1993), and the remaining time I have worked from the Seattle office.  My current job title is "Senior Policy Analyst."  My responsibilities include representing the policies and interests of TWS to the federal land management agencies, U.S. Congress, media, and general public.

3.      TWS was founded in 1935 and is organized under the laws of the District of Columbia as a non-profit corporation.  Today, TWS has eight regional offices around the country, including offices in Seattle and San Francisco, and roughly 204,000 members.  Approximately 46,000 TWS members reside in Oregon, California, and Washington.

4.      TWS is dedicated to protecting America's wilderness and wildlife and to developing a national network of wild lands through public education, scientific analysis, and advocacy.  TWS works to ensure that future generations will enjoy the clean air and water, wildlife, beauty, and opportunities for recreation and renewal that pristine forests, rivers, deserts, and mountains provide.

5.      TWS has focused on protecting our federal lands because it is there that much of the remaining wild and undeveloped lands remain.  It is these wild lands which contain most of the old-growth forests and undisturbed habitats that provide essential and often critical habitat

DECLARATION OF ROBERT M. FREIMARK IN SUPPORT
OF DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE  - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

for wildlife species that depend on forests, mountains, grasslands, rivers, and lakes that have not been environmentally altered or degraded by human activities.

6.     As part of this mission, TWS has fought for years to protect National Forests and wilderness areas in California, Oregon, and Washington, including the old-growth and mature forests that serve as habitat for the marbled murrelet.

7.     For example, in California, TWS was part of The California Wild Heritage Campaign which generated unprecedented local support for a wilderness bill.  In western Washington and Oregon TWS is working to protect the old-growth forests, especially the habitat that is essential for the survival for old-growth dependent species such as the marbled murrelet. In Oregon and Washington, TWS is working with conservation groups to gain additional protection for federal public lands through wilderness designation because of the failure of the federal government to adequately protect the special values found on that land (such as providing habitat for the marbled murrelet).

8.     By protecting wilderness in California, Oregon, and Washington, TWS seeks to preserve the marbled murrelet and other species that rely on that wilderness for survival.  For many years TWS has played an active role in protecting the last remaining habitat of the marbled murrelet.  Indeed, I was the Assistant Regional Director during the late 1980s and 1990s when TWS was deeply involved in advocacy and public education efforts regarding old-growth forests and marbled murrelet habitat.

9.     When necessary, TWS has been involved in administrative and judicial actions to protect the marbled murrelet and its habitat.  For example, in the 1990s, TWS, along with other conservation groups, challenged the Northwest Forest Plan as providing inadequate protections for marbled murrelet and northern spotted owl habitat.  Seattle Audubon Soc. v. Lyons, 871 F.

DECLARATION OF ROBERT M. FREIMARK IN SUPPORT
OF DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Supp. 1291 (W.D. Wash. 1994).   These efforts would be frustrated if FWS were to delist the marbled murrelet.

10.    TWS members, myself included, take great enjoyment in visiting the marbled murrelet habitat that TWS has worked to protect.  Many members enjoy hiking in old-growth forests and observing birds and other wildlife that inhabit those forests.  I personally have led numerous trips to old-growth forest habitats in hopes of seeing wildlife species dependent on that habitat such as spotted owls and marbled murrelets.

11.    Although I have never seen a marbled murrelet I (and members of my organization) plan on continuing to visit old-growth forests in hopes of experiencing the sight.

12.    My interests and those of TWS and its members would be irreparably harmed if the Court were to declare that the marbled murrelet listing is invalid or if FWS were to initiate delisting proceedings for the marbled murrelet.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed this 27 day of April, 2007, at Seattle, Washington.

ROBERT M. FREIMARK

DECLARATION OF ROBERT M. FREIMARK IN SUPPORT
OF DEFENDANT-INTERVENOR-APPLICANTS' MOTION
TO INTERVENE  - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) ) | Case No.  1:07-cv-00484-JDB |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior, | ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY, | ) ) ) ) ) ) ) ) | |
| Proposed Defendant-Intervenors. | ) ) | |

**DEFENDANT-INTERVENORS' DISCLOSURE OF CORPORATE
AFFILIATION AND FINANCIAL INTERESTS**

I, the undersigned, counsel of record for defendant-intervenors Audubon Society of

Portland, Center for Biological Diversity, Conservation NW, Environmental Protection

Information Center, Gifford Pinchot Task Force, Oregon Wild, Seattle Audubon Society, Sierra

Club, and The Wilderness Society, certify that to the best of my knowledge and belief,

defendant-intervenors have no parent companies, subsidiaries, or affiliates that have any

outstanding securities in the hands of the public in the United States or abroad.

These representations are made in order that judges of this court may determine the need

for recusal.

Respectfully submitted this 30th day of April, 2007.


/s/  Patti Goldman
PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors Audubon Society of Portland, Center for Biological Diversity, Conservation Northwest, Environmental Protection Information Center, Gifford Pinchot Task Force, Oregon Wild, Seattle Audubon Society, Sierra Club, and The Wilderness Society*


DEFENDANT-INTERVENORS' DISCLOSURE OF CORPORATE
AFFILIATION AND FINANCIAL INTERESTS   - 2 -