UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA


AMERICAN FOREST RESOURCE COUNCIL,
           Plaintiff,

        v.

H. DALE HALL, Director, U.S. Fish and          Case No. 1:07-cv-00484 (JDB)
Wildlife Service, DAVID M. VERHEY,
Acting Assistant Secretary for Fish, Wildlife
and Parks, and DIRK KEMPTHORNE,
Secretary of the Interior.

                 Defendants.

_____

**<u>DEFENDANTS' ANSWER</u>**

Defendants H. Dale Hall, David M. Verhey, and Dirk Kempthorne, through undersigned

counsel, respond to the allegations in the Complaint as follows:

**<u>INTRODUCTION</u>**

1.       The allegations in Paragraph 1 consist of a characterization of Plaintiff's action to

which no response is required.

2.       The allegations in Paragraph 2 consist of conclusions of law to which no response

is required.

3.       Defendants lack information sufficient to form a belief as to the truth of the

allegations in Paragraph 3 and on that basis deny them.

4.       Defendants lack information sufficient to form a belief as to the truth of the

allegations in Paragraph 4 and on that basis deny them.

5.       Defendants lack information sufficient to form a belief as to the truth of the

allegations in Paragraph 5 and on that basis deny them.

6.      Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis deny them.

7.      Defendants admit the allegations in the first sentence of Paragraph 7.  Defendants deny the allegations in the second sentence.  Defendants admit the allegations in the remainder of the allegations in Paragraph 7.

8.      Defendants admit the allegations in Paragraph 8.

9.      Defendants deny the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 purport to characterize the Endangered Species Act (ESA), which is a statute that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation that is inconsistent with the statute's plain language.

11.     Defendants admit the allegation in Paragraph 11 that the U.S. Fish and Wildlife Service (FWS) published notice of a final rule in the Federal Register on October 1, 1992.  The remainder of the allegations Paragraph 11 purport to quote from the notice, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation that is inconsistent with the notice's plain language.

12.     The allegations in Paragraph 12 purport to characterize the contents of the October 1, 1992 Federal Register notice, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation that is inconsistent with the notice's plain language.

13.     The allegations in Paragraph 13 purport to characterize the contents of the October 1, 1992 Federal Register notice, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation that is inconsistent

with the notice's plain language.

14.    Defendants admit the allegations in the first sentence of Paragraph 14.  The remainder of the allegations in Paragraph 14 purport to characterize the contents of FWS's Policy Regarding the Recognition of Distinct Vertebrate Population Segments (DPS Policy), which is a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation that is inconsistent with the policy's plain language.

15.    The allegations in Paragraph 15 purport to characterize portions of the ESA, which is a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation that is inconsistent with the statute's plain language.

16.    The allegations in Paragraph 16 purport to characterize portions of the ESA, which is a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation that is inconsistent with the statute's plain language.

17.    Defendants admit the allegations in Paragraph 17.

18.    The first sentence of Paragraph 19 purports to characterize a settlement agreement, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation that is inconsistent with the plain language of that document.  Defendants admit the allegations in the second sentence.

19.    Defendants admit the allegations in Paragraph 19.

20.    The allegations in Paragraph 20 purport to characterize the Five-year Status Review of the marbled murrelet, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation that is inconsistent with the plain language of that document.

21.    Paragraph 21 purports to reproduce the stauts review, a document that speaks for

itself and is the best evidence of its contents.

22.    Defendants deny the allegations in the first sentence of Paragraph 23 and aver that FWS has not completed a range-wide status review of the marbled murrelet.  Defendants deny the allegation in the second sentence that "FWS did nothing at all for 18 months," and admit the remaining allegations in that sentence. Defendants admit the allegations in the third sentence. The remaining allegations purport to characterize the contents of the U.S. Geological Survey's "Status Review of the Marbled Murrelet in Alaska and British Columbia," which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation that is inconsistent with the plain language of that document.

23.    Defendants admit the allegations in Paragraph 23.

24.    Defendants deny the allegation in Paragraph 24.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

25.    Defendants incorporate by reference their responses to the allegations in Paragraphs 1-24 as if fully set forth herein.

