PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | Case No.  1:07-cv-00484-JDB |
| Plaintiff, | |
| vs. | |
| H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior, | |
| Defendants, | |
| and | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY, | |
| Defendant-Intervenors. | |

**DEFENDANT-INTERVENORS' ANSWER**

On March 7, 2007, the American Forest Resource Council ("AFRC") filed this action to compel the United States Fish and Wildlife Service ("FWS") to delist the Washington, Oregon, and California population of marbled murrelets, currently listed as "threatened" under the Endangered Species Act ("ESA"). In response to AFRC's Complaint, defendant-intervenors Audubon Society of Portland, Center for Biological Diversity, Conservation NW, Environmental Protection Information Center, Gifford Pinchot Task Force, Oregon Wild, Seattle Audubon Society, Sierra Club, and The Wilderness Society have intervened to ensure that the marbled murrelet listing stays in place. Pursuant to Federal Rule of Civil Procedure 24(c), defendant-intervenors submit this Answer. The numbered paragraphs in this Answer correspond to those contained in AFRC's Complaint.

## INTRODUCTION

1.      Paragraph 1 of the Complaint characterizes AFRC's case and contains legal conclusion to which no response is required.

## JURISDICTION AND VENUE

2.      Defendant-intervenors deny that the Court has subject matter jurisdiction over this action. Defendant-intervenors admit that venue is proper in this district.

## PARTIES

3.      Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Defendant-intervenors admit that defendants H. Dale Hall, David M. Verhey, and Dirk Kempthorne are officials of the United States Department of Interior and are responsible for overseeing the administration of the ESA with respect to terrestrial species, including the marbled murrelet.

BACKGROUND ALLEGATIONS

8. Defendant-intervenors admit that the marbled murrelet is a robin-sized seabird that lives in both marine and inland forested environments along the Pacific coast. Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint.

9. Defendant-intervenors deny the allegations in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 of the Complaint characterize the language of 16 U.S.C. §§ 1532(15), 1533(c)(1), which speaks for itself and constitutes the best evidence of its contents.

11. The allegations in paragraph 11 of the Complaint characterize the language of 57 Fed. Reg. 45,328 et seq., which speaks for itself and constitutes the best evidence of its contents.

12. The allegations in paragraph 12 of the Complaint characterize the language of 57 Fed. Reg. 45,328 et seq., which speaks for itself and constitutes the best evidence of its contents.

13. The allegations in the first five sentences of paragraph 13 of the Complaint characterize the language of 57 Fed. Reg. 45,328 et seq., which speaks for itself and constitutes the best evidence of its contents. Defendant-intervenors deny the allegation in the final sentence

DEFENDANT-INTERVENORS' ANSWER   - 3 -

of paragraph 13 of the Complaint that FWS "never" reexamined the status of the listed marbled murrelet population.  Defendant-intervenors aver that FWS completed a status review for the Washington, Oregon, and California population of marbled murrelets in 2004,[1] and that the United States Geological Survey ("USGS"), on behalf of FWS, released a status review of the British Columbia and Alaska populations of marbled murrelets in early 2007.[2]

14. Defendant-intervenors admit that FWS issued its Policy Regarding the Recognition of Distinct Vertebrate Population Segments Under the Endangered Species Act ("DPS Policy") on February 7, 1996.  The remaining allegations in paragraph 14 of the Complaint characterize the language of the DPS Policy, 61 Fed. Reg. 4,722 et seq., which speaks for itself and constitutes the best evidence of its contents.

15. The allegations in paragraph 15 of the Complaint characterize the language of 16 U.S.C. § 1533(c), which speaks for itself and constitutes the best evidence of its contents.

16. The allegations in paragraph 16 of the Complaint characterize the language of 16 U.S.C. § 1533(a)-(c), which speaks for itself and constitutes the best evidence of its contents.

17. The allegations in paragraph 17 of the Complaint characterize the language of 50 C.F.R. §§ 424.16, .17, and .21, which speaks for itself and constitutes the best evidence of its contents.

18. Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 18 of the Complaint.

---

[1] FWS, Marbled Murrelet 5-Year Review, 2004, available at http://ecos.fws.gov/docs/five_year_review/doc732.pdf (last viewed Apr. 26, 2007).

[2] USGS, Status Review of the Marbled Murrelet (Brachyramphus Marmoratus) in Alaska and British Columbia, 2007, available at http://pubs.usgs.gov/of/2006/1387/pdf/ofr20061387.pdf (last viewed Apr. 26, 2007).

