PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | Case No. 1:07-cv-00484-JDB |
| Plaintiff, | |
| vs. | |
| H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior, | |
| Defendants, | |
| and | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY, | |
| Defendant-Intervenors. | |

**DEFENDANT-INTERVENORS' PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED AND MEMORANDUM IN SUPPORT THEREOF**

DEFENDANT-INTERVENORS' PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED AND MEMO IN SUPPORT THEREOF   - 1 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

PARTIAL MOTION TO DISMISS

Defendant-intervenors Audubon Society of Portland, Center for Biological Diversity, Conservation NW, Environmental Protection Information Center, Gifford Pinchot Task Force, Oregon Wild, Seattle Audubon Society, Sierra Club, and The Wilderness Society (collectively "Audubon") hereby move the Court to dismiss plaintiff American Forest Resource Council's ("AFRC") Second and Third Claims for Relief pursuant to Fed. R. Civ. P. 12(b)(6). In addition, Audubon asks the Court to order AFRC to clarify whether its Fourth through Eighth Claims for Relief depend on non-existent regulatory language quoted in paragraphs 31 and 33 of its complaint and amend or withdraw those claims as necessary.

MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS

INTRODUCTION

AFRC claims that the United States Fish and Wildlife Service ("FWS") violated the Endangered Species Act ("ESA") by failing to discharge a purported mandatory duty to initiate rulemaking to remove the Washington, Oregon, and California population of marbled murrelets from its list of threatened species. Complaint at ¶¶ 30-33. AFRC relies on and quotes language from 50 C.F.R. § 424.11(d) of the ESA implementing regulations. However, despite Audubon's diligent search, the language AFRC attributes to 50 C.F.R. § 424.11 appears nowhere in the Code of Federal Regulations, the Federal Register, or any case or statute. Clearly, AFRC cannot bring claims for violations of a regulation that has not been officially proposed or promulgated.[1]

---

[1] Language very similar to that quoted by AFRC does appear in a recently leaked draft of possible proposed amendments to the ESA regulations. See Rebecca Clarren, Salon.com, Inside the secretive plan to gut the Endangered Species Act (March 27, 2007), available at http://www.salon.com/news/feature/2007/03/27/endangered_species/index.html?source=rss. Those draft amendments are not, however, current law.

DEFENDANT-INTERVENORS' PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED AND MEMO IN SUPPORT THEREOF    - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

## AFRC'S CLAIMS RELY ON REGULATORY LANGUAGE THAT DOES NOT EXIST

In its Second Claim for Relief, AFRC states that 50 C.F.R.§ 424.11 "imposes a non-discretionary duty that '[t]he Secretary <u>shall delist</u> a species if … [a] status review determines that a species no longer meets the criteria in section 4(a)(1).'" Complaint at ¶ 31 (purportedly quoting 50 C.F.R. § 424.11(d)) (emphasis, ellipses, and brackets in original); <u>see</u> <u>also</u> Complaint at ¶ 33. However, the actual language of the regulation cited in the complaint states:

> The factors considered in delisting a species are those in paragraph (c) of this section as they relate to the definitions of endangered or threatened species. Such removal must be supported by the best scientific and commercial data available to the Secretary after conducting a review of the status of the species. A species may be delisted only if such data substantiate that it is neither endangered nor threatened for one of the following reasons:
>
> (1) Extinction. Unless all individuals of the listed species had been previously identified and located, and were later found to be extirpated from their previous range, a sufficient period of time must be allowed before delisting to indicate clearly that the species is extinct.
>
> (2) Recovery. The principal goal of the U.S. Fish and Wildlife Service and the National Marine Fisheries Service is to return listed species to a point at which protection under the Act is no longer required. A species may be delisted on the basis of recovery only if the best scientific and commercial data available indicate that it is no longer endangered or threatened.
>
> (3) Original data classification in error. Subsequent investigations may show that the best scientific or commercial data available when the species was listed, or the interpretation of such data, were in error.

