PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, <br><br> Plaintiff, <br><br> vs. <br><br> H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior, <br><br> Defendants, <br><br> and <br><br> AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY, <br><br> Defendant-Intervenors. | Case No.  1:07-cv-00484-JDB |

**DEFENDANT-INTERVENORS' AMENDED ANSWER**

DEFENDANT-INTERVENORS' AMENDED ANSWER   - 1 -

On March 7, 2007, the American Forest Resource Council ("AFRC") filed this action to compel the United States Fish and Wildlife Service ("FWS") to delist the Washington, Oregon, and California population of marbled murrelets, currently listed as "threatened" under the Endangered Species Act ("ESA").  On April 30, 2007, the Audubon Society of Portland, Center for Biological Diversity, Conservation NW, Environmental Protection Information Center, Gifford Pinchot Task Force, Oregon Wild, Seattle Audubon Society, Sierra Club, and The Wilderness Society (collectively "Audubon") filed for leave to intervene to defend the murrelet listing.  Audubon lodged an answer and a partial motion to dismiss with its motion to intervene.

In the partial motion to dismiss, Audubon alleged that AFRC had failed to state claims upon which relief could be granted because AFRC relied on regulatory language that does not exist.  On May 1, 2007, the day after Audubon filed its motion to intervene and lodged its partial motion to dismiss, AFRC amended its complaint, deleted two claims, and excised all references to the non-existent regulatory language.  On May 29, 2007, the Court granted Audubon's motion to intervene and ordered the clerk to file Audubon's lodged answer and partial motion to dismiss.

In response to AFRC's amended complaint, Audubon now submits this amended answer.[1]  The numbered paragraphs in this amended answer correspond to those contained in AFRC's amended complaint.

## INTRODUCTION

1.      Paragraph 1 of the amended complaint characterizes AFRC's case and contains legal conclusions to which no response is required.

---

[1] In response to AFRC's amendments, Audubon has also filed a motion to withdraw its partial motion to dismiss.

DEFENDANT-INTERVENORS' AMENDED ANSWER   - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

## JURISDICTION AND VENUE

2. Audubon denies that the Court has subject matter jurisdiction over this action. Audubon admits that venue is proper in this district.

## PARTIES

3. Audubon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 of the amended complaint.

4. Audubon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the amended complaint.

5. Audubon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 of the amended complaint.

6. Audubon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 of the amended complaint.

7. Audubon admits that defendants H. Dale Hall, David M. Verhey, and Dirk Kempthorne are officials of the United States Department of Interior and are responsible for overseeing the administration of the ESA with respect to terrestrial species, including the marbled murrelet.

## BACKGROUND ALLEGATIONS

8. Audubon admits that the marbled murrelet is a robin-sized seabird that lives in both marine and inland forested environments along the Pacific coast. Audubon lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the amended complaint.

9. Audubon denies the allegations in paragraph 9 of the amended complaint.

DEFENDANT-INTERVENORS' AMENDED ANSWER   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

10. The allegations in paragraph 10 of the amended complaint characterize the language of 16 U.S.C. §§ 1532(15), 1533(c)(1), which speaks for itself and constitutes the best evidence of its contents.

11. The allegations in paragraph 11 of the amended complaint characterize the language of 57 Fed. Reg. 45,328 et seq., which speaks for itself and constitutes the best evidence of its contents.

12. The allegations in paragraph 12 of the amended complaint characterize the language of 57 Fed. Reg. 45,328 et seq., which speaks for itself and constitutes the best evidence of its contents.

13. The allegations in the first five sentences of paragraph 13 of the amended complaint characterize the language of 57 Fed. Reg. 45,328 et seq., which speaks for itself and constitutes the best evidence of its contents. Audubon denies the allegation in the final sentence of paragraph 13 that FWS "never" reexamined the status of the listed marbled murrelet population. Audubon avers that FWS completed a status review for the Washington, Oregon, and California population of marbled murrelets in 2004,[2] and that the United States Geological Survey ("USGS"), on behalf of FWS, released a status review of the British Columbia and Alaska populations of marbled murrelets in early 2007.[3]

14. Audubon admits that FWS issued its Policy Regarding the Recognition of Distinct Vertebrate Population Segments Under the Endangered Species Act ("DPS Policy") on February 7, 1996. The remaining allegations in paragraph 14 of the amended complaint

---

[2] FWS, Marbled Murrelet 5-Year Review, 2004, available at http://ecos.fws.gov/docs/five_year_review/doc732.pdf (last viewed Apr. 26, 2007).

