UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL,<br><br>         Plaintiff,<br><br>  vs.<br><br>H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior,<br><br>         Defendants,<br>  and<br><br>AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY,<br><br>         Defendant-Intervenors. | Civil No. 1:07-cv-00484-JDB |

**PLAINTIFF'S MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

    Pursuant to Fed.R.Civ.P. 59(e), plaintiff American Forest Resource Council (AFRC) moves to alter or amend the judgment entered on February 5, 2008 or in the alternative for reconsideration on the ground the Court overlooked a key fact that takes this case outside the general finality analysis employed in the Court's Memorandum Opinion. AFRC respectfully suggests even if a U.S. Fish and Wildlife Service (FWS) decision at the conclusion of a five-year review generally

Page 1 -  **PLAINTIFF'S MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

| | |
|---|---|
| Ball Janik LLP<br>One Main Place<br>101 Southwest Main Street, Suite 1100<br>Portland, Oregon 97204-3219<br>Telephone 503-228-2525 | Mark C. Rutzick, Inc.<br>4912 Shadow Valley Dr.<br>Fairfax, Virginia 22030<br>Phone/Fax: 703-865-8418 |

has no "legal consequences," *Bennett v. Spear*, 520 U.S. 154, 178 (1997) and therefore is not reviewable final agency action, as the Court ruled in the Memorandum Opinion, in this case the FWS accepted and fulfilled an additional legal obligation going beyond its statutory duty which gave its decision sufficient "legal consequences" to make it reviewable final agency action. *See Massachusetts v. E.P.A.*, 127 U.S. 1438, 1459 (2007) (discretionary agency decision not to initiate rulemaking is reviewable).

The Court ruled that §4(c)(2)(b) of the Endangered Species Act (ESA) does not impose a "duty to implement any proposal resulting from th[e] review" and therefore "when FWS determined that the tri-state population listing should not be changed, the determination was not the equivalent of refusing to initiate rulemaking proceedings." Memorandum Opinion at 15. The Court distinguished this case from *Fox Television Stations, Inc. v. Fed. Commc'ns Comm'n*, 280 F.3d 1027, *modified on other grounds*, 293 F.2d 537 (D.C. Cir. 2002) because in *Fox Television* the statute in question required the F.C.C. to repeal or modify rules that it found were no longer in the public interest in its biannual review, while the Court found the ESA imposes no such duty.

Even if the Court's statutory interpretation is correct,[1] in this case the FWS agreed to go beyond its minimum statutory duty in its 2003 Settlement Agreement with AFRC by promising that after completing the five-year review "the Service … will … determine whether a change in listing status <u>is warranted</u> as provided by ESA Section 4(c)(2)." AR 878, 879 (underlining added). The determination whether "a change in listing status is warranted" is a different, and more definitive decision, than whether FWS "should" change the status of a listed species by initiating rulemaking, and has legal consequence.

Under the ESA, the determination whether "a change in listing status is warranted" is made at the conclusion of a status review under §4(b)(3)(B). If a change in listing status "is warranted … the Secretary shall promptly publish in the Federal Register a general notice and the complete

---

[1] AFRC does not waive any arguments or contentions heretofore made in this case.

Page 2 -   **PLAINTIFF'S MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, Virginia 22030
Phone/Fax: 703-865-8418

text of a proposed regulation." *Id*. If FWS finds a change in listing status "is not warranted" the agency must publish the finding in the Federal Register and no listing proposal can be published for notice and comment.[2] Thus, a "warranted" finding compels the initiation of a rulemaking, and a "not warranted" finding precludes the initiation of a rulemaking. In its initial Federal Register invitation for information on the status of the listed murrelet distinct population segment (DPS), the FWS confirmed that a not warranted finding would preclude a change in status in this case: "No changes will be made to the classification of the marbled murrelet ... as a result of this review unless we find that there is new information indicating that such action is warranted." 68 Fed. Reg. 19750 (April 21, 2003); AR 875, 876.

The Court found that the Status Review issued August 31, 2004 was the consummation of the decision-making process required by the Settlement Agreement. Memorandum Opinion at 11-12. The FWS did what it had promised to do. Since the FWS did not find that "there is new information indicating that [a change in status] is warranted," its determination has legal consequence: it represents a decision by FWS that based on the record as it existed on August 31, 2004 it <u>can not</u> and <u>will not</u> initiate a rulemaking to change the status of the murrelet DPS.

In this key respect, the "not warranted" determination FWS actually made in this case (as promised in the Settlement Agreement) satisfies the legal consequences prong of the *Bennett v. Spear* finality test even if the "whether any such species should [be delisted or changed in status]" determination required by the statute, as the Court interpreted it, does not. As in *Fox Television*, the determination <u>in this case</u> was "the equivalent of refusing to initiate rulemaking proceedings" and is therefore reviewable final agency action.

