PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | Case No.  1:07-cv-00484-JDB |
| Plaintiff, | |
| vs. | |
| H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior, | |
| Defendants, | |
| and | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY, | |
| Defendant-Intervenors. | |

**OPPOSITION TO AFRC'S MOTION TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

OPPOSITION TO AFRC'S MOTION TO ALTER
OR AMEND JUDGMENT OR FOR RECONSIDERATION

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

INTRODUCTION

On February 5, 2008, this Court dismissed the lawsuit brought by plaintiff American Forest Resource Council ("AFRC") that sought to force the U.S. Fish and Wildlife Service ("FWS") to remove the marbled murrelet from its list of threatened species protected under the Endangered Species Act ("ESA"). AFRC v. Hall, No. 07-0484 (D.D.C. Feb. 5, 2008). This Court held that FWS's conclusion in its five-year status review was not reviewable final agency action. Id., slip op. at 16; see also 16 U.S.C. § 1533(c)(2). AFRC has now moved the Court to amend, alter, or reconsider its judgment pursuant to Fed. R. Civ. P. 59(e). Plaintiff's Motion Under Rule 59(e) (Feb. 12, 2008). Defendant-intervenors Audubon Society of Portland et al. (collectively "Audubon") oppose AFRC's motion for three reasons.

I.   AFRC CANNOT PROPERLY INVOKE RULE 59(E).

AFRC has failed to demonstrate that it is entitled to relief under Rule 59(e). Such relief is only possible when there is (1) new evidence not previously available, (2) an intervening change in controlling law, or (3) a clear error of law or fact. Natural Res. Defense Council v. EPA, 705 F. Supp. 698, 702 (D.D.C. 1989) ("NRDC I"), vacated on other grounds, 707 F. Supp. 3 (D.D.C. 1989); see also Messina v. Krakower, 439 F.3d 755, 758-59 (D.C. Cir. 2006). AFRC has pointed to no new, previously unavailable evidence, nor has AFRC found a recent case that changes the controlling law. By process of elimination, if nothing else, AFRC must rest its motion on the argument that the Court made a clear error of law or fact, yet this prong fails as well. Instead, AFRC attempts to use its Rule 59(e) motion to reargue points already addressed by the Court and to introduce old cases – the earliest of which was decided 18 years ago – that are irrelevant to these proceedings.

Indeed, AFRC has not contended that any of the Rule 59(e) criteria are satisfied. Rather, its Rule 59(e) motion is based "on the ground [that] the Court overlooked a key fact that takes

OPPOSITION TO AFRC'S MOTION TO ALTER
OR AMEND JUDGMENT OR FOR RECONSIDERATION   -1-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

this case outside the general finality analysis ...." AFRC Motion at 1. The overlooked key fact appears to be the 2003 Settlement Agreement of a prior case, where FWS agreed to undertake the five-year status review. AR 878-83. AFRC has not explained why this "key fact" and its corresponding legal theory was omitted from its summary judgment briefing. Nor could it, for it is improper to use Rule 59(e) as a vehicle for bringing before the Court "theories or arguments that were not advanced earlier" or "evidence which was available but not offered at the original motion or trial." See NRDC I, 705 F. Supp at 702.

II.  THE 2003 SETTLEMENT AGREEMENT CANNOT CHANGE THE COURT'S FINALITY REVIEW.

Even if a Rule 59(e) motion were proper in this situation, which it is not, the new argument AFRC presents – that the 2003 Settlement Agreement added a "legal obligation" to FWS's five-year status review that makes it reviewable final agency action – is fundamentally flawed. See AFRC Motion at 2-3. The 2003 Settlement Agreement was based solely on completing a five-year review pursuant to ESA section 4(c)(2); contrary to AFRC's argument (at 2), it does not discuss the requirements of ESA section 4(b)(3)(B) or any other subsection of ESA section 4(b). Nor would such a discussion have made any sense in the settlement agreement, for section 4(b)(3)(B) explicitly applies "[w]ithin 12 months after receiving a petition,"[1] and AFRC has pointedly failed to petition to delist the murrelet.

