UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> H. DALE HALL, Director, U.S. Fish and ) <br> Wildlife Service, DAVID M. VERHEY, ) <br> Acting Assistant Secretary for Fish, Wildlife ) <br> and Parks, and DIRK KEMPTHORNE, ) <br> Secretary of the Interior. ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> AUDUBON SOCIETY OF PORTLAND, ) <br> CENTER FOR BIOLOGICAL DIVERSITY, ) <br> CONSERVATION NORTHWEST, ) <br> ENVIRONMENTAL PROTECTION ) <br> INFORMATION CENTER, GIFFORD ) <br> PINCHOT TASK FORCE, OREGON WILD, ) <br> SEATTLE AUDUBON SOCIETY, SIERRA ) <br> CLUB, and THE WILDERNESS SOCIETY ) <br> ) <br> Defendant-Intervenors. ) <br> ) | Case No. 1:07-cv-00484 (JDB) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Defendants, by and through counsel, hereby oppose Plaintiff American Forest Resource Council's ("Plaintiff" or "AFRC") Motion Under Rule 59(e) to Alter or Amend Judgment or for Reconsideration ("Pl. Motion").  Plaintiff has failed to demonstrate either an intervening change in the law, the discovery of new evidence not previously available, or the need to correct a clear error or to prevent manifest injustice, as is required for granting a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e).  Further, Plaintiff's motion lacks any merit.

Plaintiff fails to advance any legally cognizable ground for reconsideration of this Court's Order denying its motion for summary judgment.  Indeed, Plaintiff makes no reference to the standards governing motions made under Federal Rule of Civil Procedure 59(e), nor does it attempt to fit its motion into any of the recognized grounds for allowing such relief.  Courts generally hold that such motions should be granted only where: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to correct a clear error or to prevent manifest injustice.  Messina v. Krakower, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  A 59(e) motion should never be granted where the moving party is rearguing its original motion or raising arguments it could have raised in its original motion.  Howard v. Gutierrez, 503 F. Supp. 2d 392, 394 (D.D.C. 2007).

None of the three grounds for granting a motion for reconsideration is applicable here.  There has been no intervening change of law, no new evidence has become available, the Court did not make any error that needs to be correct, and no manifest injustice will result if the Court does not act.  Rather, Plaintiff's motion is an attempt to press a new argument that was not included in its original motion (though was included in Plaintiff's recitation of the facts).  See

Statement of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment (Doc. 20) at 9-10 (discussing prior litigation history).  As such, Plaintiff's motion fails.

Not only does Plaintiff's argument fail to meet the governing standards, it also lacks merit.  Plaintiff is incorrect that FWS agreed in its 2003 Settlement Agreement "to go beyond its minimum statutory duty" and make a 12-month finding on a petition pursuant to Endangered Species Act ("ESA") section 4(b)(3)(B), 16 U.S.C. § 1533(b)(3)(B), instead of a five-year review determination pursuant to ESA section 4(c)(2), 16 U.S.C. § 1533(c)(2).  Pl. Motion at 2.  When the entire paragraph of the Settlement Agreement is read in context, it is clear that FWS agreed to make a five-year review determination pursuant to ESA section 4(c)(2).

Specifically, the Settlement Agreement reads as follows:

> 1.   Five Year Review: **The Service will conduct a review of the Murrelet in accordance with ESA Section 4(c)(2)** (hereinafter referred to as the 'Section 4(c)(2) Review') in accordance with the following schedule:
>
>    a.   By no later than sixty (60) calendar days from the Effective Date of this Agreement, the Service will submit to the Federal Register for publication a notice announcing commencement of the Murrelet Section 4(c)(2) Review and soliciting information thereon; and
>
>    b.   By December 31, 2003, the Service will complete the review and will, based upon the best available scientific and commercial data, determine whether a change in listing status is warranted, **as provided in Section 4(c)(2)**.

