UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | ) ) | Civil No.  1:07-cv-00484-JDB |
| Plaintiff, | ) ) | |
| vs. | ) | |
| H. DALE HALL, Director, United States Fish and Wildlife Service, DAVID M. VERHEY, Acting Assistant Secretary for Fish and Wildlife and Parks, and DIRK KEMPTHORNE, Secretary of Interior, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| AUDUBON SOCIETY OF PORTLAND, CENTER FOR BIOLOGICAL DIVERSITY, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, GIFFORD PINCHOT TASK FORCE, OREGON WILD, SEATTLE AUDUBON SOCIETY, SIERRA CLUB, and THE WILDERNESS SOCIETY, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendant-Intervenors. | ) ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

1. <u>Rule 59(e) standards.</u>  This Court has recently summarized the standards applicable to

a motion under Rule 59(e):

There is no Federal Rule of Civil Procedure that expressly addresses motions for reconsideration. *E.g., Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n. 3 (10th Cir.2002); *Lance v. United Mine Workers of Am. Pension Trust*, 400 F.Supp.2d 29, 31 (D.D.C.2005). Courts typically treat motions

Page 1 -      **PLAINTIFF'S REPLY IN SUPPORT OF MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, Virginia 22030
Phone/Fax: 703-865-8418

to reconsider as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). E.g., *Emory v. Sec'y of Navy*, 819 F.2d 291, 293 (D.C.Cir.1987); *Lance*, 400 F.Supp.2d at 31; see also *Hall v. Cent. Intelligence Agency*, 437 F.3d 94, 97 (D.C.Cir.2006). " 'A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C.Cir.2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996)); see also *Mobley v. Cont'l Cas. Co.*, 405 F.Supp.2d 42, 45 (D.D.C.2005) ("A motion for reconsideration ... will not lightly be granted."). A Rule 59(e) motion "is not simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F.Supp. 37, 38 (D.D.C.1995). Nor is it "a vehicle for presenting theories or arguments that could have been advanced earlier." *Burlington Ins. Co. v. Okie Dokie Inc.*, 439 F.Supp.2d 124, 128 (D.D.C.2006); see also *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C.Cir.1993).

*Howard v. Gutierrez*, 503 F.Supp.2d 392, 394 (D.D.C. 2007). While these cases delineate the circumstances where a Rule 59(e) motion "need ... be granted," it is also true that "the court has considerable discretion in ruling on a Rule 59(e) motion." *Rann v. Chao,* 209 F.Supp.2d 75, 78 (D.D.C.2002); *Piper v. U.S. Dept. of Justice,* 312 F.Supp.2d 17, 20 (D.D.C. 2004).

In the pending Rule 59(e) motion, AFRC is not contending there is a change in controlling law or new evidence; the motion is based, as it stated, on the need to correct a clear error or prevent manifest injustice based on the additional legal obligation the FWS accepted in its 2003 Settlement Agreement with AFRC that went beyond its statutory duty as interpreted by the court. The court did not rule on this issue in the Memorandum Opinion, so AFRC is not " reargu[ing] facts and theories upon which a court has already ruled." *New York v. United States*, 880 F.Supp. at 38. Nor is AFRC presenting "theories or arguments that could have been advanced earlier," *Burlington Ins. Co. v. Okie Dokie Inc.*, 439 F.Supp.2d at 128, because until the Court disclosed its interpretation

Page 2 -        **PLAINTIFF'S REPLY IN SUPPORT OF MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, Virginia 22030
Phone/Fax: 703-865-8418

of §4(c)(2)(b) of the Endangered Species Act (ESA) in the Memorandum Opinion, the relevance

of the 2003 Settlement Agreement did not take on the importance discussed in the motion.

AFRC's motion falls properly within the parameters of Rule 59(e).[1]

      2.  <u>In the 2003 Settlement Agreement FWS agreed to make a "warranted" determination</u>

<u>at the conclusion of the five year Status Review.</u>  The 2003 Settlement Agreement expressly

encompasses two separate obligations – to complete the Status Review <u>and</u> thereafter to make a

"warranted" determination:

> By December 31, 2003, the Service will complete the Status Review <u>and will</u>,
> based upon the best available scientific and commercial data, <u>determine whether</u>
> <u>a change in listing status is warranted</u> as provided by ESA Section 4(c)(2).

AR 876 (underlining added).  Intervenors are therefore plainly wrong in arguing that the Settlement

Agreement was "based solely on completing a five-year review pursuant to ESA section 4(c)(2)."

Intervenors' Opposition at 2.

      Unlike intervenors, defendants concede there is an additional obligation in the Settlement

Agreement.  They admit that  "the use of the word 'warranted' may not track the language in ESA

section 4(c)(2) exactly," Defendants' Opposition at 3, but they claim the term was merely used

carelessly as  a "fair shorthand" for the words of the statute.  *Id.*  Yet they offer no reason to believe

either FWS or AFRC were careless in the drafting of the Settlement Agreement.  If the parties had

---

[1]  Far from being a "backdoor attempt" to enforce the 2003 Setttlement Agreement, as intervenors
suggest, the motion proceeds from the premise that the FWS <u>fully complied</u> with the terms of the
2003 Settlement Agreement including the additional obligation it accepted to "determine whether
a change in listing status <u>is warranted</u> as provided by ESA Section 4(c)(2)."