26.    The first, second, fourth, fifth, and sixth sentences of Paragraph 26 purport to characterize the Five-year Status Review of the marbled murrelet, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation that is inconsistent with the plain language of that document.   The third sentence consists of conclusions of law to which no response is required.  The seventh sentence purports to characterize the ESA Listing Handbook, a document that speaks for itself and is the best evidence of its contents.

27.    Defendants deny the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 consists of conclusions of law to which no

response is required.

**SECOND CLAIM FOR RELIEF**

29.     Defendants incorporate by reference their responses to the allegations in

Paragraphs 1-24 as if fully set forth herein.

30.     The allegations in Paragraph 30 consists of conclusions of law to which no

response is required.

**THIRD CLAIM FOR RELIEF**

31.     Defendants incorporate by reference their responses to the allegations in

Paragraphs 1-24 as if fully set forth herein.

32.     The allegations in Paragraph 32 purport to characterize a pleading filed in *Coos*

*County Board of Commissioners v. Norton*, No. 06-6010-HO (D. Or.).  This pleading is a

document that speaks for itself and constitutes the best evidence of its contents.  Defendants

deny any allegation that is inconsistent with the plain language of that document.

33.     The first, second and third sentences of Paragraph 33 consist of conclusions of

law to which no response is required.  Defendants admit the allegations in the fourth sentence.

34.     The allegations in Paragraph 34 consist of conclusions of law to which no

response is required.

**FOURTH CLAIM FOR RELIEF**

35.     Defendants incorporate by reference their responses to the allegations in

Paragraphs 1-24 as if fully set forth herein.

36.     The first, third, fourth, sixth, and seventh sentences of Paragraph 36 consist of

conclusions of law to which no response is required.  The second sentence purports to

characterize the Five-year Status Review of the marbled murrelet, which is a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation that is inconsistent with the plain language of that document. The fifth sentence purports to characterize the U.S. Geological Survey's 2006 report on the marbled murrelet, which is a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation that is inconsistent with the plain language of that document.

## FIFTH CLAIM FOR RELIEF

37. Defendants incorporate by reference their responses to the allegations in Paragraphs 1-24 as if fully set forth herein.

38. The allegations in Paragraph 38 purport to characterize the Regulatory Flexibility Act, which is a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation contrary to the statute's plain language.

39. The allegations in Paragraph 39 purport to characterize the Unfunded Mandates Reform Act, which is a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation contrary to the statute's plain language.

40. The allegations in Paragraph 40 consist of conclusions of law to which no response is required.

41. The allegations in Paragraph 41 consist of conclusions of law to which no response is required.

## SIXTH CLAIM FOR RELIEF

42. Defendants incorporate by reference their responses to the allegations in Paragraphs 1-24 as if fully set forth herein.

43. The allegations in Paragraph 43 purport to characterize regulations implementing

the National Environmental Policy Act.  These regulations speak for themselves and constitute the best evidence of their contents, and defendants deny any allegation contrary to their plain language.

44.    The allegations in Paragraph 44 consist of conclusions of law to which no response is required.

45.    The allegations in Paragraph 45 consist of conclusions of law to which no response is required.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint consists of a Prayer for Relief, to which no response is required.  To the extent a response may be deemed to be required, Defendants deny that Plaintiff is entitled to the relief requested in its Complaint or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not expressly admitted herein.

## DEFENSES

1.    Plaintiff fails to state a claim upon which relief may be granted.

2.    Venue may be more appropriate in another district.

3.    The court lacks jurisdiction over some or all of Plaintiff's claims.

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief prayed for, or to any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for Defendants, that the Court grant Defendants their costs of suit, and that the Court order such other and further relief as the Court may allow.

Dated this twenty-second day of May, 2007.

Respectfully submitted,

MATTHEW J. McKEOWN
Acting Assistant Attorney General
Environment & Natural Resources Division

JEAN E. WILLIAMS
Chief
Environment & Natural Resources Division
Wildlife and Marine Resources Section


*S/ Courtney Taylor*
_____
Courtney Taylor, Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box. 7369
Washington, D.C.  20044-7369
(202) 353-7548
Attorney for Defendants

OF COUNSEL
Eric Nagle
U.S. Department of Interior
Office of the Regional Solicitor
500 N.E. Multnomah Street, Suite 607
Portland, OR 97232