DEFENDANT-INTERVENORS' ANSWER   - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Defendant-intervenors admit that AFRC filed a lawsuit in 2002 to compel FWS to conduct a 5-year status review of the listed marbled murrelet population.

19. Defendant-intervenors admit the allegations in paragraph 19 of the Complaint.

20. Defendant-intervenors admit the allegations in paragraph 20 of the Complaint.

21. The allegations in paragraph 21 of the Complaint characterize the language of FWS's 2004 Marbled Murrelet 5-Year Review, which speaks for itself and constitutes the best evidence of its contents.

22. The allegations in paragraph 22 of the Complaint characterize the language of FWS's 2004 Marbled Murrelet 5-Year Review, which speaks for itself and constitutes the best evidence of its contents.

23. Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 23 of the Complaint. The remaining allegations in paragraph 23 characterize the language of the 2007 USGS report entitled "Status Review of the Marbled Murrelet in Alaska and British Columbia," which speaks for itself and constitutes the best evidence of its contents.

24. Defendant-intervenors admit that FWS has not proposed to delist the marbled murrelet since August 31, 2004.

25. Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint. Defendant-intervenors specifically deny that plaintiff is entitled to any relief in this case.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF

26. In response to paragraph 26 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 of this Answer as if fully set forth herein.

DEFENDANT-INTERVENORS' ANSWER   - 5 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

27. The allegations in the first, second, fourth, fifth, and sixth sentences of paragraph 27 of the Complaint characterize the language of FWS's 2004 Marbled Murrelet 5-Year Status Review, which speaks for itself and constitutes the best evidence of its contents. The allegations in the third and seventh sentences of paragraph 27 are legal conclusions to which no response is required.

28. The allegations in paragraph 28 are legal conclusions to which no response is required and characterize the language of 16 U.S.C. § 1533(c)(2), which speaks for itself and constitutes the best evidence of its contents.

29. The allegations in paragraph 29 are legal conclusions to which no response is required.

SECOND CLAIM FOR RELIEF

30. In response to paragraph 30 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 of this Answer as if fully set forth herein.

31. The allegations in paragraph 31 of the Complaint characterize the language of 50 C.F.R. §§ 424.11, .21, and 16 U.S.C. § 1533(a), which speaks for itself and constitutes the best evidence of its contents. Defendant-intervenors specifically deny the accuracy of the quotation contained in the second sentence of paragraph 31.

32. The allegations in paragraph 32 of the Complaint characterize the language of FWS's 2004 Marbled Murrelet Status Review, which speaks for itself and constitutes the best evidence of its contents. Defendant-intervenors specifically deny the allegation that the Washington, Oregon, and California population of marbled murrelets is not entitled to ESA listing as a "threatened species."

33. The allegations in the first sentence of paragraph 33 of the Complaint characterize the language of 50 C.F.R. § 424.11, which speaks for itself and constitutes the best evidence of

its contents. Defendant-intervenors specifically deny the accuracy of the quotation. Defendant-intervenors also deny that FWS was obligated to delist the Washington, Oregon, and California population of the marbled murrelet and that plaintiff is entitled to any relief in this case.

### THIRD CLAIM FOR RELIEF

34. In response to paragraph 34 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 of this Answer as if fully set forth herein.

35. The allegations in paragraph 35 are legal conclusions to which no response is required and characterize the language of 5 U.S.C. § 706(1), which speaks for itself and constitutes the best evidence of its contents.

### FOURTH CLAIM FOR RELIEF

36. In response to paragraph 36 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 of this Answer as if fully set forth herein.

37. Defendant-intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. The allegations in the first three sentences of paragraph 38 of the Complaint are legal conclusions to which no response is required and characterize 16 U.S.C. § 1533 and 50 C.F.R. §§ 424.11, .21, which speak for themselves and constitute the best evidence of their contents. Defendant-intervenors admit the allegations in the final sentence of paragraph 38; however, defendant-intervenors specifically deny that FWS violated the ESA or APA in not delisting the Washington, Oregon, and California population of marbled murrelets. See Coos County Bd. of County Comm'rs v. Norton, No. 06-6010-HO, 2006 WL 1720496, at *1-2 (D. Or. June 19, 2006).

39. The allegations in paragraph 39 of the Complaint are legal conclusions to which no response is required.

DEFENDANT-INTERVENORS' ANSWER   - 7 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

## FIFTH CLAIM FOR RELIEF

40. In response to paragraph 40 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 and 37 of this Answer as if fully set forth herein.