50 C.F.R. § 424.11(d). The actual language of 50 C.F.R. § 424.11 makes it clear that a decision to delist a species must be based on the best scientific and commercial data available and must occur "<u>after</u> conducting a review of the status of the species." <u>Id.</u> (emphasis added). FWS appears to have followed the existing language of 50 C.F.R. § 424.11 when it withheld a marbled murrelet delisting decision "pending the completion of a range-wide status review" for the species. <u>See</u> Complaint at ¶ 22; Marbled Murrelet 5-Year Status Review at 28. Contrary to

DEFENDANT-INTERVENORS' PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED AND MEMO IN SUPPORT THEREOF   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

AFRC's Complaint, however, it is impossible for FWS to violate regulatory language that has not yet been adopted.

Similarly, in its Third Claim for Relief, AFRC alleges that FWS's failure to promptly initiate rulemaking to delist the marbled murrelet (based on the alleged non-discretionary duty discussed in the Second Claim for Relief) constituted unreasonable delay in discharging a mandatory duty in violation of the Administrative Procedure Act ("APA"). Complaint at ¶¶ 34-35. If the purported non-discretionary duty does not exist in the extant regulatory language, there can be no unreasonable delay for not complying.

In the Fourth through Eighth Claims for Relief, AFRC cites to 50 C.F.R. § 424.11 as a basis for its allegations. It appears that these claims also fail to state a claim upon which relief can be granted. However, the claims also assert other authorities for support and do not directly misquote 50 C.F.R. § 424.11. For this reason, Audubon asks the Court to order AFRC to clarify these claims and withdraw them if they too rely on the imaginary version of the regulations.

CONCLUSION

Because AFRC relies on regulatory language that does not exist, AFRC's Second and Third Claims for Relief fail to state a claim upon which relief can be granted. Audubon respectfully asks the Court to dismiss these two claims with prejudice. See Fed. R. Civ. P. 12(b)(6). AFRC's Fourth, Fifth, Sixth, Seventh, and Eighth Claims for Relief also cite to 50 C.F.R. § 424.11; however, it is unclear whether AFRC is relying on the non-existent regulatory language to support these remaining claims. For those claims, Audubon asks the Court to order AFRC to clarify which are premised on the non-existent version of 50 C.F.R. § 424.11(d) quoted in paragraphs 31 and 33 of the Complaint and amend or withdraw those claims as necessary.

DEFENDANT-INTERVENORS' PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED AND MEMO IN SUPPORT THEREOF   - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Respectfully submitted this 30th day of April, 2007.

/s/  Patti Goldman
PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors Audubon Society of Portland, Center for Biological Diversity, Conservation Northwest, Environmental Protection Information Center, Gifford Pinchot Task Force, Oregon Wild, Seattle Audubon Society, Sierra Club, and The Wilderness Society*

DEFENDANT-INTERVENORS' PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED AND MEMO IN SUPPORT THEREOF   - 5 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | Case No.  1:07-cv-00484-JDB |
| Plaintiff, | |
| vs. | |
| H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior, | |
| Defendants, | |
| and | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY, | |
| Defendant-Intervenors. | |

**[PROPOSED] ORDER GRANTING DEFENDANT-INTERVENORS'
PARTIAL MOTION TO DISMISS**

[PROPOSED] ORDER GRANTING DEFENDANT-
INTERVENORS' PARTIAL MOTION TO DISMISS   - 1 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

THIS MATTER comes before the Court on defendant-intervenors' Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court, having considered all relevant motions, memoranda, and supporting documents, and good cause having been shown, orders that plaintiff's Second and Third Claims for Relief are DISMISSED with prejudice. The Court further orders that plaintiff clarify whether its Fourth through Eighth Claims for Relief depend on the non-existent regulatory language quoted in paragraphs 31 and 33 of their complaint and amend or withdraw those claims as necessary.

DATED this _____ day of _____, 2007.

_____
THE HONORABLE JOHN D. BATES
United States District Court Judge

Presented by:

/s/ Patti Goldman
PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors*
*Audubon Society of Portland, Center for*
*Biological Diversity, Conservation Northwest,*
*Environmental Protection Information Center,*
*Gifford Pinchot Task Force, Oregon Wild,*
*Seattle Audubon Society, Sierra Club, and*
*the Wilderness Society*

[PROPOSED] ORDER GRANTING DEFENDANT-
INTERVENORS' PARTIAL MOTION TO DISMISS   - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*