[3] USGS, Status Review of the Marbled Murrelet (Brachyramphus Marmoratus) in Alaska and British Columbia, 2007, available at http://pubs.usgs.gov/of/2006/1387/pdf/ofr20061387.pdf (last viewed Apr. 26, 2007).

DEFENDANT-INTERVENORS' AMENDED ANSWER   - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

characterize the language of the DPS Policy, 61 Fed. Reg. 4,722 et seq., which speaks for itself and constitutes the best evidence of its contents.

15. The allegations in paragraph 15 of the amended complaint characterize the language of 16 U.S.C. § 1533(c), which speaks for itself and constitutes the best evidence of its contents.

16. The allegations in paragraph 16 of the amended complaint characterize the language of 16 U.S.C. § 1533(a)-(c), which speaks for itself and constitutes the best evidence of its contents.

17. Audubon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 17 of the amended complaint. Audubon admits that AFRC filed a lawsuit in 2002 to compel FWS to conduct a 5-year status review of the listed marbled murrelet population.

18. Audubon admits the allegations in paragraph 18 of the amended complaint.

19. Audubon admits the allegations in paragraph 19 of the amended complaint.

20. The allegations in paragraph 20 of the amended complaint characterize the language of FWS's 2004 Marbled Murrelet 5-Year Review, which speaks for itself and constitutes the best evidence of its contents.

21. The allegations in paragraph 21 of the amended complaint characterize the language of FWS's 2004 Marbled Murrelet 5-Year Review, which speaks for itself and constitutes the best evidence of its contents.

22. Audubon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 22 of the amended complaint. The remaining allegations in paragraph 22 characterize the language of the 2007 USGS report

entitled "Status Review of the Marbled Murrelet in Alaska and British Columbia," which speaks for itself and constitutes the best evidence of its contents.

23.     Audubon admits that FWS has not proposed to delist the marbled murrelet since August 31, 2004.

24.     Audubon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 of the amended complaint. Audubon specifically denies that plaintiff is entitled to any relief in this case.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

25.     In response to paragraph 25 of the amended complaint, Audubon incorporates its responses to paragraphs 1 through 24 of this amended answer as if fully set forth herein.

26.     The allegations in the first, second, fourth, fifth, and sixth sentences of paragraph 26 of the amended complaint characterize the language of FWS's 2004 Marbled Murrelet 5-Year Status Review, which speaks for itself and constitutes the best evidence of its contents. The allegations in the third and seventh sentences of paragraph 26 are legal conclusions to which no response is required.

27.     The allegations in paragraph 27 are legal conclusions to which no response is required and characterize the language of 16 U.S.C. § 1533(c)(2), which speaks for itself and constitutes the best evidence of its contents.

28.     The allegations in paragraph 28 are legal conclusions to which no response is required.

### SECOND CLAIM FOR RELIEF

29.     In response to paragraph 29 of the amended complaint, Audubon incorporates its responses to paragraphs 1 through 24 of this amended answer as if fully set forth herein.

DEFENDANT-INTERVENORS' AMENDED ANSWER   - 6 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

30. The allegations in paragraph 30 are legal conclusions to which no response is required and characterize the language of 5 U.S.C. § 706(1), which speaks for itself and constitutes the best evidence of its contents. Audubon specifically denies that FWS was obligated to delist the Washington, Oregon, and California population of the marbled murrelet and that plaintiff is entitled to any relief in this case.

## THIRD CLAIM FOR RELIEF

31. In response to paragraph 31 of the amended complaint, Audubon incorporates its responses to paragraphs 1 through 24 of this amended answer as if fully set forth herein.

32. Audubon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 of the amended complaint.

33. The allegations in the first three sentences of paragraph 33 of the amended complaint are legal conclusions to which no response is required and characterize 16 U.S.C. § 1533, which speaks for itself and constitutes the best evidence of its contents. Audubon admits the allegations in the final sentence of paragraph 33; however, Audubon specifically denies that FWS violated the ESA or APA in not delisting the Washington, Oregon, and California population of marbled murrelets. See Coos County Bd. of County Comm'rs v. Norton, No. 06-6010-HO, 2006 WL 1720496, at *1-2 (D. Or. June 19, 2006).