The D.C. Circuit's decision in *Natural Resources Defense Council, Inc. v. Administrator, U.S. E.P.A.*, 902 F.2d 962 (D.C. Cir. 1990) illustrates that reviewability is determined by what the

---

[2] The third permitted outcome of the status review is "warranted but precluded" which has the legal consequence of compelling a new determination within 9 months. §4(b)(3)(C)(1).

Page 3 -    **PLAINTIFF'S MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, Virginia 22030
Phone/Fax: 703-865-8418

agency <u>does</u>, not by what the agency has a <u>duty</u> to do, and supports the conclusion that the decision FWS actually made in this case is reviewable final agency action. In that case a statute required the Environmental Protection Agency (EPA) to issue a set of regulatory criteria and standards by 1980, to conduct a review of the regulations every five years thereafter, and to "make such revisions in such criteria and standards and promulgate such new standards as may be appropriate." 902 F.2d 980-81. Unlike *Fox Television*, there was no duty for the EPA to revise or remove a regulation based on the five-year review; any rulemaking decision lay within EPA's discretion.

EPA published an Advance Notice of Proposed Rulemaking suggesting it was not going to initiate rulemaking on the issue of acid deposition, took comment, and subsequently neither initiated rulemaking on the issue nor stated that it would <u>not</u> initiate rulemaking on the issue. It simply did nothing. That failure was challenged by citizens as an arbitrary and capricious abuse of discretion, and two of the three panel members held the challenge to EPA's failure to initiate rulemaking constituted reviewable final agency action. *Id*. at 987-88 (Wald, C.J.); *id*. at 988-94 (Edward, C.J.). The finality of the agency action was not diminished by the agency's admitted discretion in deciding whether or not to initiate rulemaking (as the Court found FWS has here), by the agency's refusal to confirm its no-rulemaking decision (as FWS has done here), or by the citizens' failure to have petitioned for rulemaking on the acid deposition issue (as AFRC has not petitioned for delisting in this case). *Id*.

*Natural Resources Defense Council, Inc. v. Administrator, U.S. E.P.A*. confirms that if an agency makes a decision not to initiate rulemaking, as FWS in fact did here, that decision is reviewable regardless of whether the agency had a duty to initiate the rulemaking or merely made the decision as a matter of agency discretion. *State of Mont. v. Clark*, 749 F.2d 740, 744 (D.C. Cir. 1984) ("The law in this circuit is clear that an agency decision not to amend long-standing rules after a notice and comment period is reviewable agency action*.*"); *Intercity Transp. Co. v. U.S.*, 737 F.2d 103, 106-07 (D.C. Cir. 1984) (agency discretionary refusal to initiate declaratory order

Page 4 -   **PLAINTIFF'S MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, Virginia 22030
Phone/Fax: 703-865-8418

proceeding is reviewable final agency action).

In this case, FWS has the same type of five-year review obligation under §4(c)(2) as EPA did in *Natural Resources Defense Council*. As the Court has interpreted §4(c)(2)(b), FWS enjoys similar discretion as EPA did to decide whether or not to initiate rulemaking based on the five-year review. And as with EPA in *Natural Resources Defense Council*, FWS has never said it will <u>not</u> initiate a rulemaking in the future, and in fact could do so at any time.[3] Regardless of the agency's discretionary power to initiate a rulemaking at any time, the "not warranted" finding it made in 2004 under the Settlement Agreement represents a decision that based on the record at that time the agency cannot, and thus will not, initiate a rulemaking for a change in status. The FWS decision that a change in status is "not warranted" as of August 31, 2004 is reviewable final agency action just as was EPA's decision not to initiate rulemaking in *Natural Resources Defense Council*.

## Conclusion

The Court should grant AFRC's motion, should vacate the Memorandum Opinion and should proceed to determine the merits of the case, granting AFRC's motion for summary judgment.

Dated this 12th day of February, 2008.

By:  /s/ Mark C. Rutzick

James T. McDermott, D.C. Bar No. 404886
jmcdermott@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland OR 97204
Telephone: (503) 228-2525
Facsimile: (503) 226-3910

Mark C. Rutzick, *Pro Hac Vice*
markrutzick@cox.net
Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, VA 22030
Telephone/Facsimile: (703) 865-8418

---

[3] In its April 21, 2003 Federal Register notice the agency stated: "However, we are not limited to reviewing listed species only during a 5-year review. We may review a species at any time, and may initiate reclassification or delisting whenever the best available scientific and commercial information indicates that such action is warranted." AR 876.

Page 5 -   **PLAINTIFF'S MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, Virginia 22030
Phone/Fax: 703-865-8418

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2008 I caused the following document: PLAINTIFF'S MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION to be filed by ECF, and served electronically through the CM/ECF system upon the following attorneys enrolled to receive such notice:

Meredith L. Flax
Jean E. Williams
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, D.C. 20044-7369

Patti A. Goldman
Kristen L. Boyles
Joshua Osborne-Klein
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104

DATED this 12th day of February, 2008.

/s/  Mark C. Rutzick
Mark C. Rutzick

Page 6 -   **PLAINTIFF'S MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, Virginia 22030
Phone/Fax: 703-865-8418