FWS's commitment in the settlement to determine whether a change in listing status "is warranted as provided by ESA Section 4(c)(2)," AR 880, is nothing more than a reiteration of FWS's obligations to comply with ESA section 4(c)(2). Contrary to AFRC's argument, the "is warranted" language does not add to FWS's statutory obligations, as the settlement agreement

---

[1] Indeed, except for ESA sections 4(b)(1)(A)-(B) and 4(b)(2), all the subsections of ESA section 4(b) apply only when FWS has received a petition or when the agency has, within its discretion, undertaken to promulgate a regulation. See Audubon Reply Br. at 6-7.

OPPOSITION TO AFRC'S MOTION TO ALTER
OR AMEND JUDGMENT OR FOR RECONSIDERATION   -2-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

itself makes clear. Paragraph 4 of the settlement agreement states that "[n]othing in the terms of this Agreement shall be construed to limit or modify the discretion accorded to the Service by the Endangered Species Act or by general principles of administrative law." AR at 881. Accordingly, the 2003 Settlement Agreement does not alter FWS's ESA responsibilities. Indeed, the Court has already held that "[r]egardless of what suggestion is made at the conclusion of the five-year review process, FWS has no corresponding duty to implement the proposal. AFRC v. Hall, slip op. at 12-13 (citing Coos County Bd. of County Comm'rs v. Norton, 2006 WL 1720496, at *1 (D. Or. June 19, 2006); 50 C.F.R. § 424.16(a); AR 354).[2]

III.   AFRC'S "NEW" CASES ARE INAPPOSITE.

The cases AFRC cites in its motion do nothing to bolster its new theory. AFRC primarily relies on NRDC v. EPA, 902 F.2d 962 (D.C. Cir. 1990) ("NRDC II"). This case contains an exhaustive plurality discussion of the jurisdictional provisions of the Clean Air Act – particularly the jurisdictional divide between district court and direct appellate review. See id. at 982-85; 989-94; 995-96. It does not, however, address the final agency action analysis under the Administrative Procedure Act, except at times by analogy. Additionally, the Clean Air Act provision at issue in NRDC II imposed a mandatory rulemaking obligation much like that at issue in Fox Television Stations, Inc. v. FCC, 280 F.3d 1027, 1033 (D.C. Cir. 2002), which the Court has already distinguished. Specifically, the Clean Air Act provides that "not later than

---

[2] AFRC's new theory actually amounts to a backdoor attempt to enforce the 2003 Settlement Agreement, without pleading such a claim. Again, the settlement agreement speaks to this issue, retaining jurisdiction to enforce the settlement agreement in the Oregon district court. AR 881, ¶ 7. The agreement continues:

> The Parties recognize that this Agreement requires certain procedures only and does not limit the Service's authority with regard to the substantive outcome of the section 4(c)(2) Review ….

AR at 882.

OPPOSITION TO AFRC'S MOTION TO ALTER
OR AMEND JUDGMENT OR FOR RECONSIDERATION   -3-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

December 31, 1980, and on five-year reviews thereafter, the Administrator 'shall make such revisions in such . . . [primary and secondary national ambient air quality] standards . . . as may be appropriate.'" NRDC II, 902 F.2d at 983 (quoting 42 U.S.C. § 7409(d)(1)) (emphasis added) (brackets in original). It was the Clean Air Act's rulemaking mandate that convinced the NRDC II plurality that EPA's "indefinite deferral" of an acid deposition rule was akin to a final decision not to revise the rule. Id. at 987; see also 988 ("While we have no evidence to believe that EPA's refusal to decide whether to issue an acid deposition standard is disingenuous, I believe that EPA's inaction for ten years beyond the statutory deadline is effectively a final decision not to revise in this NAAQS revision cycle.") (emphasis added). Where EPA had taken preliminary steps in the direction of revising the visibility impairment standard, the court found no final action to confer jurisdiction. Id. at 987. Here, as the Court has already determined, the ESA "does not require the Secretary to take any further action pending completion of the five-year status review." AFRC v. Hall, slip op. at 5.[3]

The other two cases cited by AFRC fall even farther from the facts in this case. Montana v. Clark, 749 F.2d 740 (D.C. Cir. 1984), involved a challenge to an Interior Department regulation that had been officially promulgated and subject to notice and comment rulemaking. Id. at 741, 743-44. There is no such regulation here. Intercity Transportation Co. v. United States, 373 F.2d 103 (D.C. Cir. 1984), involved review of a denial of a petition to the Interstate Commerce Commission to institute a declaratory order proceeding. Id. at 105-07. As noted before, AFRC has not petitioned FWS for any action.