AR 879-880 (emphasis added).  Thus, FWS clearly committed to fulfilling its obligation under ESA section 4(c)(2) to determine whether, on the basis of its five-year status review, there should be a change in the listing status for the Marbled murrelet in Washington, Oregon, and California.  There is no mention in this, or any other portion of the Settlement Agreement that FWS was to make a 12-month finding, or of conducting a status review pursuant to ESA Section 4(b)(3)(B).

Indeed, such a commitment would not have made any sense given that the Murrelet was already a listed species and neither AFRC nor anyone else had filed a petition to delist the species.[1/] While the use of the word "warranted" may not track the language in ESA section 4(c)(2) exactly, agreeing to "determine whether a change in listing status is warranted, as provided in Section 4(c)(2)" is a fair shorthand for the statutory language in that section and certainly more comparable than the language in ESA section 4(b)(3)(B), which states that "[w]ithin 12 months after receiving a petition that is found . . . to present substantial information indicating that the petitioned action may be warranted, the Secretary shall make one of the following findings:" that the petitioned action is not warranted, warranted, or warranted but precluded.

Moreover, even if the Settlement Agreement could be read the way Plaintiff claims (which it cannot), it is clear that FWS did not make a "not warranted" 12-month finding, but rather made a five-year review determination in accordance with section 4(c)(2). The last page of the September 2004 five-year status review for the Murrelet reads as follows:

| CURRENT CLASSIFICATION | Threatened |
|---|---|
| 5-Year Review Result | __X__ No Change in Status* |
| | _____ Delist |
| | _____ Endangered to Threatened |
| | _____ Threatened to Endangered |

AR 348. FWS determined that there should be "no change in status" of the Murrelet, pursuant to ESA section 4(c)(2), it did not make a "'not warranted' determination" pursuant to ESA section

---

[1/] Indeed one Court has already determined that the five-year review process is not a substitute for a citizen petition. Coos County Bd. of County Comm'rs v. Norton, No. 06-6010-HO, 2006 WL 1720496, *2 (D. Or. June 19, 2006).

4(b)(3)(B).[2]  Pl. Motion at 3.  Thus, because FWS neither agreed to make a 12-month finding, nor did it actually make such a finding, the case law AFRC cites in its 59(e) motion is inapposite.

Because Plaintiff has advanced no legitimate ground for amending the Court's Order, its Motion Under Rule 59(e) to Alter or Amend Judgment or for Reconsideration should be denied.

Dated: February 25, 2008          Respectfully submitted,

                                  RONALD J. TENPAS
                                  Assistant Attorney General

                                  JEAN E. WILLIAMS, Chief
                                  LISA L. RUSSELL, Assistant Chief


                                        /s/ *Meredith L. Flax*
                                  MEREDITH L. FLAX, Trial Attorney (DCB 468016)
                                  U.S. Department of Justice
                                  Environment and Natural Resources Division
                                  Wildlife and Marine Resources Section
                                  P.O. Box 7369
                                  Washington, D.C. 20044-7369
                                  Telephone: (202) 305-0404
                                  Facsimile: (202) 305-0275
                                  Meredith.Flax@usdoj.gov

OF COUNSEL:

Eric W. Nagle
Office of the Solicitor
Pacific Northwest Regional Office
500 N.E. Multnomah St., Suite 607
Portland, OR 97232

---

[2] If FWS had failed to fulfill its commitment under the Settlement Agreement, moreover, the remedy would have been for AFRC to move for enforcement of the agreement.  AR 881 ("The Court shall also retain jurisdiction to consider any motion to enforce this Settlement Agreement.").

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> H. DALE HALL, et al. ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> AUDUBON SOCIETY OF PORTLAND, et al. ) <br> ) <br> Defendant-Intervenors. ) <br> _____) | Case No. 1:07-cv-00484 (JDB) |

**[PROPOSED] ORDER**

This matter is before the Court on Plaintiff's Motion Under Rule 59(e) to Alter or Amend Judgment or for Reconsideration. Upon consideration of the motion, any opposition thereto, and the entire record in this case, it is hereby ORDERED that the motion is DENIED.


DATED this _____ day of _____, 2008


                                                 _____
                                                 John D. Bates
                                                 UNITED STATES DISTRICT JUDGE