Page 3 -      **PLAINTIFF'S REPLY IN SUPPORT OF MOTION UNDER RULE 59(e)**
               **TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Ball Janik LLP                        Mark C. Rutzick, Inc.
One Main Place                  4912 Shadow Valley Dr.
101 Southwest Main Street, Suite 1100       Fairfax, Virginia 22030
Portland, Oregon  97204-3219         Phone/Fax: 703-865-8418
Telephone 503-228-2525

meant to track the words of the statute they easily could have used the words of the statute.[2]  By requiring a "warranted" determination, a decision that is commanded by the provisions of §4(b) relating to listing petitions and does not appear in §4(c) for five year status reviews, the Settlement Agreement contains an obligation beyond the words of the statute.[3]

Defendants implausibly argue that the commitment to make a "warranted" determination does not actually exist because the phrase "determine whether a change in listing status is warranted" is modified by the phrase "as provided by ESA Section 4(c)(2)," and, they argue, since there is no requirement to make a "warranted" determination in §4(c)(2), they actually made no commitment to do anything after the conclusion of the Status Review.  This construction would mean that in the 2003 Settlement Agreement defendants disingenuously tricked AFRC into believing the defendants would do something they had no intention of doing  – and which, according to the arguments they present here, does not even make "any sense" under the statute; and then they allowed this fraud to be presented to and approved by the district court in Oregon.[4]

---

[2]  The parties' recognition of the importance of the words in the Settlement Agreement is shown by paragraph 6 providing: "The terms of this Agreement constitute the entire agreement of the Parties with regard to AFRC's claims set forth in the Murrelet Case, and no statement, agreement or understanding. oral or written, which is not contained herein, shall be recognized or enforced." AR 881.

[3]  Alternatively, if defendants are correct that the making of a "warranted" determination is in fact a "fair shorthand" for the duties imposed by §4(c), then the Court should revisit its construction of §4(c) finding that FWS has no duty to do anything at the conclusion of a five year status review, since a duty to make a warranted determination is not consistent with that construction.

[4]  In addition to the general professional standards that would be called into question by such conduct, the argument contradicts the statement in the Settlement Agreement that "[t]he Parties
(continued...)

Page 4 -      **PLAINTIFF'S REPLY IN SUPPORT OF MOTION UNDER RULE 59(e)
TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, Virginia 22030
Phone/Fax: 703-865-8418

The indefensible implications of defendants' proffered interpretation of the 2003 Settlement Agreement only demonstrate the implausibility of their latest contorted litigation posture. The words of the Settlement Agreement mean what they say: the defendants agreed to complete a five year Status Review and to "determine whether a change in listing status is warranted as provided by ESA Section 4(c)(2)." Perhaps at that time defendants believed §4(c)(2)(b) required a "warranted" determination and they were only promising to do what they thought the statute already obligated them to do; or perhaps they recognized they were agreeing to incorporate into the §4(c) five year review process a determination that is statutorily required only in the §4(b) listing process, and thus were agreeing to do more than the statute required. Either way, the agreement to make a "warranted" determination is expressly in the Settlement Agreement.

FWS confirmed in its initial 2003 Federal Register notice requesting information on the status of the marbled murrelet DPS that an affirmative "warranted" determination at the conclusion of the five year Status Review would be a prerequisite for any subsequent rulemaking:

> No changes will be made to the classification of the marbled murrelet ... as a result of this review unless we find that there is new information indicating that such action is warranted.

68 Fed. Reg. 19570 (April 21, 2003); AR 876. The FWS's own words demonstrate that the FWS understood it had incorporated a "warranted" determination into its five year Status Review on the marbled murrelet – as the Settlement Agreement had promised.

---

[4] (...continued)
agree that this Settlement Agreement was negotiated in good faith." AR 880.

Page 5 -     **PLAINTIFF'S REPLY IN SUPPORT OF MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, Virginia 22030
Phone/Fax: 703-865-8418

3.  FWS made a "warranted" determination at the conclusion of the five year Status Review.  In their first brief filed in this court, defendants did not shy away from admitting they had "determined" the species' status at the conclusion of the five year Status Review: "FWS determined that there would be no change in the species' status pending completion of a rangewide status review."  Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendants' Cross-motion for Summary Judgment at 9.

Yet here, in another about-face, defendants claim "it is clear that FWS did not make a 'not warranted' 12-month finding."  Opposition at 3.  To the contrary, what is "clear" from the record is that the "Result" section of the five year Status Review asked the question:  "does the 5-year review indicate that a change in classification is warranted?"  It then plainly and unequivocally answered the question: "No."  AR 341; Five Year Status Review at 21.