41. The allegations in paragraph 41 of the Complaint are legal conclusions to which no response is required and characterize the language of 16 U.S.C. § 1533(c)(2)(B) and 50 C.F.R. §§ 424.11, .16-.18, and .21, which speak for themselves and constitute the best evidence of their contents. Defendant-intervenors specifically deny that FWS violated the ESA or APA in not delisting the Washington, Oregon, and California population of marbled murrelets. See Coos County, 2006 WL 1720496, at *1-2.

42. The allegations in paragraph 42 of the Complaint are legal conclusions to which no response is required.

## SIXTH CLAIM FOR RELIEF

43. In response to paragraph 43 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 and 37 of this Answer as if fully set forth herein.

44. The allegations in the first four sentences of paragraph 44 of the Complaint are legal conclusions to which no response is required. The allegations in the fifth sentence of paragraph 44 of the Complaint characterize the language of the 2007 USGS report entitled "Status Review of the Marbled Murrelet in Alaska and British Columbia," which speaks for itself and constitutes the best evidence of its contents. The allegations in the sixth sentence of paragraph 44 of the Complaint are legal conclusions to which no response is required.

## SEVENTH CLAIM FOR RELIEF

45. In response to paragraph 45 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 and 37 of this Answer as if fully set forth herein.

46. The allegations in paragraph 46 of the Complaint are legal conclusions to which no response is required and characterize the Regulatory Flexibility Act, 5 U.S.C. § 601 et seq., which speaks for itself and constitutes the best evidence of its contents.

47. The allegations in paragraph 47 of the Complaint are legal conclusions to which no response is required and characterize the Unfunded Mandates Reform Act, 2 U.S.C. § 1501 et seq., which speaks for itself and constitutes the best evidence of its contents.

48. The allegations in paragraph 48 of the Complaint are legal conclusions to which no response is required.

49. The allegations in paragraph 47 of the Complaint are legal conclusions to which no response is required.

## EIGHTH CLAIM FOR RELIEF

50. In response to paragraph 50 of the Complaint, defendant-intervenors incorporate their responses to paragraphs 1 through 25 and 37 of this Answer as if fully set forth herein.

51. The allegations in paragraph 51 of the Complaint are legal conclusions to which no response is required and characterize the language of 42 U.S.C. § 4332(2)(C) and 40 C.F.R. §§ 1501.4 and 1508.9, which speak for themselves and constitute the best evidence of their contents.

52. The allegations in paragraph 52 of the Complaint are legal conclusions to which no response is required.

53. The allegations in paragraph 53 of the Complaint are legal conclusions to which no response is required.

PRAYERS FOR RELIEF

The remainder of the Complaint constitutes plaintiff's requests for relief to which no response is required. Defendant-intervenors aver that plaintiff is not entitled to relief on any claims and that the Court should dismiss the Complaint with prejudice.

GENERAL DENIAL

Defendant-intervenors deny any allegations of the Complaint, whether express or implied, that are not expressly admitted or qualified in this Answer.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

AFRC's Second and Third Claims for Relief rely on a version of 50 C.F.R. § 424.11(d) that does not exist. The current version of section 424.11(d), which has been in effect since 1984, contradicts AFRC's claim that FWS was under a mandatory obligation to promulgate a rule to delist the Washington, Oregon, and California population of marbled murrelets. Because these claims rely on regulatory language that has not been promulgated, these causes of action fail to state claims upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

AFRC has failed to allege that it petitioned FWS to initiate delisting proceedings for the Washington, Oregon, and California population of marbled murrelets. Accordingly, AFRC's Complaint fails to state a claim upon which relief can be granted. See Coos County, 2006 WL 1720496, at *1-2.

THIRD AFFIRMATIVE DEFENSE

AFRC has failed to allege that it petitioned FWS to initiate delisting proceedings for the Washington, Oregon, and California population of marbled murrelets. Accordingly, the Court

DEFENDANT-INTERVENORS' ANSWER  - 10 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

does not have subject matter jurisdiction over AFRC's claims.  See Coos County, 2006 WL 1720496, at *1-2.

Respectfully submitted this 30th day of April, 2007.

/s/  Patti Goldman
PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors Audubon Society of Portland, Center for Biological Diversity, Conservation Northwest, Environmental Protection Information Center, Gifford Pinchot Task Force, Oregon Wild, Seattle Audubon Society, Sierra Club, and The Wilderness Society*

DEFENDANT-INTERVENORS' ANSWER   - 11 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*