34. The allegations in paragraph 34 of the amended complaint are legal conclusions to which no response is required.

## FOURTH CLAIM FOR RELIEF

35. In response to paragraph 35 of the amended complaint, Audubon incorporates its responses to paragraphs 1 through 24 and 32 of this amended answer as if fully set forth herein.

36. The allegations in the first four sentences of paragraph 36 of the amended complaint are legal conclusions to which no response is required. The allegations in the fifth

DEFENDANT-INTERVENORS' AMENDED ANSWER   - 7 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

sentence of paragraph 36 characterize the language of the 2007 USGS report entitled "Status Review of the Marbled Murrelet in Alaska and British Columbia," which speaks for itself and constitutes the best evidence of its contents. The allegations in the sixth and seventh sentences of paragraph 36 are legal conclusions to which no response is required.

FIFTH CLAIM FOR RELIEF

37.  In response to paragraph 37 of the amended complaint, Audubon incorporates its responses to paragraphs 1 through 24 and 32 of this amended answer as if fully set forth herein.

38.  The allegations in paragraph 38 of the amended complaint are legal conclusions to which no response is required and characterize the Regulatory Flexibility Act, 5 U.S.C. § 601 et seq., which speaks for itself and constitutes the best evidence of its contents.

39.  The allegations in paragraph 39 of the amended complaint are legal conclusions to which no response is required and characterize the Unfunded Mandates Reform Act, 2 U.S.C. § 1501 et seq., which speaks for itself and constitutes the best evidence of its contents.

40.  The allegations in paragraph 40 of the amended complaint are legal conclusions to which no response is required.

41.  The allegations in paragraph 41 of the amended complaint are legal conclusions to which no response is required.

SIXTH CLAIM FOR RELIEF

42.  In response to paragraph 42 of the amended complaint, Audubon incorporates its responses to paragraphs 1 through 24 and 32 of this amended answer as if fully set forth herein.

43.  The allegations in paragraph 43 of the amended complaint are legal conclusions to which no response is required and characterize the language of 42 U.S.C. § 4332(2)(C) and 40 C.F.R. §§ 1501.4 and 1508.9, which speak for themselves and constitute the best evidence of their contents.

DEFENDANT-INTERVENORS' AMENDED ANSWER   - 8 -

44. The allegations in paragraph 44 of the amended complaint are legal conclusions to which no response is required.

45. The allegations in paragraph 45 of the amended complaint are legal conclusions to which no response is required.

## PRAYER FOR RELIEF

The remainder of the amended complaint constitutes plaintiff's requests for relief to which no response is required. Audubon avers that plaintiff is not entitled to relief on any claims and that the Court should dismiss the amended complaint with prejudice.

## GENERAL DENIAL

Audubon denies any allegations of the amended complaint, whether express or implied, that are not expressly admitted or qualified in this amended answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AFRC has failed to allege that it petitioned FWS to initiate delisting proceedings for the Washington, Oregon, and California population of marbled murrelets. Accordingly, AFRC's Amended Complaint fails to state a claim upon which relief can be granted. See Coos County, 2006 WL 1720496, at *1-2.

### SECOND AFFIRMATIVE DEFENSE

AFRC has failed to allege that it petitioned FWS to initiate delisting proceedings for the Washington, Oregon, and California population of marbled murrelets. Accordingly, the Court

DEFENDANT-INTERVENORS' AMENDED ANSWER   - 9 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

does not have subject matter jurisdiction over AFRC's claims.  See Coos County, 2006 WL 1720496, at *1-2.

Respectfully submitted this 1st day of June, 2007.

        /s/  Patti Goldman
        PATTI GOLDMAN (DCB# 398565)
        KRISTEN L. BOYLES (WSB #23806)
        JOSHUA OSBORNE-KLEIN (WSB #36736)
        Earthjustice
        705 Second Avenue, Suite 203
        Seattle, WA  98104
        (206) 343-7340
        (206) 343-1526 *[FAX]*
        pgoldman@earthjustice.org
        kboyles@earthjustice.org
        josborne-klein@earthjustice.org

*Attorneys for defendant-intervenors Audubon Society of Portland, Center for Biological Diversity, Conservation Northwest, Environmental Protection Information Center, Gifford Pinchot Task Force, Oregon Wild, Seattle Audubon Society, Sierra Club, and The Wilderness Society*