---

[3] It stretches any reading of NRDC II beyond recognition to claim that the case stands for the proposition that "reviewability is determined by what the agency does, not by what the agency has a duty to do." AFRC Motion at 3-4. As is clear from reading the plurality and dissent, the question of agency duty and agency action are intertwined with respect to the jurisdictional provisions of the Clean Air Act.

OPPOSITION TO AFRC'S MOTION TO ALTER
OR AMEND JUDGMENT OR FOR RECONSIDERATION   -4-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

CONCLUSION

For the reasons stated above, Audubon respectfully asks the Court to deny AFRC's motion.

Respectfully submitted this 22nd day of February, 2008.

        /s/ Joshua Osborne-Klein
PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

Attorneys for Defendant-Intervenors Audubon Society of Portland, Center for Biological Diversity, Conservation Northwest, Environmental Protection Information Center, Gifford Pinchot Task Force, Oregon Wild, Seattle Audubon Society, Sierra Club, and The Wilderness Society

OPPOSITION TO AFRC'S MOTION TO ALTER
OR AMEND JUDGMENT OR FOR RECONSIDERATION   -5-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
kboyles@earthjustice.org
josborne-klein@earthjustice.org

*Attorneys for Defendant-Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL,<br><br>Plaintiff,<br><br>vs.<br><br>H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior,<br><br>Defendants,<br><br>and<br><br>AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY,<br><br>Defendant-Intervenors. | Case No. 1:07-cv-00484-JDB |

**CERTIFICATE OF SERVICE**

CERTIFICATE OF SERVICE   - 1 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

I am a citizen of the United States and a resident of the State of Washington. I am over 18 years of age and not a party to this action. My business address is 705 Second Avenue, Suite 203, Seattle, Washington 98104.

On February 22, 2008, I served a true and correct copy of:

1. Opposition to AFRC's Motion to Alter or Amend Judgment or for Reconsideration; and
2. Certificate of Service.

on the parties listed below:

James T. McDermott
Ball Janik LLP
101 S.W. Main Street, Suite 1100
Portland, OR  97204
(503) 228-2525
(503) 226-3910 *[FAX]*
jmcdermott@balljanik.com
*Attorney for Plaintiffs*

☐ via facsimile
☐ via overnight courier
☐ via first-class U.S. mail
☐ via hand delivery
☒ via electronic service by Clerk
☐ via e-mail

Mark C. Rutzick
4912 Shadow Valley Drive
Fairfax, VA  22030
(703) 865-8418
markrutzick@cox.net
*Attorney for Plaintiffs*

☐ via facsimile
☐ via overnight courier
☐ via first-class U.S. mail
☐ via hand delivery
☒ via electronic service by Clerk
☐ via e-mail

CERTIFICATE OF SERVICE   - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Meredith L. Flax
Courtney Taylor
Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, D.C. 20044-7369
**Street Address**:
601 D Street, N.W., Room 3908
Washington, D.C. 20004
(202) 305-0404 (Meredith)
(202) 353-7548 (Courtney)
(202) 305-0275 *[FAX]*
meredith.flax@usdoj.gov
courtney.taylor@usdoj.gov
*Attorneys for Federal Defendants*

☐ via facsimile
☐ via overnight courier
☐ via first-class U.S. mail
☐ via hand delivery
☒ via electronic service by Clerk
☐ via e-mail

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 22nd day of February, 2008, at Seattle, Washington.

_____
Cheryl McEvoy

CERTIFICATE OF SERVICE   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*