4.  The "warranted" determination is reviewable final agency action.  Defendants did not dispute the legal argument presented in AFRC's motion that the determination the FWS actually made at the conclusion of the five year Status Review – that no change in the status of the murrelet DPS is "warranted" – is reviewable final agency action even if the general "should" determination commanded by §4(c)(2)(b) is not reviewable (as the Court determined in the Memorandum Opinion).   Defendants limited their argument to contending they neither agreed to make nor in fact made a "warranted" determination in this case.  For that reason, once the Court confirms that FWS made a "warranted" determination as shown above and in AFRC's motion, the Court should grant AFRC's Rule 59(e) motion.

Page 6 -    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, Virginia 22030
Phone/Fax: 703-865-8418

Intervenors ineffectually and incorrectly attempt to distinguish the case discussed in the motion, *Natural Resources Defense Council, Inc. v. Administrator, U.S. E.P.A.*, 902 F.2d 962 (D.C. Cir. 1990), without offering any contrary authority. They claim the case involved a "mandatory rulemaking obligation," Intervenors' Opposition at 3, that in their view distinguishes it from §4(c)(2)(b), yet to the contrary a plurality judge explained that whether or not such a mandatory obligation exists was "not at issue today." *Id.* at 985 (Wald, J.). Intervenors quote a judge referring to "a statutory deadline," Intervenors' Opposition at 4, but fail to appreciate the judge was referring to the statutory deadline for conducting a five year review of criteria and standards, not a deadline for rulemaking. *Id.* at 988.

Intervenors ignore the principal point of the case and AFRC's motion: to determine the reviewability of agency action, the court looks at what the agency actually does (or fails to do), rather than what the agency has a duty to do. Even where an agency has broad discretion to decide whether or not to undertake a rulemaking, if it makes a final decision that it will not undertake that rulemaking, its decision is reviewable final agency action. *Massachusetts v. E.P.A.*, 127 U.S. 1438, 1459 (2007).

Regardless of what discretion §4(c)(2) of the ESA may generally give FWS at the conclusion of a five year status review, in this case FWS agreed to make, and did make, a determination at the conclusion of the five year Status Review whether a change in the murrelet DPS' status is "warranted," and it give controlling legal significance to that determination by announcing that "[n]o changes will be made to the classification of the marbled murrelet ... as a

Page 7 -    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, Virginia 22030
Phone/Fax: 703-865-8418

result of this review unless we find that there is new information indicating that such action is warranted." 68 Fed. Reg. 19570.

The actual decision made by FWS was that no change in the legal status of the murrelet DPS will result from the five year Status Review. That decision was the consummation of the agency's decision-making process, Memorandum Opinion at 10, and has legal consequence – it forecloses any change in status resulting from the five year Status Review. That decision is reviewable final agency action under *Bennett v. Spear*, 520 U.S. 154, 178 (1997). *See Natural Resources Defense Council, Inc. v. Administrator, U.S. E.P.A.*, 902 F.2d at 991 (Edwards, J. concurring) (finding reviewable final agency action where "[t]he '1980 revision' is finished, and NRDC now challenges the Agency's determinations in *that revision* ...." (italics in original)).

## <u>Conclusion</u>

The Court should grant AFRC's motion, should vacate the Memorandum Opinion and should proceed to determine the merits of the case, granting AFRC's motion for summary judgment.

Dated this 29th day of February, 2008.

By:  __/s/ Mark C. Rutzick__

James T. McDermott, D.C. Bar No. 404886
jmcdermott@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland OR 97204
Telephone: (503) 228-2525
Facsimile: (503) 226-3910

Mark C. Rutzick, *Pro Hac Vice*
markrutzick@cox.net
Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, VA 22030
Telephone/Facsimile: (703) 865-8418

Page 8 -    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, Virginia 22030
Phone/Fax: 703-865-8418

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008 I caused the following document: PLAINTIFF'S REPLY IN SUPPORT OF MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION to be filed by ECF, and served electronically through the CM/ECF system upon the following attorneys enrolled to receive such notice:

> Meredith L.  Flax
> Jean E. Williams
> U.S. Department of Justice
> Environment and Natural Resources Division
> Wildlife & Marine Resources Section
> Ben Franklin Station
> P.O. Box 7369
> Washington, D.C.  20044-7369
>
> Patti A. Goldman
> Kristen L. Boyles
> Joshua Osborne-Klein
> Earthjustice
> 705 Second Avenue, Suite 203
> Seattle, WA  98104

DATED this 29th day of February, 2008.

_____/s/  Mark C. Rutzick_____
Mark C. Rutzick

Page 9 -     **PLAINTIFF'S REPLY IN SUPPORT OF MOTION UNDER RULE 59(e)
TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION**

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

Mark C. Rutzick, Inc.
4912 Shadow Valley Dr.
Fairfax, Virginia 22030
Phone/Fax: 703-865-8418